# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff

v.                                                      Civil Action No. 2:16-cv-46
                                                          Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

## REPORT OF PARTIES' PLANNING MEETING

1.     In accordance with <u>Fed. R. Civ. P.</u> 26(f), a meeting was held on August 9, 2016 by telephone:

        Counsel for Plaintiff:        David A. Sims, Esquire
                                             Law Offices of David A. Sims, PLLC
                                             P.O. Box 5349
                                             Vienna, West Virginia 26105

        Counsel for Defendant:      Lindsey M. Saad, Esquire
                                             Flaherty Sensabaugh Bonasso, PLLC
                                             48 Donley Street
                                             Suite 501
                                             Morgantown, WV  26501

2.     Pre-Discovery Disclosures.  The parties will exchange by September 26, 2016 the information required by <u>Fed. R. Civ. P.</u> 26(a)(1).

3.     Discovery Plan.  The parties jointly propose to the court the following discovery plan:

a. Discovery will be needed on the following subjects:

  i. Liability; and,

  ii. Damages.

b. Disclosure or discovery of electronically stored information should be handled as follows: The parties will meet and confer regarding the format of production of responsive, non-privileged electronically stored information. This paragraph does not alter the obligations of the parties as set forth in the Federal Rules of Civil Procedure, the Local Rules, Orders of the Court, and/or applicable law.

c. Parties will exchange privilege logs, followed by motions to compel if there is disagreement regarding claims of privilege. If information subject to a claim of attorney-client privilege or work-product protection or otherwise immune from discovery is inadvertently or mistakenly disclosed or produced by a party and the producing party took reasonable steps to prevent disclosure, the Parties agree that such disclosure or production shall in no way constitute a waiver or forfeiture of or estoppel as to any claim of privilege or work-product protection, immunity from discovery, or other appropriate protection for such information and its subject matter. The Parties further agree that if the producing party asserts that inadvertently disclosed information was privileged or otherwise protected from discovery, the receiving party shall return the information and all copies thereof and destroy all records or parts of records that reflect the substance of the information within five business days of such request and provide a certification of counsel that all such inadvertently disclosed information has been returned or deleted and/or destroyed. The producing party will maintain copies of all inadvertently disclosed information until any and all challenges to the producing party's assertion of privilege or other protection from discovery regarding that information have been resolved.

d. The last date for the completion of all discovery is June 29, 2017.

e. Maximum of 35 interrogatories by each party to any other party.

f. Maximum of 75 requests for admission by each party to any other party.

g. Maximum of exceed 15 depositions per party (excluding eyewitnesses to the incident, emergency medical personnel, fire department personnel, coroner/medical examiner and investigating officers at the scene because these are witnesses of interest to all parties and there are likely to be more than 15 of them) without leave of Court or agreement of the parties.

h. Each deposition is limited to maximum of 7 hours unless extended by

        agreement of parties.

   i.     The filing of reports from retained experts under Rule 26(a)(2) due:

            from plaintiff(s):    April 26, 2017

            from defendant(s):   May 31, 2017

   j.     Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, shall be filed by September 17, 2017.

   k.     Supplementation will occur pursuant to Rule 26(e).

4.    Other Items:

   a.     The last date for the plaintiff(s) to seek leave of court to join additional parties and to amend the pleadings is January 6, 2017.

   b.     The last date for the Defendant(s) to seek leave of court to join additional parties and to amend the pleadings is February 1, 2017.

   c.     The last date for the filing of all potentially dispositive motions is August 24, 2017.

   d.     The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.

5.    The parties will mediate this matter no later than August 31, 2017.

6.    The case should be ready for jury trial by December 2017. The parties anticipate that 5 days will be needed for the trial in this case.

7.    Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

Date: August 9, 2017.

| | |
|---|---|
| s/David A. Sims | s/Lindsey M. Saad (w/permission) |
| _____ | _____ |
| David A. Sims, Esquire | Lindsey M. Saad, Esquire |
| Law Offices of David A. Sims, PLLC | Flaherty Sensabaugh & Bonasso, PLLC |
| P.O. Box 5349 | 48 Donley Street, Suite 501 |
| Vienna, West Virginia 26105 | Morgantown, WV 26501 |
| 304-428-5291 | 304-225-3052 |