**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

        **Plaintiff,**

**v.**                            **CIVIL ACTION NO.: 2:16-cv-00046**
                                        **JUDGE BAILEY**

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

        **Defendants.**

**AMENDED ANSWER OF DEFENDANTS Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP, MATTHEW SHOCKLEY,**
**SANDY SCHMIEDEKNECHT, and TAMMY ROBBINS**

      COME NOW, Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop,

Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter

"Defendants"), by counsel, Thomas V. Flaherty, Christopher M. Jones, and Lindsey M.

Saad, and Flaherty Sensabaugh Bonasso, PLLC, in answer to the Complaint filed by

Plaintiff, Friedrichs Harris, say as follows:

**FIRST DEFENSE**

      Not being fully advised as to the facts and circumstances surrounding Plaintiff's

Complaint, Defendants reserve the affirmative defense that Plaintiff's Complaint fails or

may fail to state a claim against them upon which relief may be granted and, therefore,

should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

To the extent that Evan M. Harris agreed to arbitrate any or all of the purported claims asserted in the Complaint, the Complaint filed by the Administrator of the Estate of Evan M. Harris violates such agreements to arbitrate, and the Complaint should be dismissed and Plaintiff should be compelled to arbitrate. Accordingly, Defendants intend to file a Motion to Compel Arbitration in this matter.

## DEFENDANTS' SPECIFIC RESPONSES

In response to the specific claims alleged in Plaintiff's Complaint, Defendants state as follows:

1.  Paragraph No. 1 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

2.  Paragraph No. 2 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

3.  Paragraph No. 3 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

4.  Paragraph No. 4 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

5. Paragraph No. 5 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

6. Defendants admit that Q&A Associates, Inc., is a West Virginia corporation with its principal place of business in Davis, West Virginia, within the Northern District of West Virginia.

7. Defendants admit the allegations contained in Paragraph No. 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph No. 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph No. 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph No. 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph No. 11 of the Complaint.

12. The allegations contained in Paragraph No. 12 of the Complaint are legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 12 of the Complaint and, therefore, demand strict proof thereof.

13. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 13 of the Complaint and, therefore, deny the same and demand strict proof thereof.

14. The allegations contained in Paragraph No. 14 of the Complaint are legal conclusions and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph No. 14, of the Complaint and, therefore, demand strict proof thereof.

15. Defendants deny the allegations contained in Paragraph No. 15 of the Complaint and, therefore, deny the same and demand strict proof thereof.

16. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 16 of the Complaint and, therefore, deny the same and demand strict proof thereof.

17. Paragraph No. 17 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

18. Paragraph No. 18 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

19. Defendants deny the allegations contained in Paragraph No. 19 of the Complaint as stated and, therefore, demand strict proof thereof. Defendants admit only that announcements for the opening of Q&A Associates, Inc. were made regarding programs for young adults.

20. Paragraph No. 20 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

21. Paragraph No. 21 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

22. Paragraph No. 22 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

23. Defendants deny the allegations contained in Paragraph No. 23 of the Complaint as stated and, therefore, demand strict proof thereof.

24. Defendants deny the allegations contained in Paragraph No. 24 of the Complaint as stated and, therefore, demand strict proof thereof.

25. Defendants deny the allegations contained in Paragraph No. 25 of the Complaint as stated and, therefore, demand strict proof thereof.

26. As to Paragraph No. 26 of the Complaint, Defendants admit that Q&A Associates, Inc. is not a healthcare facility and it is not licensed to provide medical care. Q&A Associates, Inc. affirmatively states that it is a community based supportive living program.

27. As to Paragraph No. 27 of the Complaint, Defendants admit that Q&A Associates, Inc. is not a mental health facility and it is not licensed to provide mental health care. Q&A Associates, Inc. affirmatively states that it is a community based supportive living program. To the extent this paragraph is directed at individual defendants, the respective defendants may hold licenses, which may qualify them to provide services that may be classified as mental health care.

5

28.  Defendants deny the allegations contained in Paragraph No. 28 of the Complaint. Q&A Associates, Inc. is licensed to do business in West Virginia.

29. Defendants deny the allegations contained in Paragraph No. 29 of the Complaint as stated and, therefore, demand strict proof thereof.

30. Paragraph No. 30 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

31. Paragraph No. 31 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

32. Paragraph No. 32 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

33. Paragraph No. 33 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

34. Paragraph No. 34 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

35. Paragraph No. 35 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

36. Upon information and belief, Defendants admit that Q&A Associates, Inc. offered three programs in November 2015: Applewood Transitions, The Journey WV, and Cabin Mountain Living. Defendants deny the remaining allegations contained in Paragraph No. 36 of the Complaint as stated.

37. Defendants deny the allegations contained in Paragraph No. 37 of the Complaint as stated and, therefore, demand strict proof thereof.

38. Paragraph No. 38 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

39. Paragraph No. 39 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

40. Paragraph No. 40 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

41. Paragraph No. 41 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

42. Paragraph No. 42 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

43. Paragraph No. 43 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

44. Paragraph No. 44 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

45. Paragraph No. 45 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

46. Defendants admit that Q&A Associates, Inc. received a psychological evaluation of Evan M. Harris, but deny that his acceptance into the program was based on the psychological evaluation alone. All other allegation contained in Paragraph No. 46 of the Complaint are denied as stated.

47. Upon information and belief, Defendants admit Paragraph 47 of the Complaint.

48. Paragraph No. 48 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

49. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49 of the Complaint as stated and, therefore, demand strict proof thereof.

50. Defendants deny the allegations contained in Paragraph No. 50 of the Complaint as stated and, therefore, demand strict proof thereof.

51. Although the Defendants do not recall the exact conversations with Evan M. Harris's parents as described in Paragraph No. 51, the Defendants maintain that Q&A Associates, Inc. and its staff were trained and able to meet the needs of Evan M. Harris. All other allegations not expressly admitted are denied.

52. Although the Defendants do not recall the exact conversations with Evan M. Harris's parents as described in Paragraph No. 52 of the Complaint, the Defendants maintain that Q&A Associates, Inc. and its staff were trained and able to meet the needs of Evan M. Harris. All other allegations not expressly admitted are denied.

53. Defendants admit the allegations contained in Paragraph No. 53 of the Complaint as stated.

54. Paragraph No. 54 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

55. Defendants deny the allegations contained in Paragraph No. 55 of the Complaint as stated and, therefore, demand strict proof thereof.

56. Defendants deny the allegations contained in Paragraph No. 56 of the Complaint as stated and, therefore, demand strict proof thereof.

57. Although the Defendants do not recall the exact conversations with Evan M. Harris's parents as described in Paragraph No. 57 of the Complaint, Defendants admit that it is a goal for participants at Q&A Associates, Inc. to

find employment locally. All other allegations not expressly admitted are denied.

58. Defendants deny the allegations contained in Paragraph No. 58 of the Complaint as stated and, therefore, demand strict proof thereof.

59. Defendants admit that Evan Harris expressed a desire to leave the program. All other allegations contained in Paragraph No. 59 not expressly admitted are denied.

60. Defendants admit that documentation states that on December 3, 2015, Evan M. Harris packed his belongings and walked 1000 feet from the farm. Defendants deny any allegation that Evan M. Harris's parents should have been immediately informed of this instance. Defendants further deny all allegations not specifically admitted that are contained in Paragraph No. 60 of the Complaint as stated and, therefore, demand strict proof thereof.

61. Defendants deny the allegations contained in Paragraph No. 61 of the Complaint as stated and, therefore, demand strict proof thereof.

62. Defendants admit that the Q&A Associates, Inc.'s records on January 2, 2016, indicate that another participant reported that Evan M. Harris was "purging" as alleged in Paragraph No. 62 of the Complaint. Defendants are without information as to whether this information was relayed to Evan M. Harris's parents. All other allegations not expressly admitted are denied.

63. Defendants deny the allegations contained in Paragraph No. 63 of the Complaint as stated and, therefore, demand strict proof thereof.

64. Defendants admit that Q&A Associates, Inc.'s records state that Evan M. Harris had informed a staff member that he had been previously "very distraught, and mentioned a series of suicidal ideations and attempts" after a breakup that occurred prior to his residency at Q&A Associates, Inc. Defendants deny all other allegations contained in Paragraph No. 64 of the Complaint as stated and, therefore, demand strict proof thereof.

65. Defendants admit that the records of Q&A Associates, Inc. state that on January 12, 2016, Evan M. Harris borrowed money to buy cigarettes and then made his way to the bank without being seen and withdrew additional money, which he used to buy a pint of Jack Daniels whisky. Defendants state the record further states that Evan M. Harris ultimately gave the bottle of Jack Daniels to a Q&A Associates, Inc. staff member. Although Defendants do not recall the exact conversations with Evan M. Harris's parents, Defendants do not dispute that this occurrence may have been relayed during the regularly scheduled parent conference on January 14, 2016. All other allegations not expressly admitted, are denied.

66. Defendants deny the allegations contained in Paragraph No. 66 of the Complaint as stated and, therefore, demand strict proof thereof.

67. Defendants admit that Q&A Associates, Inc.'s records indicate that Evan M. Harris left the premises. However, Defendants deny that Evan M. Harris was "missing." Defendants are without information as to whether this information was relayed to Evan M. Harris's parents. Defendants deny all other

allegations contained in Paragraph No. 67 of the Complaint as stated and, therefore, demand strict proof thereof.

68. Defendants deny that Evan Harris expressed a strong desire to drink on January 23, 2016. Defendants admit that Mark Shockley provided counseling about addiction and offered to take Evan M. Harris to AA meetings.  All other allegations not specifically admitted in Paragraph No. 68 of the Complaint are denied as stated.

69. Defendants affirmatively admit that Evan M. Harris was responsible for self-administering his medications under the supervision of Q&A Associates, Inc.'s staff.  All other allegations contained in Paragraph No. 69 of the Complaint not expressly admitted, are denied.

70. Paragraph No. 70 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

71. Defendants deny the allegations contained in Paragraph No. 71 of the Complaint as stated and, therefore, demand strict proof thereof.

72. Defendants deny the allegations contained in Paragraph No. 72 of the Complaint as stated and, therefore, demand strict proof thereof.

73. Defendants deny the allegations contained in Paragraph No. 73 of the Complaint as stated and, therefore, demand strict proof thereof.

74. Defendants deny the allegations contained in Paragraph No. 74 of the Complaint as stated and, therefore, demand strict proof thereof.

75. Defendants deny the allegations contained in Paragraph No. 75 of the Complaint and, therefore, demand strict proof thereof.

76. Defendants deny the allegations contained in Paragraph No. 76 of the Complaint as stated and, therefore, demand strict proof thereof.

77. Defendants deny the allegations contained in Paragraph No. 77 of the Complaint as stated and, therefore, demand strict proof thereof.

78. Defendants deny the allegations contained in Paragraph No. 78 of the Complaint as stated and, therefore, demand strict proof thereof.

79. Defendants deny the allegations contained in Paragraph No. 79 of the Complaint as stated and, therefore, demand strict proof thereof.

80. Defendants deny the allegations contained in Paragraph No. 80 of the Complaint as stated and, therefore, demand strict proof thereof.

81. Defendants deny the allegations contained in Paragraph No. 81 of the Complaint as stated and, therefore, demand strict proof thereof.

82. Defendants deny the allegations contained in Paragraph No. 82 of the Complaint as stated and, therefore, demand strict proof thereof.

83. Defendants deny the allegations contained in Paragraph No. 83 of the Complaint as stated and, therefore, demand strict proof thereof.

84. Defendants deny the allegations contained in Paragraph No. 84 of the Complaint as stated and, therefore, demand strict proof thereof.

85. Defendants deny the allegations contained in Paragraph No. 85 of the Complaint as stated and, therefore, demand strict proof thereof.

86. Defendants deny the allegations contained in Paragraph No. 86 of the Complaint as stated and, therefore, demand strict proof thereof.

87. Defendants admit only that the Charleston Gazette article purports to quote Angie Shockley as alleged in Paragraph No. 87. All other allegations not expressly admitted are denied.

88. Defendants deny the allegations contained in Paragraph No. 88 of the Complaint as stated and, therefore, demand strict proof thereof.

89. Defendants deny the allegations contained in Paragraph No. 89 of the Complaint as stated and, therefore, demand strict proof thereof.

90. Defendants deny the allegations contained in Paragraph No. 90 of the Complaint as stated and, therefore, demand strict proof thereof.

91. Defendants deny the allegations contained in Paragraph No. 91 of the Complaint as stated and, therefore, demand strict proof thereof.

92. Paragraph No. 92 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

93. Defendants deny the allegations contained in Paragraph No. 93 of the Complaint as stated and, therefore, demand strict proof thereof.

94. Defendants deny the allegations contained in Paragraph No. 94 of the Complaint as stated and, therefore, demand strict proof thereof.

**COUNT ONE**

95. Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1-94 of this Answer as if restated verbatim herein.

96. Defendants deny the allegations contained in Paragraph No. 96 of the Complaint as stated and, therefore, demand strict proof thereof.

97. Defendants deny the allegations contained in Paragraph No. 97 of the Complaint as stated and, therefore, demand strict proof thereof.

98. Defendants deny the allegations contained in Paragraph No. 98 of the Complaint as stated and, therefore, demand strict proof thereof.

99. Defendants deny the allegations contained in Paragraph No. 99 of the Complaint as stated and, therefore, demand strict proof thereof.

100. Defendants deny the allegations contained in Paragraph No. 100 of the Complaint as stated and, therefore, demand strict proof thereof.

101. Defendants deny the allegations contained in Paragraph No. 101 of the Complaint as stated and, therefore, demand strict proof thereof.

102. Paragraph No. 102 does not contain any allegations against Defendants. To the extent Paragraph No. 102 can be interpreted to contain allegations against Defendants, the Defendants deny the allegations as stated and demand strict proof thereof.

103. Defendants deny as stated the allegations contained in Paragraph No. 103 of the Complaint and, therefore, demand strict proof thereof.

104. Defendants deny the allegations contained in Paragraph No. 104 of the Complaint as stated including all subparts, and, therefore, demand strict proof thereof.

105. Defendants deny the allegations contained in Paragraph No. 105 of the Complaint as stated and, therefore, demand strict proof thereof.

106.    Defendants deny the allegations contained in Paragraph No. 106 of the Complaint as stated and, therefore, demand strict proof thereof.

107.    Defendants deny the allegations contained in Paragraph No. 107 of the Complaint as stated and, therefore, demand strict proof thereof.

108.    Defendants deny the allegations contained in Paragraph No. 108 of the Complaint as stated and, therefore, demand strict proof thereof.

109.    Defendants deny the allegations contained in Paragraph No. 109 of the Complaint as stated and, therefore, demand strict proof thereof.

110.    Defendants deny the allegations contained in Paragraph No. 110 of the Complaint as stated and, therefore, demand strict proof thereof.

111.    Defendants deny the allegations contained in Paragraph No. 111 of the Complaint as stated and, therefore, demand strict proof thereof.

112.    Defendants deny the allegations contained in Paragraph No. 112 of the Complaint as stated and, therefore, demand strict proof thereof.

113.    Defendants deny the allegations contained in Paragraph No. 113 of the Complaint as stated and, therefore, demand strict proof thereof.

114.    Defendants deny the allegations contained in Paragraph No. 114 of the Complaint as stated and, therefore, demand strict proof thereof.

115.    Defendants deny the allegations contained in Paragraph No. 115 of the Complaint as stated and, therefore, demand strict proof thereof.

**<u>COUNT TWO</u>**

116.    Defendants reassert and incorporate by reference the admissions and
denials incorporated in Paragraphs 1 through 115 of this Answer as if
restated verbatim herein.

117.    The allegations set forth at Paragraph No. 117 of the Complaint as stated
are conclusions of law to which no response is required. To the extent that a
response is required, Defendants deny the same as stated, and, therefore,
demand strict proof thereof.

118.    Defendants deny the allegations contained in Paragraph No. 118 of the
Complaint as stated and, therefore, demand strict proof thereof.

119.    Defendants deny the allegations contained in Paragraph No. 119 of the
Complaint as stated and, therefore, demand strict proof thereof.

120.    Defendants deny the allegations contained in Paragraph No. 120 of the
Complaint as stated and, therefore, demand strict proof thereof.

121.    Defendants deny the allegations contained in Paragraph No. 121 of the
Complaint as stated and, therefore, demand strict proof thereof.

## **COUNT THREE**

122.    Defendants reassert and incorporate by reference the admissions and
denials incorporated in Paragraphs 1 through 121 of this Answer as if
restated verbatim herein.

123.    The allegations set forth at Paragraph No. 123 of the Complaint as stated
are conclusions of law to which no response is required. To the extent that a
response is required, Defendants deny the same as stated and, therefore,
demand strict proof thereof.

124.    Defendants deny the allegations contained in Paragraph No. 124 of the Complaint as stated and, therefore, demand strict proof thereof.

125.    Defendants deny the allegations contained in Paragraph No. 125 of the Complaint as stated and, therefore, demand strict proof thereof.

126.    Defendants deny the allegations contained in Paragraph No. 126 of the Complaint as stated and, therefore, demand strict proof thereof.

## **COUNT FOUR**

127.    Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraph 1 through 126 of this Answer as if restated verbatim herein.

128.    The allegations set forth at Paragraph No. 128 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

129.    Defendants deny the allegations contained in Paragraph No. 129 of the Complaint as stated and, therefore, demand strict proof thereof.

130.    The allegations set forth at Paragraph No. 130 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

131.    Paragraph No. 131 does not contain any allegations against the Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

132.    Defendants deny the allegations contained in Paragraph No. 132 of the Complaint as stated and, therefore, demand strict proof thereof.

133.    Defendants deny the allegations contained in Paragraph No. 133 of the Complaint as stated and, therefore, demand strict proof thereof.

134.    Defendants deny the allegations contained in Paragraph No. 134 of the Complaint as stated and, therefore, demand strict proof thereof.

135.    Defendants deny the allegations contained in Paragraph No. 135 of the Complaint as stated and, therefore, demand strict proof thereof.

136.    Defendants deny the allegations contained in Paragraph No. 136 of the Complaint as stated and, therefore, demand strict proof thereof.

## **COUNT FIVE**

137.    Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1 through 136 of this Answer as if restated verbatim herein.

138.    The allegations set forth at Paragraph No. 138 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

139.    Defendants deny the allegations contained in Paragraph No. 139 of the Complaint as stated and, therefore, demand strict proof thereof.

140.    Paragraph No. 140 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

141.    Defendants deny the allegations contained in Paragraph No. 141 of the Complaint as stated and, therefore, demand strict proof thereof.

142.    Defendants deny the allegations contained in Paragraph No. 142 of the Complaint as stated and, therefore, demand strict proof thereof.

143.    Defendants deny the allegations contained in Paragraph No. 143of the Complaint as stated and, therefore, demand strict proof thereof.

144.    Defendants deny the allegations contained in Paragraph No. 144 of the Complaint as stated and, therefore, demand strict proof thereof.

145.    Defendants deny the allegations contained in Paragraph No. 145 of the Complaint as stated and, therefore, demand strict proof thereof.

146.    Defendants deny the allegations contained in Paragraph No. 146 of the Complaint as stated and, therefore, demand strict proof thereof.

## COUNT SIX

147.    Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1 through 146 of this Answer as if restated verbatim herein.

148.    The allegations set forth at Paragraph No. 148 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

149.    Paragraph No. 149 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

150.    Defendants deny the allegations contained in Paragraph No. 150 of the Complaint as stated and, therefore, demand strict proof thereof.

151.    Defendants deny the allegations contained in Paragraph No. 151 of the Complaint as stated and, therefore, demand strict proof thereof.

152.    Defendants deny the allegations contained in Paragraph No. 152 of the Complaint as stated and, therefore, demand strict proof thereof.

## **COUNT SEVEN**

153.    Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1 through 152 of this Answer as if restated verbatim herein.

154.    The allegations set forth at Paragraph No. 154 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

155.    Paragraph No. 155 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

156.    Paragraph No. 156 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

157.    Defendants deny the allegations contained in Paragraph No. 157 of the Complaint as stated and, therefore, demand strict proof thereof.

158.    Defendants deny the allegations contained in Paragraph No. 158 of the Complaint as stated and, therefore, demand strict proof thereof.

**COUNT EIGHT**

159.    Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1 through 158 of this Answer as if restated verbatim herein.

160.    The allegations set forth at Paragraph No. 160 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

161.    Paragraph No. 161 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

162.    Paragraph No. 162 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

163.    Paragraph No. 163 does not contain any allegations against Defendants and, therefore, no response is required. To the extent a response is required, Defendants deny the same and demand strict proof thereof.

164.    Defendants deny the allegations contained in Paragraph No. 164 of the Complaint as stated and, therefore, demand strict proof thereof.

165.    Defendants deny the allegations contained in Paragraph No. 165 of the Complaint as stated and, therefore, demand strict proof thereof.

166.    Defendants deny the allegations contained in Paragraph No. 166 of the Complaint as stated and, therefore, demand strict proof thereof.

## COUNT NINE

167.    Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1 through 166 of this Answer as if restated verbatim herein.

168.    The allegations set forth at Paragraph No. 168 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

169.    Defendants deny the allegations contained in Paragraph No. 169 of the Complaint as stated including all subparts and, therefore, demand strict proof thereof.

170.    Defendants deny the allegations contained in Paragraph No. 170 of the Complaint as stated and, therefore, demand strict proof thereof.

171.    Defendants deny the allegations contained in Paragraph No. 171 of the Complaint as stated and, therefore, demand strict proof thereof.

172.    Defendants deny the allegations contained in Paragraph No. 172 of the Complaint as stated and, therefore, demand strict proof thereof.

## COUNT TEN

173.    Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1 through 172 of this Answer as if restated verbatim herein.

174. The allegations set forth at Paragraph No. 174 of the Complaint as stated are conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the same as stated and, therefore, demand strict proof thereof.

175. Defendants deny the allegations contained in Paragraph No. 175 of the Complaint as stated including all subparts and, therefore, demand strict proof thereof.

176. Defendants deny the allegations contained in Paragraph No. 176 of the Complaint as stated and, therefore, demand strict proof thereof.

177. Defendants deny the allegations contained in Paragraph No. 177 of the Complaint as stated and, therefore, demand strict proof thereof.

178. Defendants deny the allegations contained in Paragraph No. 178 of the Complaint as stated and, therefore, demand strict proof thereof.

179. Defendants deny the allegations contained in Paragraph No. 179 of the Complaint as stated and, therefore, demand strict proof thereof.

180. Defendants deny the allegations contained in Paragraph No. 180 of the Complaint as stated and, therefore, demand strict proof thereof.

181. Defendants deny the allegations contained in Paragraph No. 181 of the Complaint as stated and, therefore, demand strict proof thereof.

182. Defendants deny the allegations contained in Paragraph No. 182 of the Complaint as stated and, therefore, demand strict proof thereof.

183. Defendants deny the allegations contained in Paragraph No. 183 of the Complaint as stated and, therefore, demand strict proof thereof.

## **COUNT ELEVEN**

184.   Defendants reassert and incorporate by reference the admissions and denials incorporated in Paragraphs 1 through 183 of this Answer as if restated verbatim herein.

185.   The allegations set forth in Paragraph No. 185 of the Complaint as stated are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same as stated. Defendants deny the allegations set forth in Paragraph No. 185 of the Complaint as stated and, therefore, demand strict proof thereof.

186.   Defendants deny the allegations contained in Paragraph No. 186 of the Complaint as stated and, therefore, demand strict proof thereof.

187.   Defendants deny the allegations contained in Paragraph No. 187 of the Complaint as stated and, therefore, demand strict proof thereof.

188.   The allegations set forth in Paragraph No. 188 of the Complaint as stated are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same as stated. Defendants deny the allegations set forth in Paragraph No. 188 of the Complaint as stated and, therefore, demand strict proof thereof.

189.   The allegations set forth in Paragraph No. 189 of the Complaint as stated are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the same as stated. Defendants deny the allegations set forth in Paragraph No. 189 of the Complaint as stated and, therefore, demand strict proof thereof.

190.    Defendants deny the allegations contained in Paragraph No. 190 of the Complaint as stated and, therefore, demand strict proof thereof.

191.    Defendants deny the allegations contained in Paragraph No. 191 of the Complaint as stated and, therefore, demand strict proof thereof.

192.    Defendants deny the allegations contained in Paragraph No. 192 of the Complaint as stated and, therefore, demand strict proof thereof.

193.    Defendants deny the allegations contained in Paragraph No. 193 of the Complaint as stated and, therefore, demand strict proof thereof.

194.    Defendants deny the allegations contained in Paragraph No. 194 of the Complaint as stated and, therefore, demand strict proof thereof.

195.    Defendants deny the allegations contained in Paragraph No. 195 of the Complaint as stated and, therefore, demand strict proof thereof.

196.    Defendants deny the allegations contained in Paragraph No. 196 of the Complaint as stated and, therefore, demand strict proof thereof.

197.    Defendants deny the allegations contained in Paragraph No. 197 of the Complaint as stated and, therefore, demand strict proof thereof.

198.    Defendants deny the allegations contained in Paragraph No. 198 of the Complaint as stated and, therefore, demand strict proof thereof.

199.    Defendants deny the allegations contained in Paragraph No. 199 of the Complaint as stated and, therefore, demand strict proof thereof.

200.    Defendants deny the allegations contained in Paragraph No. 200 of the Complaint as stated and, therefore, demand strict proof thereof.

201.    Defendants deny the allegations contained in Paragraph No. 201 of the

Complaint as stated and, therefore, demand strict proof thereof.

### THIRD DEFENSE

Defendants are entitled to all defenses and immunities available under federal

and state constitutional, statutory, and decisional law including but not limited to any

and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil

Procedure.

### FOURTH DEFENSE

Defendants deny any and all allegations contained in the several paragraphs and

counts of the Complaint that allege or imply any negligence, strict liability in tort,

carelessness, or other fault on the part of Defendants; that allege or imply any other

misconduct on the part of Defendants; that allege or imply any failure to meet a

responsibility, or violation of duty with respect to Defendants; or that allege or imply that

Defendants violated any applicable statutes, rules, regulations or industry standards

whatsoever with respect to the death of Evan M. Harris which is the subject of this

action, as the same may prove applicable as discovery proceeds and the evidence is

developed in this case.

### FIFTH DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the

allegations set forth in the Complaint, reserves unto themselves the defense that the

claims of the plaintiff are or may be barred by reason of the statute of limitations and/or the doctrine of laches, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## SIXTH DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto themselves the defense that the claims of the plaintiff are or may be barred by the doctrine of comparative fault or negligence on the part of plaintiff's decedent, and/or that the comparative fault or negligence on the part of plaintiff's decedent will serve to diminish any award of damages which may ultimately be assessed, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## SEVENTH DEFENSE

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto themselves the defense that the claims of the plaintiff are or may be barred by the doctrine of assumption of the risk on the part of plaintiff decedent and/or that the assumption of the risk on the part of plaintiffs' decedent will serve to diminish any award of damages which may ultimately be assessed, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

## EIGHTH DEFENSE

Defendants deny that they are indebted to the Plaintiff for any of the damages sought in the Complaint.

**NINTH DEFENSE**

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserve unto themselves the affirmative defense that Plaintiff's claims for exemplary or punitive damages is or may be barred on the ground that award of such damages would deprive the Defendants of their constitutional right to substantive and procedural due process of law and to equal protection under the law, which rights are guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia. Defendants aver that they did not participate, engage, or assist in any act or conduct which could form the basis for an award of punitive damages, and that such punitive damages are, therefore, not recoverable to any extent whatsoever against this Defendant.

Not being fully advised as to all the facts and circumstances surrounding the allegations contained in the Plaintiff's Complaint, these Defendants hereby invoke and assert all other affirmative defenses which may prove applicable herein, including, but not necessarily limited to, those defenses specifically set forth in Rule 8(c) of the West Virginia Rules of Civil Procedure.

**TENTH DEFENSE**

These Defendants deny that they are indebted to the Plaintiff for any of the damages sought in the Complaint.

**ELEVENTH DEFENSE**

These Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserve unto themselves the affirmative defense that Plaintiff's claims for exemplary or punitive damages is or may be barred on

the ground that award of such damages would deprive the Defendants of their constitutional right to substantive and procedural due process of law and to equal protection under the law, which rights are guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia.  These Defendants aver that they did not participate, engage, or assist in any act or conduct which could form the basis for an award of punitive damages, and that such punitive damages are, therefore, not recoverable to any extent whatsoever against these Defendants.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under state law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award for punitive damages, in whole or in part on the basis of discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding the Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, or (6) is not subject to adequate trial court and appellate judicial review for

reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, violates these Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia, and would be improper under the common law, and public policies of the states.

## THIRTEENTH DEFENSE

Plaintiff's request for punitive damages cannot be sustained, because the applicable state laws regarding the standards for determining liability for an the amount punitive damages fail to give these Defendants prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are, therefore, void for vagueness in violation of Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of West Virginia.

## FOURTEENTH DEFENSE

Plaintiff's request for punitive damages cannot be sustained, because an award of punitive damages under state law, subject to no predetermined limit, would violate these Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of West Virginia, and would further violate these Defendants' right not to be subjected to an excessive fine or award in violation of the Eighth Amendment of the United States Constitution and the Constitution of the State of West Virginia.

## FIFTEENTH DEFENSE

These Defendants specifically deny that Plaintiff is entitled to recover punitive damages. Completely absent from the Complaint is the correct standard (guideposts) for judging the constitutionality of any punitive damage award. *See* BMW of North America, inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001).  Further, any anticipated reference and/or reliance by Plaintiff to financial circumstances and/or condition of these Defendants as part of the basis to impose punitive damages must be rejected as a basis to uphold any punitive damage award. *See* State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513 (2003).

### SIXTEENTH DEFENSE

These Defendants raise, so as not to waive, all "waivable" defenses contained within the West Virginia Rules of Civil Procedure.

### SEVENTEENTH DEFENSE

Defendants breached no duty at law owed to Plaintiff.

### EIGHTEENTH DEFENSE

Defendants raise and preserve any and all defenses available under the West Virginia Consumer Credit and Protection Act.

### NINETEENTH DEFENSE

Defendants specifically deny that they violated any provision of the West Virginia Consumer Credit Protection Act.

### TWENTIETH DEFENSE

Plaintiff is not entitled to any award of attorney's fees.

### TWENTY-FIRST DEFENSE

32

Defendants, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserve unto themselves the defense that the injuries and damages claimed by the Plaintiff herein were proximately caused or brought about by persons other than Defendants, or Defendants' agents, servants or employees, over whom Defendants had no control, and for whom Defendants bear no responsibility, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

### TWENTY-SECOND DEFENSE

These Defendants reserve the right to raise additional defenses which may be revealed or discovered during the pendency of this action.

### TWENTY-THIRD DEFENSE

These Defendants deny any and all allegations (including prayers for relief and allegations contained in sub-headings) not specifically admitted herein.

WHEREFORE, Defendants demand that the Complaint against them be dismissed with prejudice; that the Plaintiff has and recovers nothing from Defendants, that the Defendants be awarded costs herein expended, including attorney fees and interest; and that the Defendants be awarded such other further and general relief as the Court may deem proper.

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY,**
**KEITH BISHOP,**
**MATTHEW SHOCKLEY,**
**SANDY SCHMIEDEKNECHT, and**
**TAMMY ROBBINS,**

**DEFENDANTS**
**BY COUNSEL,**

33

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
Christopher M. Jones (WV Bar No. 11689)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
cjones@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

**v.**                                  **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA
CORPORATION, ANGELA SHOCKLEY, KEITH
BISHOP, MATTHEW SHOCKLEY, AND SANDY
SCHMIEDEKNECHT,  and TAMMY ROBBINS.**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

    I certify that on this 23rd day of September, 2016, I filed electronically via

CM/ECF a true copy of **"AMENDED ANSWER OF DEFENDANTS Q&A**

**ASSOCIATES, INC., ANGELA SHOCKLEY, KEITH BISHOP, MATTHEW**

**SHOCKLEY, SANDY SCHMIEDEKNECHT, and TAMMY ROBBINS"** with notice of the

same being electronically served by the Court, addressed to the following:

        David A. Sims, Esquire
        Law Offices of David A. Sims, PLLC
        P.O. Box 5349
        Vienna, WV 26105

                           /s/ Lindsey M. Saad
                           Lindsey M. Saad (WV Bar No. 11155)