IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

v.    CIVIL ACTION NO.: 2:16-cv-00046
    JUDGE BAILEY

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS Q & A ASSOCIATES, INC., ANGELA SHOCKLEY, KEITH BISHOP, MATTHEW SHOCKLEY, SANDY SCHMIEDEKNECHT, and TAMMY ROBBINS' <u>MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS</u>**

COME NOW, Defendants, Q & A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter "Defendants"), by counsel, Thomas V. Flaherty, Lindsey M. Saad, Christopher M. Jones, and Flaherty Sensabaugh Bonasso, PLLC, and submit this memorandum of law in support of their motion, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), for an Order: (1) compelling Plaintiff to arbitrate his claims in this suit; and (2) staying the instant action pending the outcome of the arbitration proceedings.

<u>**STATEMENT OF FACTS**</u>

On June 10, 2016, Plaintiff Friedrichs Harris, Administrator of the Estate of Evan M. Harris, filed the Complaint in this case. [EMCF Doc. 1]. The Complaint asserts causes of action against the Defendants in this case relating to Evan Harris'

participation in the Q&A Associates, Inc. program. Defendants filed their Answer to the Complaint [EMCF Doc. 11] on September 19, 2016, and their Amended Answer on September 23, 2016. [EMCF Doc. 13].

In their Amended Answer, Defendants asserted the defense that the Plaintiff should be compelled to arbitrate pursuant to an arbitration agreement executed by the decedent Evan M. Harris. [EMCF Doc. 13 at p. 2]. Decedent Evan M. Harris executed the subject arbitration agreement on November 20, 2015. Exhibit 1, Contract, Medical Authorization, Release, and Consent Agreements. The arbitration agreement reads as follows:

> Q&A Associates, Inc. and the participant agree that any claim of any nature and description arising out of or connected in any way with my participation in the program, activity, mentoring, or lodging, or with any other matter arising from me and agreements with Q&A Associates, Inc., will be resolved by arbitration in accordance with the rules and procedures of the American Arbitration Association at its McLean, Virginia office. Questions regarding the scope of this Arbitration Agreement will be resolved by arbitration in accordance with the rules and procedures of the American Arbitration Association at its McLean, Virginia office. Any judgment on the findings or award rendered by the arbitrator may be entered in any court having jurisdiction. By entering into this agreement Q&A Associates, Inc. and the Participant each relinquish their right to have any such dispute decided in a court of law and further agree to waive their right to have a jury rule on any dispute. Instead, all parties accept the use of arbitration as an economical and expeditious way of resolving any such dispute.

*Id*. Pursuant to this agreement, the Plaintiff should be compelled to arbitrate the claims asserted in this matter.

## ARGUMENT

### I. The FAA Requires Enforcement of the Arbitration Agreement

Plaintiff should be compelled to arbitrate the claims asserted in this case pursuant to the valid and binding arbitration agreement entered into by the decedent.

Section 2 of the Federal Arbitration Act ("FAA") mandates that binding arbitration agreements in contracts "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) ("Section 2 [of the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts."). The United States Supreme Court has made clear that the FAA is extremely broad and applies to any transaction directly or indirectly affecting interstate commerce. *See, e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 (1967).

As the U.S. Supreme Court has reaffirmed, the FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution" and "calls for the application, in state as well as federal courts, of federal substantive law regarding arbitration." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008) (citing *Southland Corp. v. Keating*, 465 U.S. 1 (1984)). Therefore, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration," and, "as a matter of federal law, any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Strawn v. AT&T Mobility, Inc.*, 593 F.Supp.2d 894 (S.D. W.Va. 2009)(*citing Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002)). Quite simply, the "overarching purpose of the FAA, evident in the text of §§ 2, 3 and 4, is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility v. Concepcion*, 563 U.S. 333, 344

(2011).

By consenting to bilateral arbitration, the "parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." *Stolt-Nielsen, S.A. v. Animal Feeds Int'l Corp.*, 559 U.S. 662 (2010). As specifically recognized by the United States Supreme Court, "parties may agree to limit the issues subject to arbitration, to arbitrate according to specific rules, and to limit with whom a party will arbitrate its disputes." *AT&T Mobility*, 563 U.S. at 344 (internal and external citations omitted). Moreover, federal courts must apply the FAA to arbitration agreements arising in consumer cases. *See Green Tree Financial Corp. v. Randolph,* 531 U.S. 79 (2000) (arbitration agreement in a mobile home financing contract); *Allied-Bruce Terminix Co. v. Dobson,* 513 U.S. 265 (1995) (arbitration agreement in a residential termite protection plan); *Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 631 (4th Cir. 2002)(arbitration agreement in loan agreement); *Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302 (4th Cir. 2001)(arbitration agreement in a financing contract for home improvements); *Wince v. Easterbrooke Cellular Corp.*, 681 F.Supp.2d 679 (N.D.W.Va. 2010) (upholding arbitration provision in wireless telephone service contract). Indeed, the "point of affording parties discretion in designing arbitration processes is to allow for efficient, streamlined procedures tailored to the type of dispute. . . . And the informality of arbitral proceedings is itself desirable, reducing the cost and increasing the speed of dispute resolution." *See AT&T Mobility*, 563 U.S. at 344-45.

In order to compel arbitration, a party may establish: "(1) the existence of a

dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce;[1] and (4) the failure, neglect, or refusal of the defendant to arbitrate the dispute." *Heller v. TriEnergy, Inc.*, 2012 U.S. Dist. LEXIS 94003, at *13-14 (N.D.W.Va. July 9, 2012)(citing *Adkins*, 303 F.3d at 500-01). In this case, the Defendants can establish all four elements necessary to compel arbitration.

Pursuant to the arbitration agreement entered by the parties, the Plaintiff should be compelled to arbitrate the claims asserted in his Complaint. First, a dispute exists between the parties as evidenced by the filing of the lawsuit. Second, there is a written agreement which includes an arbitration agreement which covers the dispute. Specifically, the dispute relates to the decedent's participation in the program and the arbitration agreement covers all claims connected to the decedent's participation in the program. Third, the transaction involved interstate commerce because the decedent was a citizen of Louisiana and the program is located in West Virginia. Lastly, the Plaintiff has failed to arbitrate the claims asserted in this case. Thus, all four elements are satisfied, and therefore, the Plaintiff should be compelled to arbitrate this case.

---

[1] The question of what constitutes interstate commerce has been broadly interpreted, and the United States Supreme Court has described the FAA's "reach expansively as coinciding with that of the *Commerce Clause*." *Dan Ryan Builders, Inc. v. Nelson*, 2010 U.S. Dist. LEXIS 135875 (N.D. W. Va. Dec. 23, 2010)(*citing Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 274 (1995)). Moreover, "it is perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce' - that is, 'within the flow of interstate commerce.'" *Id.*, *citing The Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 57 (2003)*. "Congress' Commerce Clause power may be exercised in individual cases without showing any specific effect upon interstate commerce if in the aggregate the economic activity in question would represent a general practice … subject to federal control." *McCutcheon v. Thi of S.C. at Charleston, LLC*, 2011 U.S. Dist. LEXIS 144288 (D.S.C. Dec. 15, 2011)(*citing Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003)). "Courts look to the terms of the arbitration agreement itself as evidence of whether the transaction involves interstate commerce. *Id.* (*citing Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83 (4th Cir. 2005)).

## II.   The FAA Mandates That This Action Must Be Stayed

Section 3 of the FAA expressly provides that, where a valid arbitration agreement requires a dispute to be submitted to binding arbitration, the district court shall stay the action "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Accordingly, Defendants request that the Court stay the action immediately pending the completion of arbitration pursuant to the express terms of the Arbitration Agreement.

## CONCLUSION

The Plaintiff should be compelled to arbitrate this matter pursuant to the binding arbitration agreement between the parties. Defendants have established that a dispute exist which is covered by the written arbitration agreement. Moreover, the transaction is related to interstate commerce. Lastly, Plaintiff has failed to arbitrate the dispute. Accordingly, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., Defendants seek an Order: (1) compelling Plaintiff to arbitrate his claims in this suit; and (2) staying the instant action pending the outcome of the arbitration proceedings.

**Q & A ASSOCIATES, INC.,
ANGELA SHOCKLEY,
KEITH BISHOP,
MATTHEW SHOCKLEY,
SANDY SCHMIEDEKNECHT, and
TAMMY ROBBINS**,

**DEFENDANTS
BY COUNSEL,**

/s/ Christopher M. Jones
Lindsey M. Saad (WV Bar No. 11155)
Christopher M. Jones (WV Bar No. 11689)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
cjones@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

v.                                         **CIVIL ACTION NO.: 2:16-cv-00046**
                                              **JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

## CERTIFICATE OF SERVICE

I certify that on this 4th day of November, 2016, I filed electronically via CM/ECF a true copy of **"MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS Q & A ASSOCIATES, INC., ANGELA SHOCKLEY, KEITH BISHOP, MATTHEW SHOCKLEY, SANDY SCHMIEDEKNECHT, and TAMMY ROBBINS' MOTION TO COMPEL ARBITRATION"** with notice of the same being electronically served by the Court, addressed to the following:

        David A. Sims, Esq.
        Law Offices of David A. Sims, PLLC
        P.O. Box 5349
        Vienna, WV 26105

                          /s/ Christopher M. Jones
                          Lindsey M. Saad (WV Bar No. 11155)
                          Christopher M. Jones (WV Bar No. 11689)