**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

**v.**                                                **CIVIL ACTION NO.: 2:16-cv-00046
                                                        JUDGE BAILEY**

**Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

**MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY AND PROCEEDINGS**

COME NOW the Defendants, Q & A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter "Defendants"), by counsel, Thomas V. Flaherty, Lindsey M. Saad, Christopher M. Jones, and Flaherty Sensabaugh Bonasso, PLLC, and move the Court, pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure* and The Federal Arbitration Act, 9 U.S.C. § 3, for entry of a protective order staying all discovery and proceedings including, but not limited to, any obligation to respond to the three sets of written discovery and request for inspection served upon the Defendants (the "Written Discovery") until resolution of the Motion to Compel Arbitration and Stay Proceeding previously filed in this matter. In further support of its motion, Defendants state as follows:

## INTRODUCTION

There is a fundamental jurisdictional issue to be resolved before this Court as to whether this case should be submitted to arbitration. Defendants request, pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure*, that this Court issue a protective order staying all discovery and proceedings including, but not limited to, any obligation to respond to pending a ruling on the Arbitration Motion. A protective order will conserve time, avoid expense, and simplify the proceedings for both the court and the litigants. A stay is also required under the Federal Arbitration Act ["FAA"], 9 U.S.C. § 3, until this Court rules on the Arbitration Motion.

## SUMMARY OF RELEVANT FACTS

On June 10, 2016, Plaintiff Friedrichs Harris, Administrator of the Estate of Evan M. Harris, filed the Complaint in this case. [EMCF Doc. 1]. The Complaint asserts causes of action against the Defendants in this case relating to Evan Harris' participation in the Q&A Associates, Inc. program. Defendants filed their Answer to the Complaint [EMCF Doc. 11] on September 19, 2016, and their Amended Answer on September 23, 2016. [EMCF Doc. 13].

In their Amended Answer, Defendants asserted the defense that the Plaintiff should be compelled to arbitrate pursuant to an arbitration agreement executed by the decedent Evan M. Harris. [EMCF Doc. 13 at p. 2]. Decedent Evan M. Harris executed the subject arbitration agreement on November 20, 2015. The arbitration agreement reads as follows:

> Q&A Associates, Inc. and the participant agree that any claim of any nature and description arising out of or connected in any way with my participation in the program, activity, mentoring, or lodging, or with any

> other matter arising from me and agreements with Q&A Associates, Inc., will be resolved by arbitration in accordance with the rules and procedures of the American Arbitration Association at its McLean, Virginia office. Questions regarding the scope of this Arbitration Agreement will be resolved by arbitration in accordance with the rules and procedures of the American Arbitration Association at its McLean, Virginia office. Any judgment on the findings or award rendered by the arbitrator may be entered in any court having jurisdiction. By entering into this agreement Q&A Associates, Inc. and the Participant each relinquish their right to have any such dispute decided in a court of law and further agree to waive their right to have a jury rule on any dispute. Instead, all parties accept the use of arbitration as an economical and expeditious way of resolving any such dispute.

*Id*. Pursuant to this agreement, the Plaintiff should be compelled to arbitrate the claims asserted in this matter.

The Plaintiff has served several sets of written discovery and a request for inspection upon the Defendants. Counsel for Defendants reached out to counsel for the Plaintiff in a good faith effort to meet and confer seeking an agreement to voluntarily limit and stay discovery until the Motion to Compel Arbitration is resolved. Counsel for Plaintiff would not agree to limit or stay discovery in this matter while the Motion to Compel Arbitration is pending. Accordingly, Defendants now ask this Court to issue a protective order to stay discovery and all proceedings because of the pendency of the arbitration motion.

## **ARGUMENT**

### **I. PROTECTIVE ORDER STAYING DISCOVERY AND ALL PROCEEDINGS IS PROPER PENDING THE RESOLUTION OF THE ARBITRATION MOTION**

Defendants will suffer irreparable harm if this stay is not granted. This harm manifests itself in several ways: (1) Premature discovery would permit the Plaintiff documentation and discovery he is not otherwise entitled to, (2) all the Parties will have

3

to expend significant time and costs conducting discovery, which may likely be unnecessary, (3) once discovery has been conducted, it cannot be undone – a stay is the least prejudicial means of resolving this dispute while protecting the interests of all the parties.

Under Rule 26(c) of the *Federal Rules of Civil Procedure*, a court may issue a protective order "for good cause." Fed. R. Civ. P. 26(c).  Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Furthermore, Rule 26(c), when read in conjunction with the FAA, 9 U.S.C. § 3, actually mandates a stay of discovery and all proceedings because the arbitration motion is pending before this Court.  It makes little sense to engage in discovery or allow proceedings to advance when there is a legitimate issue of arbitrability, which is designed to avoid time and expense, before the Court. *See Peoples Security Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (stating that "[t]his heavy presumption in favor of arbitrability is based on public policy considerations of the need for speedy and efficient decisions 'not subject to delay and obstruction in the courts.'" *quoting Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).  The FAA speaks to the necessity of a protective order staying discovery and all proceedings pending the outcome of the Arbitration Motion as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of**

> **one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,** providing the applicant for the stay is not in default in proceeding with such arbitration.

(**emphasis** added). Thus, "[s]ection 3 . . . commands a stay if the claim asserted in the complaint is one which is subject to the arbitration agreement." *Tepper Realty Company v. Mosaic Tile Co.*, 259 F.Supp. 688, 693 (S.D.N.Y. 1966), *citing Donahue v. Susquehanna Collieries Co.*, 138 F.2d 3, 4 149 A.L.R. 271 (3d Cir. 1943); *accord Glass v. Kidder Peabody & Co., Inc.*, 114 F.3d 446, 4523 (4th Cir. 1997) (stating "section 3 provides for a stay of litigation in any suit raising an issue subject to an arbitration agreement").

The purpose of the FAA is to "expedite the resolution of disputes . . . [and] to avoid delay and the expense of litigation." *Dickstein v. DuPont*, 320 F.Supp. 150, 154 (D. Mass. 1970). Additionally, the Fourth Circuit Court of Appeals has held, "[where] questions of fact common to all actions pending . . . are likely to be settled during the . . . arbitration, . . . all litigation should be stayed pending the outcome of the arbitration proceedings." *Chempower, Inc. v. Robert McAlphine, Ltd.*, 849 F.Supp. 459, 460 (S.D. W.Va. 1994), *citing American Home Assurance Co. v. Vecco Concrete Construction Co., Inc.*, 629 F.2d 961, 964 (4th Cir. 1980). Thus, when, as here, an arbitration provision is governed by the FAA and the plaintiff's claims fall within the scope of that provision, the duty of the court is clear: It must stay discovery and all proceedings. *See* 9 U.S.C. §3.[1] This best serves the speed, simplicity, and cost saving objects of the FAA.

---

[1] *See also, Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 639 (4th Cir. 2002) (vacating "the district court's order denying [defendant] Elite's Motion to Compel Arbitration/Stay Proceedings and

If this Court agrees with Defendants' argument as set forth in its responsive filing – that binding arbitration is required before litigation – any discovery conducted prior arbitration changes the process and increases the costs. Defendants are not opposed to discovery and are willing to provide the documentation and responses to which Plaintiff is entitled, so long as it is within the appropriate forum and within the context of that forum's rules. The American Arbitration Association Rules and Procedures do not permit discovery until a preliminary hearing which sets the exchange of information and witness lists. Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*

While this motion is brought by Defendants, a Stay will benefit all parties as it ensures the most efficient use of each party's respective resources. Defendants merely request that they be allowed to wait on responding to discovery requests until this court has ruled on its responsive pleading. No litigant wants to engage in the costly, time-consuming endeavor of discovery if there is the reasonable potential that their participation in discovery will be deemed unnecessary.

---

remand[ing] with instructions to grant the motion to the extent it seeks to compel arbitration of Snowden's claims and stay proceedings with respect thereto pending the outcome of such arbitration"); *Chempower v. Robert McAlphine, LTD.*, 849 F.Supp. 459, 461 (S.D. W. Va. 1994) (concluding that "the Massachusetts state court action should be stayed in its entirety pending the outcome of the arbitration proceedings between the Petitioner and the Respondents"); *Miller v. Equifirst Corporation of WV*, 2009 WL 2571634, at *18 (S.D. W. Va. September 5, 2006) (granting "Equifirst's supplemental motion to compel and to stay these proceedings pending arbitration, or, in the alternative, to dismiss . . . to the limited extent it seeks to compel arbitration and dismiss plaintiffs' class action claims").

Other jurisdictions outside the Fourth Circuit also have addressed the issue of a stay of proceedings pending arbitration. See *Bledsoe v. Corwley*, 849 F.2d 639, 649 (D.C. Cir. 1988) (remanding the case with instructions to the District Court to enter a stay pending completion of the arbitration process currently underway in Maryland"); *Dickstein v. DuPont*, 320 F.Supp. 150, 154 (D.Mass 1970) (granting "the defendants' motion to stay all the proceedings in this action pending the decision of the arbitration board"); *Tepper Realty Company v. Moasic Tile Co.*, 259 F.Supp. 688, 693 (S.D.N.Y. 1966) (holding that "[t]here can be no question that on its face the claim alleged here is subject to, and within the ambit of, the arbitration agreement. That is enough to satisfy the requirements for a stay under § 3.").

Furthermore, a protective order under Rule 26(c) would adhere to the strong mandate for a stay of discovery and all proceedings provided under the FAA. Furthermore, a stay of discovery and all proceedings pending the resolution of the threshold jurisdictional issue would not prejudice either party; rather, it would conserve judicial resources for the court, it would avoid confusion, and it would prevent either party from being unduly burdened by the needless expenditure of additional time and resources incident to litigation.

## CONCLUSION

WHEREFORE, Defendants respectfully requests that this Court issue a protective order staying all discovery and all proceedings, including, but not limited to, responses to the written discovery and request for inspection pending resolution of Defendant's Motion to Compel Arbitration and Stay Proceedings pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure* and 9 U.S.C. § 3 and for such other and further relief as this Court deems just and proper.

**Q & A ASSOCIATES, INC.,
ANGELA SHOCKLEY,
KEITH BISHOP,
MATTHEW SHOCKLEY,
SANDY SCHMIEDEKNECHT, and
TAMMY ROBBINS**,

**DEFENDANTS
BY COUNSEL,**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
Christopher M. Jones (WV Bar No. 11689)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
cjones@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO.: 2:16-cv-00046**
                                                        **JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

## CERTIFICATE OF SERVICE

    I certify that on this 11th day of November, 2016, I filed electronically via CM/ECF a true copy of **"MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND PROCEEDINGS"** with notice of the same being electronically served by the Court, addressed to the following:

        David A. Sims, Esq.
        Law Offices of David A. Sims, PLLC
        P.O. Box 5349
        Vienna, WV 26105

                                        /s/ Lindsey M. Saad
                                        Lindsey M. Saad (WV Bar No. 11155)