**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

Plaintiff,

v. Civil Action No. 2:16-cv-46
Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Now Comes Friedrichs Harris, Administrator of the Estate of Evan M. Harris, by and through his counsel, David A. Sims, and Law Offices of David A. Sims, PLLC and does hereby respond to the Defendants' Motion to Compel Binding Arbitration as follows:

1. The document Defendants attach to their Motion to Compel Arbitration entitled Contract, Medical Authorization, Release and Consent Agreements, a copy of which is attached hereto as **Exhibit A**, is not a binding contract because it lacks any hint of an offer and acceptance; any hint of consideration; or, any hint of a meeting of the minds. An Arbitration Agreement must have (1) competent parties; (2) legal subject matter; (3) valuable consideration; and (4) mutual assent.... Absent any one of these elements, the arbitration agreement is invalid. State ex rel. AMFM, LLC v. King, 230 W.Va. 471, ––––, 740 S.E.2d 66, 73 (2013); State ex rel. U-Haul Co. of W. Virginia v. Zakaib, 232 W. Va. 432, 439, 752 S.E.2d 586, 593 (2013);

2. Evan M. Harris was not capable of entering into a binding contract of any kind. In support of this position, Plaintiff offers the Psychological Evaluation performed by Kevin Fenstermacher, Ph.D., which demonstrates Evan's limited intellectual capacity and emotional vulnerability. **Exhibit B**. And, Plaintiff offers the affidavit of Evan's treating psychiatrist, Paul G. Pelts, M.D., who concludes that Evan was not capable of entering into any legal contracts of any kind. **Exhibit C**. The Defendants note in their own records that Evan was threatening to sue on November 26, 2015. **Exhibit D**. On December 1, 2015, Evan M. Harris threatened to sue. **Exhibit E**. If Evan had known he had given up his right to sue, he would not have been threatening it. Additionally, it is clear from the Defendants other writings that Evan M. Harris was not capable of following along with the Life Skills booklet. **Exhibit F**. And, his life skills assessment is further evidence of his lack of understanding. **Exhibit G**;
3. This Court should not enforce binding arbitration on persons who are mentally ill, like Evan M. Harris; to do so would violate the public policy in favor of protecting those with handicaps and disabilities;
4. The arbitration clause requires the parties to submit to binding arbitration in the McClean Virginia office of the American Arbitration Association. That office and location have no rationale relationship between Davis, West Virginia and Plaintiff who resides in Louisiana, which makes that provision unconscionable. Syllabus Point 4, State ex rel. Dunlap v. Berger, 211 W.Va. 549, 567 S.E.2d 265 (2002);
5. Defendant Q & A Associates, Inc.'s binding arbitration clause usurps this Court's authority and should be stricken as unconscionable. "When a trial court is required to rule upon a motion to compel arbitration pursuant to the Federal Arbitration Act,

9 U.S.C. §§ 1–307 (2006), the authority of the trial court is limited to determining the threshold issues of (1) whether a valid arbitration agreement exists between the parties; and (2) whether the claims averred by the plaintiff fall within the substantive scope of that arbitration agreement." Syllabus Point 2, State ex rel. TD Ameritrade v. Kaufman, 225 W.Va. 250, 692 S.E.2d 293 (2010). **Exhibit A** states that determinations of whether or not the claims are covered by the arbitration provision are required to be determined not by this Court, but by arbitration, which is inconsistent with this State's rules regarding arbitration and specifically usurps this Court's authority to resolve those issues. Grayiel v. Appalachian Energy Partners 2001-D, LLP, 230 W. Va. 91, 736 S.E.2d 91, 94 (2012);

6. The disputes that are contained in Plaintiff's Complaint for Damages are not governed by the terms and conditions of the arbitration clause in **Exhibit A** because Plaintiff makes specific allegations of wrongful conduct against the individual Defendants, whom are not governed by the arbitration clause, thus arbitration of some of the disputes, but not all of them, makes enforcing binding arbitration rather futile. "A court may not direct a nonsignatory to an agreement containing an arbitration clause to participate in an arbitration proceeding…". State ex rel. United Asphalt Suppliers, Inc. v. Sanders, 204 W. Va. 23, 25, 511 S.E.2d 134, 136 (1998). None of the Defendants is a signator to **Exhibit A**. A signatory to an arbitration agreement cannot require a non-signatory to arbitrate unless the non-signatory is bound under some traditional theory of contract and agency law. Consequently, "a party who has not agreed to arbitrate will normally have a right to a court's decision about the merits of its dispute...." First Options of Chicago, Inc. v. Kaplan,

514 U.S. 938, 942, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).[1] When persons played no role in the negotiation, procurement or signing of an agreement to binding arbitration, they are not subject to it. Chesapeake Appalachia, L.L.C. v. Hickman, 236 W. Va. 421, 439, 781 S.E.2d 198, 216 (2015);

7. Where a party alleges that the arbitration provision was unconscionable or was thrust upon him because he was unwary and taken advantage of, or that the contract was one of adhesion, the question of whether an arbitration provision was bargained for and valid is a matter of law for the court to determine by reference to the entire contract, the nature of the contracting parties, and the nature of the undertakings covered by the contract. Bd. of Ed. of Berkeley Cty. v. W. Harley Miller, Inc., 160 W. Va. 473, 473–74, 236 S.E.2d 439, 440–41 (1977).[2]

8. Plaintiff contests the existence of a binding contract to arbitrate this dispute and the application of the provision to the allegations contained in his Complaint for Damages. It is clear that "even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." Arrants v. Buck, 130 F.3d 636, 640 (4th Cir.1997). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Parties are only bound to arbitrate those issues that by clear language they have agreed to arbitrate; arbitration agreements will not be extended by

[1] Friedrichs Harris did not agree to submit the Estate of Evan M. Harris's claims to binding arbitration. Nor was he ever asked to sign **Exhibit A** despite the fact that he and his wife were the ones paying for Evan's participation in the program.

[2] Clearly Evan M. Harris was not capable of entering into a legal contract of any kind. He lacked the ability to do so. The arbitration provision was not bargained for and Evan did not know what he was printing his name to when he did so.

construction or implication." Daimler Chrysler Corp. v. Franklin, 814 N.E.2d 281 (Ind.Ct.App.2004) (citing Showboat Marina Casino P'ship v. Tonn & Blank Constr., 790 N.E.2d 595 (Ind.Ct.App.2003));

9. Plaintiff contends that the arbitration clause is both procedurally and substantively unconscionable. The concept of unconscionability must be applied in a flexible manner, taking into consideration all of the facts and circumstances of a particular case. Brown v. Genesis Healthcare Corp., 229 W.Va. 382, 729 S.E.2d 217 (2012). Procedural unconscionability is concerned with inequities, improprieties, or unfairness in the bargaining process and formation of the contract. Procedural unconscionability involves a variety of inadequacies that results in the lack of a real and voluntary meeting of the minds of the parties, considering all the circumstances surrounding the transaction. These inadequacies include, but are not limited to, the age, literacy, or lack of sophistication of a party; hidden or unduly complex contract terms; the adhesive nature of the contract; and the manner and setting in which the contract was formed, including whether each party had a reasonable opportunity to understand the terms of the contract. Brown supra, * 261. In assessing whether a contract provision is substantively unconscionable, "a court may consider whether the provision lacks mutuality of obligation. If a provision creates a disparity in the rights of the contracting parties such that it is one-sided and unreasonably favorable to one party, then a court may find the provision is substantively unconscionable." Syl. Pt. 10, Dan Ryan Builders, Inc. v. Nelson, 230 W.Va. 281, 737 S.E.2d 550 (2012); and,

10. This Court should strictly construe **Exhibit A** against Defendant Q & A Associates, Inc. as its drafter. There is a long-standing contract principle in West Virginia that

contracts are strictly construed against the persons who drafted them. Syllabus Point 1, Charlton v. Chevrolet Motor Co., 115 W.Va. 25, 174 S.E. 570 (1934).

Wherefore, Plaintiff prays that this Honorable Court will enter an Order denying the relief requested by Defendants for the reasons set forth in Plaintiff's Response to Defendants' Motion to Compel Arbitration and Plaintiff's Memorandum of Law in Support of Plaintiff's Response to Defendants' Motion to Compel Arbitration.

Friedrichs Harris, Administrator
By Counsel,

/s/David A. Sims

David A. Sims (#5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

CERTIFICATE OF SERVICE

I David A. Sims as counsel for Plaintiff do hereby certify that I served the attached Plaintiff's Response to Defendants' Motion to Compel Arbitration to its counsel being served through the CM/ECF service:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV 26501
lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 18th day of November 2016.

Friedrichs Harris, Administrator

By counsel,

/s/David A. Sims
___________________________________
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com