IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

       **Plaintiff,**

v.                                             **CIVIL ACTION NO.: 2:16-cv-00046**
                                                **JUDGE BAILEY**

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

       **Defendants.**

### EMERGENCY MOTION FOR PRODUCTION OF RECORDS OR, IN THE ALTERNATIVE, TO PRECLUDE DR. PELTS FROM OFFERING TESTIMONY AT THE EVIDENTIARY HEARING

COME NOW, Defendants, Q&A Associates, Inc. (hereinafter "Q&A"), Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter "Defendants"), by counsel, Thomas V. Flaherty, Lindsey M. Saad, Christopher M. Jones, and Flaherty Sensabaugh Bonasso, PLLC, and move this Court to order the production of the Dr. Pelts's file for decedent Evan M. Harris, or in the alternative, to preclude Dr. Pelts from testifying at the evidentiary hearing in this matter. In support of this Motion, Defendants aver as follow:

    1.    On June 10, 2016, Plaintiff Friedrichs Harris, Administrator of the Estate of Evan M. Harris, filed the Complaint in this case. [EMCF Doc. 1]. The Complaint asserts causes of action against the Defendants in this case relating to Evan Harris' participation in the Q&A Associates, Inc. program.

1

2.      Defendants filed their Answer to the Complaint [EMCF Doc. 11] on September 19, 2016, and their Amended Answer on September 23, 2016. [EMCF Doc. 13]. In their Amended Answer, Defendants asserted the defense that the Plaintiff should be compelled to arbitrate pursuant to an arbitration agreement executed by the decedent Evan M. Harris. [EMCF Doc. 13 at p. 2].

3.      On November 4, 2016, Defendants filed their Motion to Compel Arbitration and Stay Proceedings. [EMCF Doc. 19]. In their Motion and supporting Memorandum, Defendants asserted that: (1) a dispute exist; (2) the dispute is covered by a written arbitration agreement; (3) the transaction between the parties is related to interstate commerce; and (4) Plaintiff has failed to arbitrate the dispute. *Id.*

4.      On November 18, 2016, Plaintiff filed his Response to Defendants' Motion to Compel Arbitration. [EMCF Doc. 21]. Plaintiff raised several arguments regarding the enforceability of the Arbitration Agreement. [EMCF Doc. 21; Doc. 22]. Relevant to the present Motion, Plaintiff argued that decedent Evan Harris lacked mental capacity to enter the Arbitration Agreement when he executed the form. [EMCF Doc. 22 at p. 5]. In support of this argument, Plaintiff attached an affidavit from Dr. Pelts, a treating physician for the decedent. [EMCF Doc. 22, Exhibit C]. In his affidavit, Dr. Pelts opined that the decedent "was not competent to sign legal documents of any kind." [EMCF Doc. 22, Exhibit C ¶ 21]. In reaching this opinion, Dr. Pelts relied upon his evaluations and treatment of the decedent. [EMCF Doc. 22, Exhibit C ¶18 ].

5.      On November 25, 2016, Defendants filed their Reply to Plaintiff's Response to the Motion to Compel Arbitration. [EMCF Doc. 23].

6. On December 1, 2016, the Court entered an Order finding that there is a factual issue as to Evan M. Harris's mental capacity at the time he inscribed the arbitration agreement at issue herein." [EMCF Doc. 27]. As such, the Court set an evidentiary hearing for January 4, 2017 to consider the issue. *Id.* The Court directed that, "[a]t that time, the parties should be prepared to present any witnesses, exhibits, or other evidence related to Evan M. Harris's capacity to contract." *Id.*

7. Upon information and belief, Plaintiff intends to qualify Dr. Pelts as a medical expert at the evidentiary hearing and elicit expert medical testimony from Dr. Pelts regarding Evan M. Harris' capacity to contract. Prior to eliciting the aforementioned expert testimony from Dr. Pelts, Plaintiff should be required to produce Dr. Pelts's entire file including, but not limited to, all medical and administrative records.

8. Plaintiff is the administrator of the estate of Evan M. Harris. As the administrator of the estate of Evan M. Harris, Plaintiff has access to and the ability to obtain Dr. Pelts's file for Evan M. Harris, including all medical and administrative records. In fact, prior to filing the present case, Plaintiff executed a release as Administrator of the Estate of Evan Harris and obtained Evan M. Harris' entire Q&A Associates.[1] Thus, if he has not already done so, Plaintiff can easily obtain Dr. Pelts' file for Evan M. Harris.

9. Upon information and belief, Dr. Pelts's file for Evan Harris includes records that are critical to the issues and testimony which will be presented at the upcoming evidentiary hearing. First, Dr. Pelts relied upon the information contained in these records when forming the opinions set forth in his affidavit. Specifically, these

---

[1] In addition, on September 26, 2016, Defendant Q&A Associates produced its entire file for Evan M. Harris to Plaintiff. However, Plaintiff has not provided any records to Defendants.

records contain information regarding Dr. Pelts's evaluations and treatment of Evan M. Harris. Second, upon information and belief, Dr. Pelts's file for Evan M. Harris contains medical and administrative records which are relevant to Evan Harris' ability to understand legal documents. According to Dr. Pelts's affidavit, Evan M. Harris did not have capacity to understand and/or execute legal documents. However, upon information and belief, in order to receive treatment, Dr. Pelts requires patients to execute legal documents. [See Exhibit A, Notice of Information Practices; Exhibit B, Client Financial Form and Authorization]. Therefore, Defendants are entitled to Dr. Pelts' file for Evan M. Harris, including all medical and administrative records as well as any releases and notices related to Evan Harris' treatment.

10. To the extent Plaintiff intends to elicit expert testimony from Dr. Pelts at the evidentiary hearing, Defendants request that the Court order the Plaintiff to produce Dr. Pelts's entire file for Evan M. Harris, including all medical and administrative records, releases, and agreements. Given the impending hearing date, Defendants request that Plaintiff provide these records on or before December 23, 2016. In the alternative, if Plaintiff will not produce Dr. Pelts' entire file, Defendants request that Dr. Pelts be prohibited from testifying at the evidentiary hearing.

## CONCLUSION

WHEREFORE, Defendants respectfully requests that this Court grant Defendant's Emergency Motion for Production of Records or, in the alternative, to Preclude Dr. Pelts from Offering Testimony at the Evidentiary Hearing and for such other and further relief as this Court deems just and proper. Furthermore, Defendants request that Plaintiff produce records on or before December 23, 2016.

**Q & A ASSOCIATES, INC.,
ANGELA SHOCKLEY,
KEITH BISHOP,
MATTHEW SHOCKLEY,
SANDY SCHMIEDEKNECHT, and
TAMMY ROBBINS**,

**DEFENDANTS
BY COUNSEL,**


/s/ Christopher M. Jones
Lindsey M. Saad (WV Bar No. 11155)
Christopher M. Jones (WV Bar No. 11689)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
cjones@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

v.                        **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA
CORPORATION, ANGELA SHOCKLEY, KEITH
BISHOP, MATTHEW SHOCKLEY, AND SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 19th day of December, 2016, I filed electronically via CM/ECF a true copy of *"***EMERGENCY MOTION FOR PRODUCTION OF RECORDS OR, IN THE ALTERNATIVE, TO PRECLUDE DR. PELTS FROM OFFERING TESTIMONY AT THE EVIDENTIARY HEARING"** with notice of the same being electronically served by the Court, addressed to the following:

    David A. Sims, Esq.
    Law Offices of David A. Sims, PLLC
    P.O. Box 5349
    Vienna, WV 26105

                          <u>/s/ Christopher M. Jones</u>
                          Lindsey M. Saad (WV Bar No. 11155)
                          Christopher M. Jones (WV Bar No. 11689)