**NOTICE OF INFORMATION PRACTICES OF PELTS, KIRKHART & ASSOCIATES, LLC**

*This notice describes how medical information about you may be used and disclosed and how you can get access to this information. Please review it carefully.*

Understanding your Record of Personal Mental Health Information (PHI):  Each time you visit our practice, that provider makes a record of your visit. Typically, the record contains your mental health history, current symptoms, exam/ test results, diagnoses, treatment, and plan for future care/treatment. It may also contain information you provided us from other sources such as health care providers or school reports. This information is referred to as your mental health record and serves as the following—1) Basis for planning your care/treatment, 2) Means of communication among other professionals who contribute to your care, 3) Legal document describing the care you received, 4) Means by which you or third party payers can verify services received. Understanding what is in your mental health records and how they are used helps you to—1) Ensure its accuracy and completeness, 2) Understand who, what, where, why, and how others may access your health information, 3) Make informed decisions about authorizing disclosure to others, and 4) Better understand PHI rights detailed below.

Examples of disclosures for treatment, payment, and health care operations: 1) If you give consent, we will use PHI for treatment. For example, we will provide your physician, other mental health care providers, or designated school staff copies of specific records to assist them in your care and treatment, as requested.   We can contact and share information with pharmacies, drug companies, and their representatives in assistance with dispensing and approval of your medication needs.  We may also use third party companies when necessary for medication approvals.  We can contact and share information with genetic and pharmacogenetic testing companies when recommended by your physician.   We can provide records to new providers when we are no longer treating you, and at your request, 2) If you give consent, we will use PHI for payment. For example, we may send a bill to you or a third-party payor, such a health insurer. The information on the bill or accompanying the bill may include PHI, 3) Business associates—We maintain contracts with business associates. Examples include accountants, collections agencies, attorneys, and information technology specialists who may have limited access to some individual's PHI in the course of providing their services to our practice. To protect your PHI, however, we require the business associates to appropriately safeguard information and to comply with the same federal security and privacy rules as we do, 4) Notification--For example, we may determine that your personal safety or that of another is at grave risk and would need to notify you, a family member, a

named individual, or appropriate law enforcement officials of this potential for harm, 5) Workers compensation—We may disclose PHI to the extent authorized by and to the extent necessary to comply with laws relating to workers compensation or other similar programs established by law, 6) Law enforcement—We may disclose PHI for law enforcement purposes as required by law or in response to a valid subpoena, 7) The federal Department of Health and Human Services (DHHS)—Under the privacy standards, we must disclose your PHI to DHHS as necessary to determine our compliance with those standards.

Your rights under the Federal Privacy Standard:  Although your mental health records are the physical property of the provider of service, you have the following rights with regard to the information contained therein—1) Request restriction on uses and disclosures of your PHI for treatment, payment, and health care operations. Health care operations consist of activities that are necessary to carry out the operations of the provider, such as billing, quality assurance and peer review. The right to request restriction does not extend to uses or disclosures permitted or required under the following sections of the federal privacy regulations: `164.502(a)(2)(i) (disclosures to you,) or `164.512 (uses and disclosures not requiring a consent or an authorization). The latter uses and disclosures include, for example, those required by law. In those cases you do not have a right to request restriction. The consent to use and disclose your PHI provides the ability to request restriction. We do not have to agree to the restriction, except in the situation explained below. If we do, we will adhere to it unless you request otherwise or we give you advance notice. You may also ask us to communicate with you by alternate means, and if the method of communication is reasonable, we must grant the alternate communication request. You may request restriction or alternate communications on the consent form for treatment, payment, and health care operations. If, however, you request restriction on a disclosure to a health plan for purposes of payment or health care operations (not for treatment), we must grant the request if the PHI pertains solely to an item or a service for which we have been paid in full. 2) Obtain a copy of this notice of information practices. Although we have posted a copy on our website and in our office, you have a right to a copy upon request. 3) Inspect/copy your PHI upon request. However, this right is not absolute. In certain situations, such as if access would cause harm, we can deny access. You do not have a right of access to the following—a) Psychotherapy notes: Such notes consist of those which are recorded in any medium by a professional mental health care provider to document or analyze a conversation during a private, group, joint, or family counseling session and that are separated from your medical record, b) Information compiled in reasonable anticipation of or for use in civil, criminal, or administrative actions or proceedings, c) Information that was obtained from someone other than a health care provider under a promise of confidentiality and the requested access would be reasonably likely to reveal the source of the information. In other situations we may deny you access, but if we do, we must provide you a review of our decision denying access. These "reviewable grounds" for denial include the following—a) A licensed mental health care professional has determined in the exercise of professional judgment, that the access is reasonably likely to endanger the life or physical safety of yourself or another person, b) PHI makes reference to another person (other than a provider of mental health care) and a licensed mental health provider has determined, in the exercise of professional judgment, that the access is

reasonably likely to cause substantial harm to such other person, c) The request made by your personal representative and a licensed mental health care professional has determined, in the exercise of professional judgment, that giving access to such personal representative is reasonably likely to cause substantial harm to you or another person. For these reviewable grounds, another licensed professional must review the decision of the provider denying access within 60 days. If we deny access, we will explain why and what your rights are, including how to seek review. If we grant access, we will tell you what, if anything, you have to do to get access. Louisiana law includes that the client has the option to notify the provider by certified mail regarding seeking a court order or appropriate subpoena for the records. We charge a reasonable and cost-based fee for making copies {Copying charges not to exceed $1/page for pages 1-25; $0.50/page for pages 26-500; $0.25/page for pages beyond 500; postage and handling not to exceed $10 for hospitals and $7.50 for other providers}. 4) Request amendment/correction of your PHI. We do not have to grant the request if the following conditions exist—a) We did not create that record of information as in the case of a consultation report from another provider. If that party amends or corrects the report we will put the corrected report in our records, b) Your record is not available to you as discussed immediately above, c) The record is accurate and complete. If we deny your request for amendment/correction, we will notify you why, how you can attach a statement of disagreement to your records (which we may rebut), and how you can complain. If we grant the request, we will make the correction and distribute the correction to those who need it and those whom you identify to us that you want to receive the corrected information. 5) Obtain an accounting of nonroutine uses and disclosures upon request, other than for treatment, payment, and mental health care operations until the date specified by the federal Department of Health and Human Services, or, after that date, inclusive of an accounting uses and disclosures for treatment, payment, and operations. We do not need to provide an accounting for the following disclosures—a) To you for disclosures of PHI to you, b) For national security or intelligence purposes under `164.512(k)(2) of the federal privacy regulations (disclosures not requiring consent, authorization, or an opportunity to object), c) To correctional institutions or law enforcement officials under `164.512(k)(5) of the federal privacy regulations (disclosures not requiring consent, authorization, or an opportunity to object, d) That occurred before April 14, 2003. We must provide the accounting within 60 days. The accounting must include the following information—a) Date of each disclosure, b) Name and address of the organization/person who received the PHI, c) Brief description of the information disclosed, d) Brief statement of the purpose of the disclosure that reasonably informs you of the basis for the disclosure or, in lieu of such statement, a copy of your written authorization or a copy of the written request for disclosure. The first accounting in any 12-month period is free. Thereafter, we will charge you a reasonable, cost-based fee. 6) Revoke your consent or authorization to use or disclose health information except to the extent that we have taken action in reliance on the consent or authorization.

Our responsibilities under the Federal Privacy Standard:  In addition to providing you your rights, as detailed above, the federal privacy standard requires us to take the following measures—1) Maintain the privacy of your PHI, including implementing reasonable and appropriate physical, administrative, and technical safeguards to protect the information, 2) Provide you this notice as to our legal duties and

privacy practices with respect to individually identifiable health information that we collect and maintain about you, 3) Abide by the terms of this notice, 4) Train our personnel concerning privacy and confidentiality, 5) Implement a sanction policy to discipline those who breach privacy/confidentiality or our policies with regard thereto, 6) Lessen the harm/Mitigate any breach of privacy/confidentiality.  We will not use or disclose your PHI without your consent or authorization, except as described in this notice or otherwise required by law.

How to get more information or to report a problem:  If you have questions/would like additional information, you may contact our privacy officer, Dr. Kathryn Kirkhart, or assistant privacy officer, Mrs. Cindy Lasiter, at 504-581-3933.

*We reserve the right to change our practices and to make the new provisions effective for all individually identifiable mental health information that we maintain. If we change our information practices, we will post it in our office and at our web site, as well as make a copy available to you at your next appointment.*

Signature: _____(Kathryn Kirkhart, Ph.D.)
                    Title: Partner, Pelts, Kirkhart & Associates, LLC

Name of covered entity: Pelts, Kirkhart & Associates, LLC

Address of covered entity: 1539 Jackson Avenue, Suite 300, New Orleans, LA  70130



CLIENT OF: _____

NOTICE OF INFORMATION PRACTICES

OF PELTS, KIRKHART & ASSOCIATES, LLC

I acknowledge that I have received a copy of the **Notice of Information Practices of Pelts, Kirkhart & Associates, LLC** and can obtain further information on the website www.pelts-kirkhart.com or by contacting the privacy officer or assistant privacy officer.

_____
**Print Client Name**

_____   _____
**Date**                         **Client/ Responsible Party Signature**