## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**FRIEDRICHS HARRIS, Administrator of the**
**Estate of Evan M. Harris, deceased,**

        Plaintiff,

v.                                    Civil Action No. 2:16-CV-46
                                    (BAILEY)

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, Individually,**
**KEITH BISHOP, Individually,**
**MATTHEW SHOCKLEY, Individually,**
**SANDY SCHMIEDKNECHT, Individually,**
**and TAMMY ROBBINS, Individually,**

        Defendants.

## ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR PRODUCTION OF RECORDS, OR, IN THE ALTERNATIVE, TO PRECLUDE DR. PELTS FROM OFFERING TESTIMONY AT THE EVIDENTIARY HEARING

Comes now before this Court for consideration of defendants' Emergency Motion for Production of Records, or, in the Alternative, to Preclude Dr. Pelts from Offering Testimony at the Evidentiary Hearing [Doc. 28], filed on December 19, 2016.

There, defendants move this Court to order the production of the Dr. Pelts's file for decedent Evan M. Harris, or in the alternative, to preclude Dr. Pelts from testifying at the evidentiary hearing in this matter [Doc. 28 at 1]. In support thereof, defendants note that in his Response in Opposition to the Motion to Compel Arbitration, plaintiff argued that Evan Harris lacked mental capacity to enter the Arbitration Agreement when he executed the form [Doc. 22 at 5]. In support of this argument, plaintiff attached an affidavit from Dr. Pelts, a treating physician for the decedent [Doc. 24-2]. In his affidavit, Dr. Pelts opined that the decedent "was not competent to sign legal documents of any kind" [Id. at ¶ 21; see

also Doc. 22]. In reaching this opinion, Dr. Pelts relied upon his evaluations and treatment of the decedent [Id. at ¶18 ]. Defendants now believe that plaintiff intends to qualify Dr. Pelts as a medical expert at the evidentiary hearing and elicit expert medical testimony from Dr. Pelts regarding Evan M. Harris' capacity to contract [Doc. 28 at 3]. Defendants argue that prior to eliciting the aforementioned expert testimony from Dr. Pelts, plaintiff should be required to produce Dr. Pelts's entire file including, but not limited to, all medical and administrative records. This Court agrees. Defendants must be able to adequately prepare for Dr. Pelts' forthcoming testimony at the January 4, 2017 evidentiary hearing.

Accordingly, defendants' Emergency Motion for Production of Records, or, in the Alternative, to Preclude Dr. Pelts from Offering Testimony at the Evidentiary Hearing **[Doc. 28]** is hereby **GRANTED**. To the extent Plaintiff intends to elicit expert testimony from Dr. Pelts at the evidentiary hearing, plaintiff is **ORDERED** to produce Dr. Pelts's entire file for Evan M. Harris, including all medical and administrative records, releases, and agreements. Given the impending hearing date, plaintiff must provide these records on or before December 23, 2016. In the alternative, if plaintiff does not produce Dr. Pelts' entire file related to Evan Harris before this December 23, 2016, deadline, Dr. Pelts is prohibited from testifying at the evidentiary hearing.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

It is so **ORDERED**.

**DATED:** December 20, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE