UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                                      Civil Action No. 2:16-cv-46
                                                                          Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
EMERGENCY MOTION FOR PRODUCTION OF RECORDS AND REQUEST FOR PROTECTIVE ORDER**

       Now Comes Plaintiff Friedrichs Harris by and through his counsel David A. Sims, and Law Offices of David A. Sims, PLLC and does hereby respond to Defendants' Emergency Motion to Produce Records, or in the Alternative, to Preclude Dr. Pelts from Offering Testimony at the Evidentiary Hearing. Said response is based upon the following:

       1.     As the Defendants point out in their Motion, Plaintiff has made it known to them, by way of his Response to Defendants' Motion to Compel Binding Arbitration (ECF #21), that he was relying on the testimony of Dr. Pelts in responding to their motion to compel binding arbitration and that he was contending that Evan M. Harris lacked capacity to sign any legal documents. (ECF #28 ¶4).

       2.     Plaintiff attached an affidavit from Dr. Pelts and produced the same as an Exhibit, under seal, to his response to Defendants' Motion to Compel Binding Arbitration,

which concluded that Evan M. Harris lacked the capacity to sign any legal document. (ECF #22 Exhibit C).

3. On December 1, 2016, this Court made it known that it was conducting an evidentiary hearing concerning the mental capacity of Evan Harris when it issued its Order stating that it was conducting an evidentiary hearing on the matter. This Court obviously raised the issue of Evan M. Harris' mental capacity, at least in part, based upon the affidavit of Dr. Pelts. (ECF #27).

4. For thirty-one (31) days, Defendants have been on notice of Plaintiff's intention to rely upon the testimony of Dr. Pelts but waited until December 19, 2016 to file this Emergency Motion. (ECF #28).[1]

5. For eighteen (18) days after this Court made the Defendants aware that it was conducting an evidentiary hearing on the mental capacity of Evan M. Harris to enter into an agreement for binding arbitration, Defendants waited to file their "emergency motion". (ECF #28).

6. In their motion, Defendants are asking the Court to require Plaintiff to produce the records from Dr. Pelts by December 23, 2016, <u>in four days</u>, or to exclude him as a witness based upon an "emergency" that they now claim exists. (ECF #28).

7. Defendants do not allege in their "emergency motion" that they asked Plaintiff to produce Dr. Pelts' file, because they did not ask him to produce it.

8. Defendants allege in their "emergency" motion that "[u]pon information and belief, Plaintiff intends to qualify Dr. Pelts as a medical expert at the evidentiary hearing

---

[1]These are the same Defendants who filed a Motion for Protective Order to prevent Plaintiff from obtaining documents, including ones relevant to binding arbitration, because they did not want to engage in discovery while the motion was outstanding on November 11, 2016. (ECF 20).

2

and elicit expert testimony from Dr. Pelts regarding Evan M. Harris' capacity to contract." (ECF #28 at ¶7). These are facts that Defendants have known for thirty-one (31) days, at the earliest, and for eighteen (18) days at the latest, yet they wait until four (4) days before they want the records to require them to be produced or they want the Court to strike Plaintiff's expert witness. (ECF #28 at ¶10).

9. Without any legal authority of any kind, Defendants contend that they are entitled to every piece of paper in Dr. Pelts' file because they believe "…Dr. Pelts requires patients to execute legal documents" in order to be treated. (ECF #28 at ¶9). In support of their argument, Defendants attach the following documents:

a. A <u>Notice of Information Practices of Pelts, Kirkhart & Associates, LLC</u>, which says "I acknowledge that I have received a copy of the Notice of Information Practices of Pelts, Kirkhart & Associates, LLC and can obtain further information on the website <u>www.pelts-kirkhart.com</u> or by contacting the privacy officer or assistant privacy officer." The form also provides a place for the client or the client's responsible party to sign.

b. A <u>Client Financial Information and Authorizations</u> form, which says "I understand that I am responsible for the cost of treatment. It is my responsibility to contact my insurer to determine coverage. Our office will file claims promptly as a courtesy; however, I and/or my assigned responsible party must pay the unpaid balance." It also provides a place for the client or responsible party's signature.

c. A <u>Financial Policy Agreement</u>, which says "For your convenience we accept cash, personal checks and most major credit cards. I have read and agree with these terms." It has a place for the responsible party to sign.

3

d. An <u>Appointment Reminder</u> form, which says "Appointment information is considered to be "Protected Health Information" under HIPPA. By my signature, I am waiving my right to keep this information completely private, and requesting that it be handled as I have noted above. Appointment reminders are a courtesy offered by Pelts, Kirkhart and Associates with the client being responsible for missed appointments and associated fees." This form also has a place for the client/parent to sign.

e. An <u>Insurance Information</u> form, which says "I authorize the release of any medical or other information necessary to process this claim. It has a place for the responsible party to sign.

10.     Defendants' counsel was resourceful and pulled these documents from the Pelts, Kirkpatrick & Associates, LLC's website and are now attempting to bootstrap their position by claiming that Evan M. Harris must have signed legal documents in Dr. Pelts' office or he would not have been treated. Defendants ignore that a responsible party may sign these documents, if the client lacks capacity to sign, and the client still gets to be treated. Had any of these documents been signed by Evan M. Harris, Dr. Pelts would not have concluded that he lacked capacity to sign any legal documents of any kind in his affidavit. The <u>Billing Information</u> sheet was signed by Kathleen Harris, Evan's mother. (Exhibit A). The <u>Insurance Information</u> sheet was signed by Kathleen Harris, Evan's mother. (Exhibit B). The <u>Notice of Information Practices of Pelts, Kirkhart & Associates, LLC</u> is not signed by anyone. (Exhibit C). The other documents that Defendants discovered on Dr. Pelts' website are not a part of Evan M. Harris' chart because they did not exist at the time that Evan M. Harris became a patient of Dr. Pelts.

11. On this date, counsel for Plaintiff asked Defendants' counsel to provide a Protective Order protecting the confidentiality of the documents so that the parties could attempt to work out the issue of the records. These are mental health records that are deserving of protection by this Court as it did with the Motion to Seal the two affidavits attached to Plaintiff's response to the motion to compel binding arbitration;

12. During the drafting of this Response, Plaintiff's counsel received this Court's Order granting the requested relief. Plaintiff would request that the Court enter an Order protecting these records from dissemination by Defendants prior to making Plaintiff produce them.

Wherefore, Plaintiff's counsel requests that this Court issue a Protective Order precluding Defendants' counsel from disseminating them to the named Defendants or for using them for any other purpose except for purposes of cross examination of Dr. Pelts at the hearing in this matter.

> Respectfully submitted,
> Friedrichs Harris, Administrator

/s/David A. Sims
_____
David A. Sims (#5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

5

**CERTIFICATE OF SERVICE**

I David A. Sims as counsel for Plaintiff do hereby certify that I served **PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR PRODUCTION OF RECORDS AND REQUEST FOR PROTECTIVE ORDER** by CM\ECF counsel for Defendants:

>Lindsey M. Saad, Esquire
>FLAHERTY SENSABAUGH BONASSO, PLLC
>48 Donley Street
>Suite 501
>Morgantown, WV 26501
>lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 20th day of December 2016.

>Friedrichs Harris, Administrator
>By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com

6