IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

v.                                                                  CIVIL ACTION NO.: 2:16-cv-00046
                                                                    JUDGE BAILEY

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

## PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by Court. It is hereby **ORDERED** as follows:

    A.    If a party or an attorney for a party has good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

    B.    If timely corrected, an inadvertent failure to designate qualified documents or other material as "**CONFIDENTIAL**" does not, standing alone, waive a party's right to secure protection under this Order for such documents or material.  Upon timely correction by a producing party of its failure to designate qualified documents or materials as "**CONFIDENTIA**L", the party receiving such documents must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      C.    If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between them. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

      D.    No party or attorney or other person subject to this protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

      E.    Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

      F.    If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, consultant, etc.), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;
2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;
3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;
4. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material;
5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person; and
6. At the conclusion of the action, gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

However, at the conclusion of the action, attorneys may maintain copies of "CONFIDENTIAL" material so long as the material is not used for any other purpose whatsoever except upon further order of this Court, in response to lawful process, in response to a lawful order of another Court with jurisdiction, or upon written consent of the party that produced the "CONFIDENTIAL" material. Moreover, should the Court grant Defendants' Motion to Compel Arbitration in this matter, the parties and attorneys may maintain and use copies of "CONFIDENTIAL" material in arbitration proceeding related to this matter in accordance with the requirements of this Protective Order.

G. Nothing in this Order shall restrict the use or admissibility of any documents or information designated as "CONFIDENTIAL" at any hearing or trial in this action or a subsequent arbitration proceeding, subject to the requirements of this Protective Order.

**ENTER:** this _____ day of _____, 2016.

_____
John Preston Bailey
United States District Judge

Prepared by:

/s/Lindsey M. Saad
_____

Lindsey M. Saad (WV Bar No. 11155)
Christopher M. Jones (WV Bar No. 11689)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
cjones@flahertylegal.com


Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com


Approved by:

/s/David A. Sims
_____

David A. Sims (WV Bar No. 5196)
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105
(304) 428-5291
David.sims@mywvlawyer.com

4