IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Elkins

**Friedrichs Harris, Administrator of**
**the Estate of Evan M. Harris,**

      **Plaintiff,**

V.                                                 **Civil Action No.: 2:16-cv-00046**
                                                                **Judge Bailey**

**Q&A Associates, Inc.,**
**Angela Shockley, Keith Bishop,**
**Matthew Shockley, Sandy Schmiedeknecht,**
**and Tammy Robbins.**

      **Defendants.**

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO PRODUCE BILLING RECORDS**

      Now Comes Plaintiff Friedrichs Harris, Administrator of the Estate of Evan M. Harris, and does hereby move this Honorable Court to enlarge the time he has in which to comply with this Court's Order (ECF #29) entered on December 20, 2016. Said motion is based upon the following:

      1.      Prior to the entry of this Court's Order (ECF #29), counsel for Plaintiff sought the administrative paperwork from Evan M. Harris's chart to respond to Defendants' Emergency Motion to Produce Documents (ECF #28).

      2.      Counsel for Plaintiff provided the relevant documents received from Dr. Pelts as exhibits to his response. (ECF #29).

      3.      Upon the entry of the Order, counsel for Plaintiff sought the entire file from Dr. Pelts' office for Evan M. Harris, which he received and has forwarded to counsel for Defendants in accordance with the Court's Order. Counsel for Plaintiff did not request billing records as he did not believe that was within the scope of what Defendants were wanting to prepare to cross-examine Dr. Pelts at the hearing. There was no conscious

1

decision made not to request billing records, as it was just not contemplated that Defendants wanted them, especially in light that they were not specifically requested in Defendants' motion. (ECF #28). The motion states:

> *However, upon information and belief, in order to receive treatment, Dr. Pelts requires patients to execute legal documents. [See Exhibit A, Notice of Information Practices; Exhibit B, Client Financial Form and Authorization]. Therefore, Defendants are entitled to Dr. Pelts' file for Evan M. Harris, including all medical and administrative records as well as any releases and notices related to Evan Harris' treatment.*
> 
> *10. To the extent Plaintiff intends to elicit expert testimony from Dr. Pelts at the evidentiary hearing, Defendants request that the Court order the Plaintiff to produce Dr. Pelts's entire file for Evan M. Harris, including all medical and administrative records, releases, and agreements.*

4. At 9:20 a.m. on December 23, 2016, counsel for Defendants announced that he wanted the billing records for Dr. Pelts' care provided to Evan M. Harris to be included in the production.

5. Counsel for Plaintiff contacted Dr. Pelts' office by telephone. There was no answer. Counsel for Plaintiff had Kathy Harris, Evan's mother, contact Dr. Pelts by cellphone, but there was no answer. An email message to Dr. Pelts also went unanswered. Thus, it was concluded that Dr. Pelts' office was closed for the day.

6. Plaintiff did obtain a complete copy of the entire chart from Dr. Pelts' office, but the billing records were not included because they are kept on the computer system and the persons who have access to the billing computer were not working because of the holidays. Dr. Pelts could not obtain the billing records today.

7. Dr. Pelts informed Kathy Harris that the billing records consist of the date of service, the charge and the payment. That there were no signed documents in the computer billing records and no signed forms. The credit card slips are destroyed once the charge is

approved by the credit card company. Evan M. Harris did not have a credit card so he would not have signed any slips.

      8.      Dr. Pelts office is also closed on December 26, 2016 for the holidays.

      9.      Counsel for Plaintiff contacted counsel for Defendants and requested that they agree to permit him to have until Tuesday at noon to produce the billing records, but counsel for Defendants refused to grant any extension.

      10.      Defense counsel's refusal to permit an extension of time in which to provide the billing records was unreasonable given that the documents requested do not mention billing records. Had the request been more explicit, these records could have been obtained, but when the specific request for billing records was made on this date, there was no way possible to obtain them.

Wherefore, Plaintiff prays that this Court will enter an Order permitting him until 12:00 noon on Tuesday, December 27, 2016, in which to produce the billing records for Evan M. Harris.

                                                      Friedrichs Harris
                                                      Plaintiff,

                                                     By counsel

/s/David A. Sims
_____
David A. Sims (WV Bar No. 5196)
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105
(304) 428-5291
David.sims@mywvlawyer.com

<u>CERTIFICATE OF SERVICE</u>

I David A. Sims as counsel for Plaintiff do hereby certify that I served Plaintiff's Motion for Enlargement of Time to Produce Billing Records by CM\ECF upon counsel for Defendants:

>Lindsey M. Saad, Esquire
>Flaherty Legal
>48 Donley Street
>Suite 501
>Morgantown, WV 26501
>lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 23rd day of December 2016.

>Friedrichs Harris, Administrator
>By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com