IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

v.   CIVIL ACTION NO.: 2:16-cv-00046
    JUDGE BAILEY

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO PRODUCE BILLING RECORDS AND MOTION TO PROHIBIT DR. PELTS FROM OFFERING TESTIMONY AT THE EVIDENTIARY HEARING

COME NOW, Defendants, Q&A Associates, Inc. (hereinafter "Q&A"), Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter "Defendants"), by counsel, Thomas V. Flaherty, Lindsey M. Saad, Christopher M. Jones, and Flaherty Sensabaugh Bonasso, PLLC, and move this Court to deny Plaintiff's Motion For Enlargement Of Time to Produce Billing Records and to prohibit Dr. Pelts from testifying at the evidentiary hearing in this matter.  In support of this Motion, Defendants aver as follow:

    1.    On December 19, 2016, Defendants filed their Emergency Motion for Production of Records or, in the Alternative, to Exclude Dr. Pelts from Offering Testimony at the Evidentiary Hearing.  [EMCF Doc. 28].  Defendants argued that, prior to eliciting "expert testimony from Dr. Pelts, Plaintiff should be required to produce Dr. Pelts's entire file including, but not limited to, all medical and administrative records." Id.

1

at ¶ 7.  In support of the Motion, Defendants explained that: (1) Dr. Pelts's file includes records of his evaluations and treatment that form the basis of his expert opinions; and (2) Dr. Pelts's file may contain legal documents relevant to Plaintiff's mental capacity. Id. at ¶9. Defendants attached two forms from Dr. Pelts's website including a form related to billing.

    2.    On December 20, 2016, the Court granted Defendants' Emergency Motion for Production of Records or, in the Alternative, to Exclude Dr. Pelts from Offering Testimony at the Evidentiary Hearing. [EMCF Doc. 29].  "The Court agree[d]" that "prior to eliciting the aforementioned expert testimony from Dr. Pelts, plaintiff should be required to produce Dr. Pelts's entire file including, but not limited to, all medical and administrative records."  Id.  The Court Order states that Plaintiff is "**ORDERED** to produce **Dr. Pelts's entire file for Evan M. Harris, including all medical and administrative records, releases, and agreements**."  Id. (emphasis supplied).  The Court Order is clear that Plaintiff was to produce Dr. Pelts's *entire file* for Evan Harris, not selected portions of the file.  Id.  The Court imposed a December 23, 2016, deadline for production of the entire file. Id.  Pursuant to the Order, if Plaintiff did not produce Dr. Pelts's entire file on or before December 23, 2016, then Dr. Pelts would be prohibited from testifying at the evidentiary hearing in this matter.  Id.

    3.    On December 20, 2016, Plaintiff filed his Response to Defendants Motion for Production of Records.  [EMCF Doc. 30].  Plaintiff represented that there were no legal documents executed by Evan M. Harris within Dr. Pelts's file and attached two

pages of billing records which he entitled "Exhibit 1 – Billing Information" and "Exhibit 2 – Billing Forms."[1]  Id. at ¶10.

4. On December 23, 2016, Plaintiff notified Defendants that he intended to produce 88 pages of records received from Dr. Pelts.  <u>Exhibit 1, Correspondence regarding Production of Records</u>.  In response to the small number of records, Defendants reiterated that Plaintiff needed to produce all billing records related to Plaintiff.  Id. Shortly thereafter, Plaintiff notified Defendants that he did not request or intend to produce Dr. Pelts's entire file. <u>Exhibit 2, Correspondence regarding Records Requested from Dr. Pelts</u>. Instead, Plaintiff only requested and intended to produce Dr. Pelts's medical chart for Evan M. Harris.  Id.

5. Defendants notified Plaintiff that his intended production did not include Dr. Pelts's entire file, and thus, did not comply with the Court's Order.  <u>Exhibit 3, Correspondence regarding Scope of Court Order</u>.  Defendants explained that their request for Dr. Pelts's entire file included numerous documents and records beyond Dr. Pelts' medical chart for Evan M. Harris.  Id.  Furthermore, "[b]ecause of the clarity of the Court's order, the urgency of this matter, and the prejudice that [Defendants] will suffer," Defendants were unable to grant an extension to produce records which were clearly within the scope of production required by the Court's Order.  Id.

6. On December 23, 2016, Plaintiff filed a Motion for enlargement of time to produce Dr. Pelts's billing records.  [EMCF Doc. 32].  Therein, Plaintiff admits that he did not request Dr. Pelts' billing records for Evan M. Harris.  Id. at ¶3.  According to Plaintiff, Defendants did not specifically request billing records in their Motion, and thus,

---

[1] Plaintiff also requested that the Court enter a protective order preventing dissemination of Dr. Pelts's file.  Although not required by the Order, Defendants drafted and sent Plaintiff a draft protective order.  The proposed protective order has been filed with the Court.

3

he did not request them from Dr. Pelts.  Id. at ¶3.  Essentially, Plaintiff contends that a request for an "entire file" is only a request for certain portions of the "entire file" whih does not include billing records.  Plaintiff's argument, however, is inconsistent with Defendants' request, the Court's Order, and the Plaintiff's own filings in this matter.

7. To begin, Dr. Pelts should be prohibited from testifying at the evidentiary hearing in this matter because Plaintiff violated the Court's Order. Namely, Plaintiff failed to produce Dr. Pelts's entire file on or before December 23, 2016.  Thus, pursuant to the Court's Order, Dr. Pelts should be prohibited from testifying at the evidentiary hearing in this case.

8. Moreover, Plaintiff's request for an enlargement of time to produce the records is without good cause.  In this case, good cause does not exist.  Indeed, Plaintiff's failure to produce Dr. Pelts's entire file on or before December 23, 2016, resulted from Plaintiff's conscious decision to violate the Court's Order. Plaintiff admits that he did not even request Dr. Pelts's entire file; instead, he only requested limited portions of Dr. Pelts's file for Evan M. Harris.  According to Plaintiff, he did not realize billing records were part of Defendants' request for "Dr. Pelts's entire file including, but not limited to, all medical and administrative records."  However, Plaintiff's argument is inconsistent with Plaintiff's prior responsive filings.  Specifically, in his Response to Defendants' Emergency Motion, Defendant attached two pages of billing records entitled "Exhibit 1 – Billing Information" and "Exhibit 2 – Billing Forms" which Plaintiff apparently determined were within the scope of Defendants' request.  Thus, in his own filings, Plaintiff illustrated his understanding that billing records were within the scope of Defendants' request and the subsequent Court Order. For the reasons set forth above,

4

Plaintiff's conscious decision to disregard the Court's Order was in bad faith. Accordingly, Plaintiff cannot establish good cause for his request for an extension, and therefore, it should be denied.

9. Furthermore, Defendants have been prejudiced by Plaintiff's decision to disobey the Court's Order. In spite of the Court Order, Plaintiff made a conscious decision to request only the medical chart and not the "entire file." Plaintiff's actions have prejudiced the Defendants and prevented Defendants from preparing for the evidentiary hearing. When Defendants confronted Plaintiff regarding his decision, Plaintiff blamed the Defendants, claimed ignorance, and sought an extension from the Court. However, the time for production of Dr. Pelts's records has ended, and Plaintiff has no one to blame but himself for violating the Court's Order. Defendants should not be punished because of Plaintiff's decision to play fast and loose with the Court's Order. However, Plaintiff should be.

10. Accordingly, Plaintiff's request for additional time to produce Dr. Pelts's entire file should be denied and Dr. Pelts should be prohibited from testifying at the evidentiary hearing in this matter.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's request for an enlargement of time and prohibit Dr. Pelts from testifying at the evidentiary hearing in this matter because Plaintiff failed to produce Dr. Pelts's entire file on or before December 23, 2016. Defendants also request such other and further relief as this Court deems just and proper.

**Q & A ASSOCIATES, INC.,**

**ANGELA SHOCKLEY,
KEITH BISHOP,
MATTHEW SHOCKLEY,
SANDY SCHMIEDEKNECHT, and
TAMMY ROBBINS**,

**DEFENDANTS
BY COUNSEL,**


<u>/s/ Christopher M. Jones</u>
Lindsey M. Saad (WV Bar No. 11155)
Christopher M. Jones (WV Bar No. 11689)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
cjones@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

v.                                        **CIVIL ACTION NO.: 2:16-cv-00046**
                                              **JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

## CERTIFICATE OF SERVICE

I certify that on this 26th day of December, 2016, I filed electronically via CM/ECF a true copy of **"RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO PRODUCE BILLING RECORDS AND MOTION TO PROHIBIT DR. PELTS FROM OFFERING TESTIMONY AT THE EVIDENTIARY HEARING"** with notice of the same being electronically served by the Court, addressed to the following:

        David A. Sims, Esq.
        Law Offices of David A. Sims, PLLC
        P.O. Box 5349
        Vienna, WV 26105

                                            /s/ Christopher M. Jones
                                            Lindsey M. Saad (WV Bar No. 11155)
                                            Christopher M. Jones (WV Bar No. 11689)