IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Elkins

**Friedrichs Harris, Administrator of**
**the Estate of Evan M. Harris,**

    **Plaintiff,**

V.                                                                                      **Civil Action No.: 2:16-cv-00046**
                                                                                              **Judge Bailey**

**Q&A Associates, Inc.,**
**Angela Shockley, Keith Bishop,**
**Matthew Shockley, Sandy Schmiedeknecht,**
**and Tammy Robbins.**

    **Defendants.**

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE**
**TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME AND MOTION TO EXCLUDE DR. PELTS**

Now Comes Plaintiff by and through his counsel and does hereby reply to Defendants' Response to Plaintiff's Motion for Enlargement of Time and Motion to Exclude Dr. Pelts from testifying at the evidentiary hearing in this matter on January 4, 2017. Said reply is based upon the following:

    1.    Defendants filed their emergency motion to compel the production of Dr. Pelts' file (ECF #28) on December 19, 2016 at 4:27 p.m.;

    2.    This Court granted Defendants' emergency motion by its Order (ECF #29) on December 20, 2016 at 4:22 p.m., which gave Plaintiff until December 23, 2016 to produce all the records Defendants requested in their motion. Mysteriously absent from Defendants' motion was a request for billing records, which would disclose the dates of service, the amount charged and the amount paid, and are not kept in the patient's chart;

1

3. Plaintiff filed his Response to the emergency motion, albeit after the Court's Order granting the same, (ECF #30) at 4:53 p.m. on December 20, 2016, to demonstrate that there was no emergency; that Defendants waited until the last minute to file their motion; that Defendants filed their motion without even asking if the records would be voluntarily produced by Plaintiff; and, that Evan M. Harris had not signed any legal documents relating to his treatment as Defendants' alleged in their motion;

4. Defendants' emergency motion was clearly based upon two premises: they thought that Dr. Pelts had Evan M. Harris sign legal documents to be treated; and, they needed his records to prepare to cross examine him about his opinion that Evan M. Harris lacked the capacity to sign legal documents. Defendants contended that: (1) Dr. Pelts's file includes records of his evaluations and treatment that form the basis of his expert opinions; and (2) Dr. Pelts's file may contain legal documents relevant to Plaintiff's mental capacity. (ECF #28 at ¶9). "Defendants attached two forms from Dr. Pelts's website including a form related to billing." (ECF #34 at ¶1). Defendants were obviously hoping to find that Dr. Pelts had Evan M. Harris sign legal documents, so they could attempt to undermine his conclusion that Evan M. Harris lacked capacity to sign based upon the documents that are on Dr. Pelts's website. The problem is that Evan M. Harris had been a patient for 10 years, which was at a time that some of the documents on the website did not even exist;

5. The first premise of Defendants' emergency motion was debunked by the office records relating to Evan M. Harris's chart. Evan M. Harris's mother signed the legal documents necessary for his treatment and for billing, which were attached to Plaintiff's Response to the emergency motion (ECF #30) and the entirety of those administrative and

2

billing information documents were produced as a part of the production of the entirety of Evan M. Harris's chart on December 23, 2016 (ECF #33) so Defendants know that Evan M. Harris did not sign any of the documents that they believed he signed and those forms and records have been produced. Defendants failed to acknowledge that they have received those records as a part of the records that Plaintiff has produced. Instead, Defendants claim that Plaintiff did not produce any billing records, which would incorrectly lead this Court to believe that these forms that Defendants were concerned about had not been produced, when they have been;

  6. As noted in Plaintiff's Motion for Enlargement of Time, he was unable to produce a computer listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system because Defendants' counsel had not requested them until 9:20 a.m. on Friday, December 23, 2016, by e-mail, at a time that Dr. Pelts' office was closed for the Christmas holiday in response to Plaintiff's counsel's email stating that there were not that many records. As noted by Plaintiff's counsel in his email, Plaintiff's counsel flew from Parkersburg, West Virginia on December 22, 2016 to Charlotte, North Carolina and then onto meet up with his family in St. Augustine, FL, where he spent the night and then traveled by car onto Orlando, FL on Friday December 23, 2016. Only one computer file had come through by email, so he did not know there were 487 pages of documents to be sent to Defendants;

  7. Plaintiff attempted to get counsel for Defendants to agree to a resolution of the computer file listing the dates of service, the amount charged and the amount paid from Dr. Pelts's computer system, but Defendants' counsel refused. When counsel for Plaintiff advised that he could not produce the computer file listing of the dates of service, the

amount charged and the amount paid from Dr. Pelts' computer system, and requested additional time to produce that listing, Defendants' counsel said that they were unable to grant such an extension because of the prejudice to their clients and because the computer file was a part of Evan M. Harris's chart. Clearly the computer file was not a part of his chart because it was not in there. If it was truly what Defendants were looking for in their motion, one would have thought they would have specifically requested them. All other documents in the chart were produced, even the outside of the folders of the chart were copied and produced, so that Defendants would have everything;

8. Had Defendants specifically requested billing records, the computer file listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system, they would have been produced. Instead, Defendants requested them by email on December 23, 2016, at a time that Dr. Pelts' office was closed, and now want this Court to punish Plaintiff for not complying with the Court's Order;

9. Defendants failed to acknowledge that Plaintiff produced 487 pages of records in accordance with the Court's Order. Included in the documents produced were copies of the exterior of the file folders of Evan M. Harris's chart. The production was very complete. Plaintiff produced those records in accordance with the Court's Order, but the computer record listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system could not be produced because the office was closed;

10. Plaintiff did not know that Dr. Pelts' office was going to be closed on December 23, 2016 for the Christmas holiday. The office was also closed yesterday, December 26, 2016, for the Christmas holiday, which again prevented Plaintiff from producing the computer file until today;

11. Defendants have alleged that they have been prejudiced by giving Plaintiff additional time to produce the computer file listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system, but there is no demonstrable prejudice, except for this Court permitting Dr. Pelts to testify that Evan M. Harris lacked capacity to sign legal documents. The records relating to testing performed on Evan M. Harris have been produced; the records relating to his medications have been produced; the records relating to his diagnoses have been produced; the records from other physicians and health care providers have been produced; in other words, all the records that Defendants need to prepare for cross-examining Dr. Pelts have already been produced;

12. Defendants have not been prejudiced, nor will they be, if this Court permits Plaintiff to produce the computer file listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system today;

13. This Court should not punish Friedrichs Harris because his attorney did not ask for a computer file listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system on December 22, 2016, by the time that Dr. Pelts' office closed for the Christmas holidays, when the same had not ever been requested until the following morning, on December 23, 2016; and,

14. Defendants have not set forth any legitimate basis for their Motion to Exclude the testimony of Dr. Pelts in their Response and Motion to Exclude. The documents that they need to prepare for his cross-examination were produced in accordance with the Court's Order. A computer file listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system will not assist them in cross-examining him.

Instead, Defendants have used it as a distraction from the documents that were produced by Plaintiff, which demonstrate a lack of capacity and support Dr. Pelts' opinions.

  Wherefore, Plaintiff prays that this Honorable Court will enter an Order granting him until 12:00 noon today to produce the computer file listing of the dates of service, the amount charged and the amount paid from Dr. Pelts' computer system. Defendants have not been prejudiced by delay.

                Friedrichs Harris, Administrator
                By counsel,


/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com

**CERTIFICATE OF SERVICE**

I David A. Sims as counsel for Plaintiff do hereby certify that I served a copy of <u>Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Enlargement of Time and Motion to Exclude Dr. Pelts' Testimony</u> upon counsel for Defendants through the CM-ECF filing system addressed as follows:

>Lindsey M. Saad, Esquire
>FLAHERTY LEGAL
>48 Donley Street
>Suite 501
>Morgantown, WV 26501
>lsaad@flahertylegal.com

Dated at Orlando, Florida on this 27th day of December 2016.

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com