**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

       **Plaintiff,**

**v.**                               **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

       **Defendants.**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**

       Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter collectively "Q&A" or "Defendants"), by counsel, hereby submits the following facts, law, and argument in support of Defendants' Motion for Summary Judgment.

**BRIEF SUMMARY OF ARGUMENT**

       The Plaintiff in this matter, Friedrichs Harris, as administrator of the estate of his son Evan Harris has brought the instant wrongful death suit. However, the Plaintiff has failed to comply with this Court's scheduling order and failed to disclose expert witness opinions to support the theories advanced and alleged in this case as required by FRCP 26(a)(2)(A) and (B). Because the allegations in this case involve questions as to the duties owed by a young adult residential program and these questions are outside of the realm of knowledge of a lay witness or juror, the Plaintiff must come forward with

expert testimony. Because of Plaintiff's failure to do so in this case, these Defendants move this court for judgment as a matter of law.

## PROCEDURAL HISTORY

On June 10, 2016, Plaintiff Friedrichs Harris, Administrator of the Estate of Evan M. Harris, filed the Complaint in this case.  [EMCF Doc. 1].  The Complaint asserts causes of action against the Defendants related to Evan Harris' participation in the Q&A Associates, Inc. young adult transitional program. Defendants filed their Answer to the Complaint [EMCF Doc. 11] on September 19, 2016, and their Amended Answer on September 23, 2016.  [EMCF Doc. 13].  Prior to Defendants' filing their Answer and Amended Answer, the Court entered a Scheduling Order on August 15, 2016. [EMCF Doc. 9]. In the August 2016 Scheduling Order, the Court set a deadline to disclose expert witnesses on April 26, 2017 for the party with the burden of proof and May 31, 2017 for the party without the burden of proof with a January 16, 2018 trial date. Based on a stay of proceedings as a result of the Defendants' Motion to Compel Arbitration [EMCF Doc. 19], the parties filed a Joint Motion for Amended Scheduling Order. [EMCF Doc. 55]. The Court granted this motion and on June 12, 2017, entered an Amended Scheduling Order. [EMCF Doc. 60]. The Amended Scheduling Order set a deadline to disclose expert witnesses on November 10, 2017 for the party with the burden of proof and December 15, 2017 for the party without the burden of proof with a July 24, 2018 trial date. The Court's Amended Scheduling Order explained that expert disclosures are to be made pursuant to Federal Rules of Civil Procedure Rules 26(a)(2)(A) and (B).

The deadline for parties to join additional parties or amend pleadings was set for September 29, 2017 per the Amended Scheduling Order. However, the parties filed a

Motion to Extend the Joinder and Amendment Deadline [EMCF Doc. 63] to move the deadline to November 15, 2017 (the same date as Plaintiff's expert disclosure deadline), which was granted. The Defendants requested the extension to allow sufficient time to review the large volume of documents produced with Plaintiff's written discovery responses to determine whether any additional parties should be joined. During this time frame, Plaintiff's counsel also stated that he intended to join an additional party and the parties agreed not to take depositions during this period prior to the deadline for joinder and amendments. There was never any indication or discussion that the parties did not intend to comply with the deadlines set forth in the Amended Scheduling Order. Similarly, the Plaintiff never requested an extension of any of these deadlines. On November 15, 2017, the Plaintiff neither filed any motion to join a party or any disclosure of Plaintiff's expert witness(es).

Since the Amended Scheduling Order was entered, the parties have exchanged written discovery, produced relevant documentation, and have worked to obtain deposition dates. Moreover, the Court has not amended any substantive deadlines and the parties have not otherwise agreed to extend any deadlines.

## STATEMENT OF FACTS

Q&A Associates, Inc. is a program based in Davis, West Virginia for young adults who have struggled to transition to independent living. Specifically, the Journey program is for young men to provide a supportive environment where they may learn real life skills. After moving from many other institutions and programs, at the age of 23 Evan Harris joined the Journey Program at Q&A Associates on November 19, 2015. During Evan's time at Q&A Associates, Inc., Evan was assessed, provided employment at a

restaurant, provided with life skill coaching, given access to counseling, and encouraged and coached to make positive decisions in his daily life. Unfortunately, on January 24, 2016, Evan Harris was found deceased of an apparent suicide. This instant case stems from Evan Harris's participation in the Q&A Associates, Inc. program and his ensuing death. The instant Complaint was filed against Q&A Associates, Inc. and various individuals employed or contracted with the Q&A program.

All of the Counts in the Complaint are based on the alleged negligence of the Defendants while Evan Harris was a participant of the Q&A program and his ensuing death by suicide on January 24, 2016. Plaintiff's June 10, 2016 Complaint includes eleven counts against the Defendants:

- Count I—Intentional Infliction of Emotional Distress;

- Count II—Negligence in Performing Assessment of Evan M. Harris;

- Count III—Negligent Supervision of Program Participants;

- Count IV—Negligent Hiring of Staff;

- Count V—Negligent Training of Staff;

- Count VI—Negligent Staffing Levels;

- Count VII—Negligent Program Design;

- Count VIII—Negligent Program Assessments;

- Count IX—Negligent Misrepresentations of Facts;

- Count X—Intentional Misrepresentation of Fact; and

- Count XI—Violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA").

See Complaint, ¶¶95-201.

These allegations and characterizations are denied by the Defendants, but for the purpose this motion, these factual allegations amount to a wrongful death claim and derivative claims, which require the Plaintiff to come forth with expert witness opinions in support of his theories. Because the Plaintiff has failed to do so, these Defendants move this Court for entry of judgment as a matter of law.

## LEGAL STANDARD

Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).   The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989). Recognizing the importance of the plaintiff's burden to come forward with sufficient admissible evidence to make a prima facie showing in support of his or her case, this District has held that "the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial." *Am. Equity Ins. Co. v. Lignetics, Inc.*, 284 F. Supp. 2d 399, 403 (N.D. W. Va. 2003) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 324 (1986)). See also, *Laughlin v. Metro. Wash. Airports Auth.*, 149 F. 3d 253, 258 (4th Cir. 1998).

Plaintiff has failed to meet his burden of proof on the essential elements of negligence; therefore, summary judgment is appropriate.

## ARGUMENT

As required by the Court's Amended Scheduling Order, Plaintiff was required to provide an expert disclosure in compliance with FRCP 26(a)(2)(A) and (B). Pursuant to Federal Rules of Civil Procedure Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial." Moreover, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). This report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Id.

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless* the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). In determining whether a nondisclosure of evidence is substantially justified or harmless for the purposes of this

exclusion analysis, district courts have "broad discretion" and should consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

**I.    Expert Testimony is Required in Negligence Actions Involving Assessment and Supervision of Individuals in Young Adult Transitional Programs which Form the Basis for Plaintiff's Complaint.**

It is axiomatic that Plaintiff must produce sufficient evidence on all essential elements of his claim.  Under West Virginia law, "[t]o prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Watson v. Wilson*, 2011 U.S. Dist. LEXIS 42966 *8, 2011 WL 1527519, (N.D. W. Va. 2011) (quoting *Strahin v. Cleavenger*, 216 W. Va. 175, 603 S.E.2d 197, 205 (W. Va. 2004)).  However, in the present case, it is undisputable that Plaintiff will be unable to procure the evidence necessary to prosecute his claims.

 Further, "[i]n order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Syl. pt. 6, *Hannah v. Heeter*, 213 W. Va. 704, 584 S.E.2d 560 (2003).  The West Virginia Supreme Court of Appeals has described "duty" as follows:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not

> exercised. The test is, would the ordinary man [or woman] in the defendant's position, knowing what he [or she] knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

Syl. Pt. 3, *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988).  Thus, in order for Plaintiff's claims to survive summary judgment, they must show that Defendants administered a program in a manner in which they should have reasonably anticipated harm of the general nature alleged by Plaintiff. Without an expert opining on the duties owed in this setting of a residential transition program, Plaintiff cannot meet that burden.

What is more, it is well established that some subjects, due to their highly technical nature, require expert testimony because the requisite knowledge or expertise exceeds that of the lay juror.  *See* Fed. R. Evid. 702, advisory committee's note (1975) ("An intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge. The most common source of this knowledge is the expert witness. . ."); *see also* Syl. Pt. 3, in part, *Totten v. Adongay*, 175 W. Va. 634, 337 S.E.2d 2 (1985) ("It is the general rule that want of professional skill can be proved only by expert witnesses.")  "Where a matter is beyond the competency of a layperson, then an expert must be employed."  *Thompson v. Hope Gas Inc.*, 2013 W. Va. LEXIS 124, at *3 (W. Va. Feb. 11, 2013) (memorandum decision) (affirming order granting Defendant's motion for summary judgment based on Plaintiffs' failure to present a standard of care expert in case involving negligent repair of a furnace).

To date, Plaintiff has failed to disclose or provide a report of any expert in accordance with the Court's June 12, 2017 Amended Scheduling Order. Without an expert, Plaintiff will be unable to provide testimony necessary to establish: 1) the duty

owed in cases involving assessments, supervision, hiring of staff, training of staff, staffing levels, program design, or program assessments 2) the causal link between Defendants' allegedly negligent actions and Plaintiff's damages; or 3) the alleged damages sustained by Plaintiff.

The Plaintiff in this case bears the burden of proof in establishing that the Defendants were negligent and that they breached the applicable duty in their assessment, guidance and supervision of Evan Harris. Plaintiff must further establish that any alleged breach caused the damages complained of in this lawsuit. In the present action, Plaintiff alleges damages as a result a program administered by Defendants in which Evan Harris was a participant. Specifically, Harris "was enrolled as a participant in the Q&A Associates, Inc.'s program called The Journey WV." *See Complaint* at ¶47. Plaintiff ultimately contends that as a result of negligent assessment and supervision, Evan Harris committed suicide by hanging on January 24, 2016. Because of the complex nature of the duties and obligations of a young adult transitional program in which the goal is to cultivate independence, an expert witness is essential to proving the elements of Plaintiff's claims.

Specialized knowledge of a program aimed toward young adults will be required to evaluate and provide testimony in this matter. The average juror—and Plaintiff, for that matter—are not qualified to evaluate such programs offered by Defendants and testify regarding the appropriate assessment, coaching and guidance provided to Evan Harris.  And while an individual might be able to review the circumstances surrounding Evan Harris's time at the Q&A program, the average juror is unable to determine the applicable duties for the various Defendants.

As with the alleged duties of providing an appropriate level of assessment, supervision, and guidance for Evan Harris, the jurors, Plaintiff, and other lay witnesses are not qualified to offer opinions or testimony on this issue. At this time, Plaintiff's allegations are unsupported by expert testimony. As is stands currently without expert testimony, the alleged wrongdoing by Defendants is nothing more than mere speculation. Accordingly, because Plaintiff will be unable to come forward with evidence on essential elements of his claim, there are no genuine issues of material fact and Defendants are entitled to relief as a matter of law.  Furthermore, the claims under Count I of the Complaint, alleging that Defendants "intentionally and/or recklessly contribut[ed]" in the January 24, 2016 death of Evan Harris which resulted in "emotional distress", are derivative of wrongful death/negligence alleged in Counts II—IX.  *Id.* at ¶¶114-115.[1]

For all these reasons, in order to sustain a cause of action in negligence against these Defendants, Plaintiff must present expert testimony on the duties required in administering a young adult transitional program, causation as to the death of Evan Harris, and any damages resulting from Harris' death.  Plaintiff has failed to do so; therefore, summary judgment is appropriate.

---

[1] "The damages provided for in the wrongful death statute are not unlike the damages recoverable in a loss of consortium claim: both arise out of the death or injury of another person. As one court stated, in the wrongful death action 'the estate and the survivors suffered loss, not directly from the collision, but from the loss of the deceased who was killed in the accident. All their claims are derivative from the deceased as was the husband's consortium claim[.]'" *Davis v. Foley*, 193 W. Va. 595, 599 (1995) (citing *Jones v. Zagrodnik, 600 So. 2d 1265, 1266 (Fla. Dist. Ct. App. 1992).*

II.    **Allowing Expert Testimony for Plaintiff's Negligence Actions would Severely Prejudice the Defendants at This Late Stage in Litigation.**

At this time, the parties have acted in accordance with all deadlines set forth in the Amended Scheduling Order. There has been no indication by Plaintiff's counsel that any substantive deadlines, including the expert disclosure or trial date, would need to be amended or otherwise delayed. In fact, on December 15, 2017, counsel for Defendants provided their expert disclosure in compliance with the Amended Scheduling Order and FRCP 26(a)(2)(A) and (B). See ECMF Doc. 66.   Defendants are prejudiced by affirmatively disclosing their defenses and expert theories in this matter before the Plaintiff, who bears the burden in this case. Not only did the Plaintiff fail to timely disclose expert opinions, but still to date the Plaintiff has not attempted to remedy this failure.

With a trial date of July 24, 2018 looming, an expert disclosure and accompanying report would be a significant surprise to the Defendants and their current preparation of a defense. The only cure for such "surprise" would require an additional delay in the current Amended Scheduling Order, to which Defendants vehemently oppose. While Plaintiff may argue that no delay is necessary, such late disclosure would undoubtedly delay the trial of this matter. Defendants would require at least an additional 60 days, as Plaintiffs have had, to prepare rebuttal witnesses and craft a defense tailored to newly discovered opinions of Plaintiff's experts. While expert testimony is critical to the prosecution of Plaintiff's claims, the prejudicial nature of allowing a disclosure of an expert witness more than three months after the deadline is significant to the Defendants. A disclosure of this nature would constitute a "trial by ambush" and would require Defendants to rush in preparation of a defense. Allowing

such late disclosure would render other deadlines "toothless" as there does not appear to be a valid reason for Plaintiff's failure to disclose as described above. For these reasons, the Court must find that the failure to provide an expert disclosure was unjustified, would cause unnecessary delay, and will not be permitted. Based upon Plaintiff's inability to provide expert testimony, the Court must grant summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins respectfully request that their Motion for Summary Judgment be granted and that all claims asserted against them be dismissed, with prejudice, together with such other and further relief as the Court deems appropriate.

**DEFENDANTS,**
**By Counsel**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

**v.**                               **CIVIL ACTION NO.: 2:16-cv-00046**
                                           **JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT,  and TAMMY ROBBINS.**

      **Defendants.**

## CERTIFICATE OF SERVICE

I certify that on this 7th day of March, 2018, I filed electronically via CM/ECF a true copy of "**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**" with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105


/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)