IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

v.                                                      **CIVIL ACTION NO.: 2:16-cv-00046**
                                                              **JUDGE BAILEY**

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

      Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter collectively "Q&A" or "Defendants"), by counsel, hereby submit the following reply in support of Defendants' Motion for Summary Judgment.

      In Plaintiff's response, he appears to make two arguments: 1) expert opinions are not necessary to prove Plaintiff's case, or 2) if expert opinions are required, the Plaintiff provided reports in the form of the report authored by Dr. Fenstermacher and the affidavit by Dr. Pelts in response to written discovery requests of the Defendants.

      Addressing Plaintiff's first argument, in this case Plaintiff essentially argues that the Defendants' negligence caused the suicide of Evan Harris. It is axiomatic that expert opinions will be required to establish what standards were allegedly not met by the Defendants' alleged negligence with regard to proper assessment, monitoring, hiring,

1

staffing, and supervision as alleged by the Plaintiff. The jury cannot be left to their own devices to set these standards. Furthermore, because of Evan Harris's complex medical and psychiatric background, it is evident that the causation of the suicide is going to be a key issue at trial. Expert testimony again will be necessary to explain the different factors that may come into play when considering the cause of a suicide.

Although the West Virginia Supreme Court of Appeals has not addressed the need for an expert in a non-healthcare provider case involving suicide, the Court of Civil Appeals in Oklahoma has addressed a case similar to the instant case and found expert testimony to be necessary. In *Williams v. New Beginnings Residential Care Home*, 2009 OK CIV APP 75, 225 P.3d 17 (2009), the Plaintiff brought suit after his adult daughter committed suicide by hanging while at the New Beginnings residential care home. *Id.* at 19. Similar to the Q&A Associates, Inc. program, the New Beginnings program was not a locked door facility and the participants are adults that can voluntarily leave at any time. *Id.* at 20. In granting summary judgment for the Defendants, the Court found that "[Plaintiff] has offered no authority that establishes the duty of care owed by a residential care facility to its residents." *Id.* at 27. The Court further explained as follows:

> "Whether [the decedent's] actions during her home visits in April should have put New Beginnings on notice that this previously nonsuicidal resident was now exhibiting suicidal tendencies, and whether its failure to recognize those signs and take corrective action fell below the standard of care owed to its resident, requires expertise beyond that of common experience.

*Id.* at 30. Just as in the *Williams* case, in this case the jury is in no way equipped to make these determinations without the aid of expert testimony. Accordingly, because the Plaintiff has failed to properly disclose expert witnesses and opinions in this matter, these Defendants are entitled to summary judgment as a matter of law.

2

With regard to Plaintiff's second argument that the Plaintiff has identified and provided reports of his expert witnesses, the Plaintiff is attempting to play fast and loose with the Federal Rules of Civil Procedure in making such an assertion. Rule 26 governs discovery disclosures. It dictates that a party must disclose the identity of any witness who could offer expert testimony or evidence at trial. *Fed. R. Civ. P. 26(a)(2)(A).* The rule then very specifically states that experts retained solely for the purpose of trial are required to provide a written report that contains a complete statement of all opinions the witness will express and the basis and reasons for them, the facts and data relied upon, exhibits that will be used to support them, and a list of the witness's qualifications, a list of all other cases in which the witness has testified as an expert previously, and a statement of compensation. *Id.*

In this case, Plaintiff lists two of Evan Harris's treating physicians as expert witnesses: Dr. Fenstermacher and Dr. Pelts. Accordingly, the following portion of Rule 26 is relevant:

> (C) *Witnesses Who Do Not Provide A Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> i) the subject matter on which the witness is expected to present evidence under the Federal Rules of Evidence 702, 703, or 705; and
>
> ii) a summary of the facts and opinions to which the witness is expected to testify.

*Fed. R. Civ. P. 26(a)(2)(C).* Rule 26 instructs parties to "make these disclosures at the times and in the sequence that the court orders." *Fed. R. Civ. P. 26(a)(2)(D).* This Court's scheduling order also clarifies that "the disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of physicians and other medical providers who

examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case. However, their testimony shall be limited to the medical records unless designated as expert witness for the purpose of giving opinion testimony (i.e. permanent disability, future medical treatment, etc.). [Doc. 60]. By making this clarification, the Court explains that the Plaintiff must still set forth the subject matter and summary of facts and opinions as required in Fed. R. Civ. P(a)(2)(C) for healthcare providers.

Plaintiff's expert disclosure was due on November 10, 2017. [Amended Scheduling Order; Doc. 60]. To date, the Plaintiff has not filed a Rule 26(a) expert witness disclosure. Although the Plaintiff identified Dr. Pelts, Dr. Fenstermacher, and Christine Woodfin as expert witnesses in response to a discovery request from the Defendants, the Plaintiff failed to identify these witnesses in a formal expert witness disclosure per the rules. Furthermore, the Plaintiff failed to provide the subject matter of their expected testimony and a summary of the facts and opinions to which the witness is expected to testify, which is the crux of an expert witness disclosure. In his Response, the Plaintiff points out that he provided Dr. Pelts's affidavit regarding his opinions as to Evan Harris's mental capacity to enter a contract. This was relevant for the matter of whether the arbitration clause was applicable, but it is not an opinion relevant to the claims of the Plaintiff against the Defendants in this case. Further, the Plaintiff provided the medical record of Dr. Fenstermacher in which he performed a psychological evaluation of Evan Harris. This again does not in any way offer specific opinions regarding the claims or allegations in the instant case. Because of this, the Defendants are left guessing as to what opinions or theories these expert witnesses propose to give

at trial. Based upon Plaintiff's inability to provide expert testimony, the Court should grant summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins respectfully request that their Motion for Summary Judgment be granted and that all claims asserted against them be dismissed, with prejudice, together with such other and further relief as the Court deems appropriate.

**DEFENDANTS,**
**By Counsel**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

v.                                              CIVIL ACTION NO.: 2:16-cv-00046
                                                     JUDGE BAILEY

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

## **CERTIFICATE OF SERVICE**

I certify that on this 4th day of April, 2018, I filed electronically via CM/ECF a true copy of "**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**" with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

                                             /s/ Lindsey M. Saad
                                           Lindsey M. Saad (WV Bar No. 11155)