UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

       Plaintiff,

v.                                                            Civil Action No. 2:16-cv-46
                                                              Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

       Defendants.

**PLAINTIFF'S PROPOSED JURY CHARGE**

**PRELIMINARY INSTRUCTIONS:**

      I instruct you that during the trial and until you have heard all of the evidence and

retired to the jury room to deliberate, you are not to discuss the case with anyone, not even

among yourselves. If anyone should try to talk to you about the case, including a fellow

juror, bring it to my attention promptly. There are good reasons for this ban on discussions,

the most important being the need for you to keep an open mind throughout the

presentation of evidence. I know that many of you use cell phones, smart phones like

Android phones and iPhones and other portable electronic devices; iPads, laptops,

netbooks, and other computers both portable and fixed; and other tools of technology, to

access the internet and to communicate with others.  You also must not talk to anyone

about this case or use these tools to communicate electronically with anyone about the

case.  This includes your family and friends.  You may not communicate orally with anyone

about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, MySpace, LinkedIn, and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill

my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case. Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance.  You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that

you or fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.  Here are some other specific points to keep in mind about note taking:

1.      Note-taking is permitted, not required.  Each of you may take notes.  No one is required to take notes.

2.      Be brief. Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand.  Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3.      Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.    Do not take your notes away from court.  I repeat, at the end of each day, please leave your notes in the jury room. "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

Now that you have heard all of the evidence and the closing arguments of the lawyers in this case, it is my duty to give you the instructions of law applicable to this civil action. It is your duty as jurors to follow the law as stated in the Court's instructions and to

apply these rules of law to the facts as you find them from the evidence in the case. I will permit you to take these instructions with you to the jury room. However, you must not single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what you believe the law ought to be, it would be a violation of your sworn duty as jurors to base your verdict upon any other view of the law than that given in these instructions. It would also be a violation of your sworn duty, as judges of the facts of this case, to base your verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all of the jurors and to arrive at a verdict by applying the same rules of law, as given in the Court's instructions. You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Complaint of the plaintiff and the Answer thereto of the defendant. You must perform your duty without any bias or prejudice as to either party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court's instructions, and then reach a just verdict, regardless of the consequences. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In this case, Rick Harris claims that the Defendants did not properly care for his son while he was participating in a program called The Journey West Virginia, and that his son committed suicide as a result of it. Defendants deny those claims. I will give you detailed instructions on the law and those instructions will control your deliberations and decision.

**Types of Evidence**:

As I mentioned at the start of this trial, there are, generally speaking, two types of evidence from which you, the jury, may properly find the truth as to the facts of the case. One is direct evidence -- such as the testimony of an eye witness. The other is indirect, or circumstantial, evidence -- proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all of the evidence in the case, both direct and circumstantial.

Statements and arguments of the attorneys are not evidence in the case. Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts which have been brought to your attention as facts that are uncontroverted and undisputed.

**Use of Technology**:

The technology and equipment which is being used in the Courtroom is generally available to all parties for presentation of their cases and evidence to the jury as their attorneys may believe appropriate. The fact that a party does or does not utilize currently

available equipment and technology should have no bearing or influence upon the jury in its deliberations. Do not make any inference from the use or non-use of such equipment in the presentation by any party of their evidence, but consider the evidence presented on the issues defined for you by the Court in these instructions. Any evidence to which an objection was sustained by the Court during the course of trial, and any evidence ordered stricken by the Court, must be entirely disregarded by you in your deliberations. Anything you may have seen or heard outside the Courtroom is not evidence and must be entirely disregarded by you. You are to consider only the evidence in the case, but in your consideration of the evidence, you are not limited to the mere statements of the witnesses. In other words, you are not limited solely to what you have seen and heard the witnesses testify to. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in light of your experience. You should use your common sense in considering the evidence, and you may draw reasonable inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. An inference is a deduction or conclusion which reason and common sense lead the jury to draw from the facts which have been established from the evidence in the case.

**Credibility of Witnesses**:

You, as jurors in this case, are the sole judges of the credibility of the witnesses and the weight and value their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony of the witness. You should

not assume that I hold any opinion regarding any questions that I may ask of the witnesses. In addition, no action, mannerism, or behavior of mine during the course of this trial is intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider each witness's ability to observe the matters to which the witness has testified, and whether each witness impresses you as having an accurate recollection of these matters. Consider also any relation the witness may bear to either side of the case. Consider the manner in which each witness might be affected by the verdict, if at all, and the extent to which, if at all, the testimony of each witness is either supported or contradicted by other evidence in the case.

In deciding whether or not to believe a witness, please also keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction was an innocent misrecollection or a lapse of memory, or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

A witness, whether or not a party, may be discredited or impeached by contradictory evidence; or by evidence that on a previous occasion the witness may have made statements which are inconsistent with the witness's current testimony. If you believe a witness has been impeached or if a witness has been shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness's

testimony in all other particulars; and you may reject all the testimony of that witness or give it just such credibility as you may think it deserves. However, even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes a witness remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

**Opinion Testimony**:

You have heard testimony containing opinions from _____. In weighing this opinion testimony, you may consider the qualifications of the witness, the reasons for his or her opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinion of these witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias that the witness may have, including any bias that may arise from evidence that the witness has been or will be paid for reviewing the case and testifying or from evidence that the witness testifies regularly and makes a large portion of his or her income from testifying in court.

**<u>Plaintiff's Instruction #1   Preponderance of the Evidence</u>**:

In these instructions, you will hear that the Rick Harris plaintiff is required to prove his case by a preponderance of the evidence. "To establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In a civil case, such as this, it is proper to find that the party has succeeded in carrying the burden of proof, if, after consideration of all of the evidence in the case, you believe that what is sought to be proved on that issue is more likely true than not true. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence. In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

_____ Given        _____ Given as Amended   _____ Denied

**<u>Plaintiff's Instruction No. 2 Negligence</u>**:

Negligence is the failure to use reasonable care to prevent harm to oneself or others. A person's conduct is negligent when he or she either does something that a reasonably careful person would not do in a similar situation, or he or she fails to do something that a reasonably careful person would have done in a similar situation. "Negligence is the violation of the duty of taking care under the given circumstances. It is not absolute, but is always relative to some circumstance of time, place, manner, or person. The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?"

_____

Syl. Pt. 3, <u>Sewell v. Gregory</u>, 179 W.Va. 585, 371 S.E.2d 82 (1988).

Syl. Pt. 2, in part, <u>Washington v. B. & O. R.R. Co.</u>, 17 W.Va. 190, 1880 WL 4038 (W.Va.1880).

Syl. Pt. 1, <u>Dicken v. Liverpool Salt & Coal Co.</u>, 41 W.Va. 511, 23 S.E. 582 (1895).

<u>Strahin v. Cleavenger</u>, 216 W. Va. 175, 179, 603 S.E.2d 197, 201 (2004).


_____ Given       _____ Given as Amended   _____ Denied

12

**Plaintiff's Instruction No. 3 Elements of a Negligence Action**:

Rick Harris claims that his son Evan M. Harris was harmed by negligent conduct of the Defendants. To recover damages on this claim, Rick Harris must prove, by a preponderance of the evidence, that:

1. That the Defendants owed his son a duty;

2. That the Defendants were negligent; and

3. That his son died; and

4. That the Defendants' negligence was a proximate cause of the death of Evan M. Harris.

If Rick Harris proves by a greater weight of the evidence that the individual Defendants and the corporate Defendant were each negligent and their negligence was a proximate cause of Evan Harris' death, each may be found at fault for the death.

_____

Kodym v. Frazier, 186 W.Va. 221, 412 S.E.2d 219 (1991).

The jury must allocate the percentages of fault of the parties and nonparties pursuant to W.Va. Code §§ 55-7-13(a)-(d) (2015).

_____ Given        _____ Given as Amended   _____ Denied

**Plaintiff's Instruction No. 4 Intentional Infliction of Emotional Distress**:

Rick Harris has alleged that in causing his son's death, the actions of the Defendants inflicted emotional distress on him and the other members of his family. One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

In order for Rick Harris and the beneficiaries of the Estate of Evan Harris to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown:

(1) that the Defendants' conduct taken as a whole was extreme and outrageous as to exceed the bounds of decency;

(2) that the Defendants acted recklessly when it was certain or substantially certain emotional distress would result from their conduct;

(3) that the actions of the Defendant caused the beneficiaries of the Estate of Evan Harris to suffer emotional distress; and,

(4) that the emotional distress suffered by the beneficiaries was so severe that no reasonable person could be expected to endure it.

—————————————————

Travis v. Alcon Labs., Inc., 202 W. Va. 369, 371, 504 S.E.2d 419, 421 (1998);

Syllabus Point 6, Harless v. First Nat. Bank in Fairmont, 169 W.Va. 673, 289 S.E.2d 692 (1982); and,

Syllabus Point 3, Musgrove v. Hickory Inn, Inc., 168 W.Va. 65, 281 S.E.2d 499 (1981).

_____ Given       _____ Given as Amended   _____ Denied

**Plaintiff's Instruction No. 5 Negligent Supervision of Program Participants**:

Rick Harris has alleged that the Defendants were negligent in supervising the program participants, including his son, which was a proximate cause of his death. In order to prove that the Defendants negligently supervised program participants, including his son Evan Harris, Rick Harris must prove that it is more likely than not that:

1. The Defendants had a duty to supervise program participants, including Evan Harris; 2. That under the circumstances of the supervision of Evan Harris, did these Defendants meet their obligation to properly supervise him, in other words, did these Defendants act with reasonable care in providing supervision for Evan Harris based upon all of the circumstances; and, 3. That Evan's death occurred because these Defendants failed to properly supervise him under the circumstances.

_____

W. Prosser & W. Keeton, The Law of Torts § 30 (5th ed. 1984);

Robertson v. LeMaster, 171 W.Va. 607, 301 S.E.2d 563, 567 (1983);

Parsley v. General Motors Acceptance Corp., 167 W.Va. 866, 280 S.E.2d 703, 706 (1981);

Restatement (Second) of Torts § 281 (1965); and,

Hartman v. Bethany Coll., 778 F. Supp. 286, 291 (N.D.W. Va. 1991).

A college has a general obligation to its students to maintain a campus environment free of foreseeable harm. See Mullins v. Pine Manor College, 389 Mass. 47, 449 N.E.2d 331 (1983) (holding that college had a duty to protect a female student abducted from her campus dormitory and assaulted in another campus building); Shannon v. Washington University, 575 S.W.2d 235 (Mo.App.1978) (holding college liable for injuries resulting from fall on sidewalk on university grounds); Miller v. State, 62 N.Y.2d 506, 478 N.Y.S.2d 829, 467 N.E.2d 493 (1984) (holding college liable for rape of student occurring in dorm room); Brown v. North Carolina Wesleyan College, 65 N.C.App. 579, 309 S.E.2d 701, 703 (1983) (noting that college can be liable for criminal assault by third party upon student under certain circumstances). Cited in Hartman v. Bethany Coll., 778 F. Supp. 286, 291 (N.D.W. Va. 1991).

College may be liable for suicide of a dormitory resident because a special relationship existed that gave rise to a duty to protect the decedent from the foreseeable danger that he would hurt himself. Schieszler v. Ferrum College, 236 F. Supp. 2d 605, 611 (W.D. Va. 2002).

_____ Given       _____ Given as Amended   _____ Denied

15

**Plaintiff's Instruction No. 6 Negligent Hiring of Staff**:

Rick Harris contends that the Defendants negligently hired staff members who were not properly screened prior to employment. In determining if these Defendants negligently hired employees, you must determine by a greater weight of the evidence that when the employee was hired or retained, that the Defendant Q & A did not conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee and should Defendant Q & A have reasonably foreseen the risk caused by hiring or retaining an unfit person. In other words, you must determine from a greater weight of the evidence that when the Defendants hired employees that they made a reasonable investigation of their backgrounds to determine if they were properly suited for the work that was to be performed; that they did not perform a proper investigation; and that the death of Evan M. Harris was reasonably foreseeable to the Defendants from failing to hire competent staff.

_____

McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998).

_____ Given        _____ Given as Amended   _____ Denied

16

**Plaintiff's Instruction No. 7 Negligent Training of Staff**:

Rick Harris contends that the Defendants negligently trained staff members who after they were hired or failed to train them at all. In determining if these Defendants negligently trained employees or failed to train them, you must determine by a greater weight of the evidence that when the employee was hired that the Defendant Q & A did not conduct reasonable training for the employee vis a vis for the job for which the employee was hired; that the negligent training or failure to train created the possible risk of harm to a third party like Evan Harris, which could result from the conduct of an untrained employee; and that Defendant Q & A should have reasonably foreseen the risk caused by failing to train personnel.

_____

McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998).

_____ Given       _____ Given as Amended   _____ Denied

**Plaintiff's Instruction No. 8 Negligent Staffing Levels**:

Rick Harris contends that the Defendants negligently provided levels of staffing. In other words, Rick Harris contends that there were not enough staff present on the premises on the day of Evan Harris's death to prevent the same. In determining if these Defendants negligently failed to provide sufficient staffing, you must determine by a greater weight of the evidence that the Defendant Q & A did not provide sufficient number of people to properly supervise the people they had in the programs on the date of Evan Harris's death; that the failure to provide sufficient staff created the possible risk of harm to a third party like Evan Harris; and that Defendant Q & A should have reasonably foreseen the risk caused by failing to have sufficient staff on duty.

_____

McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998).

_____ Given        _____ Given as Amended  _____ Denied

**<u>Plaintiff's Instruction No. 9 Negligent Program Design</u>**:

Rick Harris contends that the Defendants negligently designed the program The Journey WV to meet the needs of people like his son Evan Harris. In other words, Rick Harris contends that the program, based upon the circumstances of his son, were insufficient to meet his son's needs, which was more likely than not a proximate cause of his son's death. In determining if these Defendants negligently designed the program, you must determine by a greater weight of the evidence that the Defendant Q & A's program was not designed to meet the needs of Evan Harris; that Defendant Q & A knew or should have known that the program was not properly designed to meet the needs of Evan Harris; that the program's design posed a risk of harm to a third party like Evan Harris; and that Defendant Q & A should have reasonably foreseen the risk caused by failing to have properly designed the program.

_____

<u>McCormick v. W. Virginia Dep't of Pub. Safety</u>, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998).

_____ Given        _____ Given as Amended   _____ Denied

19

**Plaintiff's Instruction No. 10 Negligent Program Assessments**:

Rick Harris contends that the Defendants negligently or failed to do program assessments of the program The Journey WV to determine if it was meeting the needs of people like his son Evan Harris. In other words, Rick Harris contends that the Defendants failed to program, based upon the circumstances relating to his son, were insufficient to meet his son's needs, which was more likely than not a proximate cause of his son's death. In determining if these Defendants negligently designed the program, you must determine by a greater weight of the evidence that the Defendant Q & A's program was not designed to meet the needs of Evan Harris; that Defendant Q & A knew or should have known that the program was not properly designed to meet the needs of Evan Harris; that the program's design posed a risk of harm to a third party like Evan Harris; and that Defendant Q & A should have reasonably foreseen the risk caused by failing to have properly perform program assessments.

_____

McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998).

Strahin v. Cleavenger, 216 W.Va. 175, 603 S.E.2d 197, 206, 213 (2004).


_____ Given        _____ Given as Amended   _____ Denied

20

**Plaintiff's Instruction No. 11 Liability for Negligent Misrepresentations of Material Fact**:

Rick Harris contends that the Defendants intentionally misrepresented the following facts to Evan M. Harris's parents:

a.    That they would perform assessments on their son to determine his progress and they would be shared with them on a regular basis;

b.    That their son was being properly supervised twenty-four hours a day and seven days a week;

c.    That they properly screened their staff members prior to hiring;

d.    That they had properly trained staff to assist their son;

e.    That they had sufficient staff to ensure their son's progress;

f.    That they had sufficient staff to ensure their son's safety;

g.    That they had properly designed programs to meet their son's needs; and,

h.    That they regularly performed assessments of the programs to determine their effectiveness.

Rick Harris also contends that this information was not true; that the Defendants made these representations to him and his wife, but that the Defendants were negligent in answering his questions; and that his son was permitted to die while in The Journey West Virginia program because of these negligent misrepresentations. In other words, you must find that the Defendants made these statements to the Harrises; that at the time that they were made, the Defendants negligently provided this information; that the Harrises relied upon these statements when they enrolled their son in The Journey West Virginia program; and that their son, Evan Harris, died as a result of the negligent misrepresentations.

_____

West Virginia Code §§ 46A–6–104 and –102(L) and (M). Section 46A–6–104 states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct *827 of any trade or commerce are hereby declared unlawful." Section 46A–6–102 clarifies, " 'Unfair methods of competition and unfair or deceptive acts or practices' means and includes ... (L) [e]ngaging in any ... conduct [other than that outlined in subsections (A) through (K) ] which similarly creates a likelihood of confusion or of misunderstanding; [or] (M) [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby...."

Tinsley v. OneWest Bank, FSB, 4 F. Supp. 3d 805, 826–27 (S.D.W. Va. 2014).

"Tort law" is one such category, and reckless or negligent misrepresentation is a tort claim. Reckless or negligent misrepresentation claims would only incidentally affect the lending operations of federal savings associations since lending institutions can easily avoid making affirmative misrepresentations through the simple due diligence that is expected of all commercial enterprises. Finally, these claims are consistent with the purposes of § 560.2(a) in that "[t]here is no indication that the law is aimed at any state objective in conflict with the safe and sound regulation of federal savings associations, the best practices of thrift institutions in the United States, or any other federal objective identified in § 560.2(a)." OTS Op. Letter, 1996 WL 767462, at *6. Thus, Plaintiff's reckless or negligent misrepresentation claims that Defendant represented to Plaintiff that she was not in compliance with federal regulations and her contractual agreement with Defendant because of her flood insurance policy and threatened to foreclose on Plaintiff's property, twice, if she did not pay the vague "property charge" of $1,369.70 are not preempted under HOLA.

Tinsley v. OneWest Bank, FSB, 4 F. Supp. 3d 805, 829 (S.D.W. Va. 2014)

_____ Given       _____ Given as Amended    _____ Denied

22

**Plaintiff's Instruction No. 12 Liability for Intentional Misrepresentations of Material Fact**:

Rick Harris contends that the Defendants intentionally misrepresented the following to Evan M. Harris's parents, in other words the Defendants committed fraud when they said:

a.      That they would perform assessments on their son to determine his progress and they would be shared with them on a regular basis;

b.      That their son was being properly supervised twenty-four hours a day and seven days a week;

c.      That they properly screened their staff members prior to hiring;

d.      That they had properly trained staff to assist their son;

e.      That they had sufficient staff to ensure their son's progress;

f.      That they had sufficient staff to ensure their son's safety;

g.      That they had properly designed programs to meet their son's needs; and,

h.      That they regularly performed assessments of the programs to determine their effectiveness.

Rick Harris also contends that this information was not true, that the Defendants made these representations to him and his wife, but that the Defendants were fraudulent in answering his questions and that his son was permitted to die while in The Journey West Virginia program because of these misrepresentations. In other words, you must find that the Defendants made these statements to the Harrises; that at the time that they were made, the Defendants knowingly provided false information to them; that the Harrises relied upon these statements when they enrolled their son in The Journey West Virginia program and were justified in their reliance; and that their son, Evan Harris, died as a

23

result of the fraudulent conduct of these Defendants.

_____

The West Virginia Supreme Court of Appeals treats a claim for "intentional misrepresentation" as a fraud
claim, so this Court will do as well. See, e.g., Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 231
W.Va. 577, 746 S.E.2d 568, 576 (2013) ("Actionable fraud must ordinarily be predicated upon an
intentional misrepresentation of a past or existing fact and not upon a misrepresentation as to a future
occurrence." (emphasis removed) (internal quotation marks omitted)). Under West Virginia law, the essential
elements of a fraud claim are "(1) that the act claimed to be fraudulent was the act of the defendant or
induced by him; (2) that it was material and false; (3) that plaintiff relied upon it and was justified under the
circumstances in relying upon it; and (4) that he was damaged because he relied upon it." Bowens v. Allied
Warehousing Servs., Inc., 229 W.Va. 523, 729 S.E.2d 845, 852 (2012) (brackets omitted).

Tinsley v. OneWest Bank, FSB, 4 F. Supp. 3d 805, 833 (S.D.W. Va. 2014)


_____ Given      _____ Given as Amended   _____ Denied

**Plaintiff Instruction No. 13 Liability for Manager's Acts**:

If you find that managers of Q & A Associates, Inc. committed negligent acts within the scope of his or her employment, then those acts may be considered the acts of Q & A Associates, Inc.

_____

Syl. Pt. 3, <u>Musgrove v. Hickory Inn, Inc.</u>, 168 W.Va. 65, 281 S.E.2d 499 (1981);

Syl. Pt. 3, <u>Barath v. Performance Trucking Co., Inc.</u>, 188 W.Va. 367, 424 S.E.2d 602 (1992).


_____ Given        _____ Given as Amended  _____ Denied

**Plaintiff Instruction No. 14 Proximate Cause**

Rick Harris must prove that Evan Harris's death was proximately caused by the actions of the Defendants. One requisite of proximate cause is an act or an omission which a person of ordinary prudence could reasonably foresee might naturally or probably produce an injury, and the other requisite is that such act or omission did produce the injury.

Proximate cause is a cause which in the natural and continuous sequence produces a person's injury. It is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result. It is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

If a first act of negligence sets off a chain of events or creates a situation ultimately resulting in injury, then such negligence may very well constitute the proximate cause of said injury, even if intervening negligence occurs. Additionally, where two or more persons are guilty of separate acts of negligence which in point of place and time concur, and together proximately cause or contribute to the injuries of another, such persons are guilty of concurrent negligence for which they may be held jointly and severally liable.

An intervening cause, in order to relieve a person charged with negligence in connection with an injury, must be a negligent act which constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury.

_____

Phillips v. Pneumo Abex, LLC, 713 F. App'x 191, 195 (4th Cir. 2017)

Evans v. Farmer, 148 W.Va. 142, 154–156, 133 S.E.2d 710, 717–718 (1963).

Syllabus Point 1, <u>Reilley v. Byard</u>, 146 W.Va. 292, 119 S.E.2d 650 (1961).

Syllabus Point 5, <u>Kodym v. Frazier</u>, 186 W.Va. 221, 412 S.E.2d 219 (1991).

Syllabus Point 3, <u>Wehner v. Weinstein</u>, 191 W.Va. 149, 444 S.E.2d 27 (1994).

<u>Sheetz, Inc. v. Bowles Rice McDavid Graff & Love, PLLC</u>, 209 W. Va. 318, 332, 547 S.E.2d 256, 270 (2001).

Syl. Pt. 4, <u>McCoy v. Cohen</u>, 149 W.Va. 197, 140 S.E.2d 427, 428 (1965).


_____ Given      _____ Given as Amended   _____ Denied

**Plaintiff's Instruction No. 15 Respondeat Superior**:

In this case, it is alleged that agents and employees of the Defendant Q & A Associates, Inc. were legally liable for the death of Evan Harris. Agents and employees can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. Of course, if agent or employee is acting within the scope of his employment, then his principal or employer may also be held liable." Where a supervisor of an employer has, within the scope of employment, caused, contributed to, or acquiesced in the intentional or reckless infliction of emotional distress upon an employee, then such conduct is attributed to the employer, and the employer is liable for the damages that result.

_____

O'Dell v. Universal Credit Co., 118 W.Va. 678, 191 S.E. 568 (1937)

Zirkle v. Winkler, 214 W. Va. 19, 21, 585 S.E.2d 19, 21 (2003).


_____ Given        _____ Given as Amended   _____ Denied

**Plaintiff's Jury Instruction No. 16 Damages for Personal Injury to Evan M. Harris**:

If you decide that Rick Harris has proven that the Defendants or any of them are legally responsible for an injury to Evan M. Harris, you may reasonably compensate the beneficiaries for any harm that Evan M. Harris suffered prior to his death. The purpose of awarding damages is to compensate a person who has been injured or harmed as fully and completely as possible.

Damages that are speculative cannot be recovered. However, the mere fact that damages may be difficult to determine should not cause you to refuse to award them where the right to such damages has been proven. You may award the following specific items of damage if they have been proven by a preponderance of the evidence:

There is no rule or set method for deciding the amount of these damages. The amount of these damages is left to the discretion of the jury to decide what is fair and just. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

---

Flannery v. United States,171 W.Va. 27, 297 S.E.2d 433 (1982);

Ellard v. Harvey, 159 W.Va. 871, 231 S.E.2d 339 (1976);

Kingdon v. Stanley, 158 W.Va. 835, 215 S.E.2d 462 (1975).

**Plaintiff's Instruction No. 17 Damages for Wrongful Death**:

If you decide that Rick Harris has proven that the Defendants are legally responsible for the death of his son Evan M. Harris, then you may award damages. You may award Rick Harris, as the administrator of Evan M. Harris's estate, damages for expenses reasonably incurred as a result of Evan M. Harris's death. The expenses incurred by Rick Harris that you may award as damages are:

1. Reasonable funeral expenses;

2. Any other expenses reasonably incurred as a result of the wrongful conduct that resulted in Evan M. Harris's death. In addition, you may award damages to Rick Harris as the Administrator of his son's estate that amount you find is fair and just to reasonably compensate Rick Harris, Kathy Harris and their daughter. You will decide the amount of the award to be distributed, if any, to each of these persons. In making your award of damages to be distributed to each of these persons you may consider:

1. The sorrow, mental anguish and solace suffered by the beneficiaries of his Estate, including his father, Rick Harris, his mother Kathy Harris and his sister Elaine Harris as a result of the death of Evan M. Harris. This loss may include loss of society, companionship, comfort, guidance, kindly offices and advice of Evan M. Harris.

2. The reasonable value of the household services, care and assistance that Evan M. Harris would have provided.

3. Compensation for any conscious pain and suffering that Evan M. Harris suffered between the time he was admitted to the Defendants' program and the time of his death. W. Va. Code § 55-7-6.

30

**Plaintiff's Instruction No. 18 West Virginia Consumer Credit Protection Act Violations**:

Rick Harris contends that the Defendants, acting in concert with each other, are guilty of engaging in the following unfair or deceptive acts or practices in violation of the West Virginia Consumer Credit and Protection Act:

a. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

b. Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

d. Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model if they are of another;

e. Advertising goods or services with intent not to sell them as advertised;

f. Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; and,

g. The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby.

The West Virginia Consumer Credit Protection Act as set forth in W. Va. Code § 46A-6-104 makes the use of deceptive practices unlawful.

In order to recover for violations of the Act, Rick Harris must prove by a greater weight of the evidence that the Defendants engaged in these acts; that he relied upon their

violations of the Act and that his reliance was justified under the circumstances; and, that

the Defendants' violations were a proximate cause of the death of his son Evan Harris.

_____

W. Va. Code § 46A-6-104

The purpose of the [WVCCPA] is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action. As suggested by the court in State v. Custom Pools, 150 Vt. 533, 536, 556 A.2d 72, 74 (1988), "[i]t must be our primary objective to give meaning and effect to this legislative purpose." Where an act is clearly remedial in nature, we must construe the statute liberally so as to furnish and accomplish all the purposes intended.

Bourne v. Mapother & Mapother, P.S.C., 998 F. Supp. 2d 495, 501 (S.D.W. Va. 2014).

**Plaintiff's Instruction No. 19 Punitive Damages**:

I will now explain the law of punitive damages. Although I am explaining the law of punitive damages it does not mean that I have any opinion on whether punitive damages should be awarded. That decision is yours alone. You are not required to award punitive damages. If you award Rick Harris, as the Administrator of the Estate of Evan M. Harris, compensatory damages to compensate for the injuries or losses sustained by the beneficiaries, then you may also award the beneficiaries punitive damages. You may not award punitive damages if you do not first find that Rick Harris as Administrator of the Estate of Evan M. Harris is entitled to compensatory damages.

As a general proposition, the purposes of punitive damages are: (1) to punish a wrongdoer for conduct that has harmed another party; and (2) to discourage a wrongdoer and others from acting the same way in the future. Therefore, punitive damages are damages that are awarded to punish and deter wrongdoers. Punitive damages are in addition to damages you award to compensate a party for injuries or losses. Punitive damages may be awarded where you find by clear and convincing evidence that the Defendants acted with actual malice toward Evan M. Harris, or that the Defendants acted with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others. "Clear and convincing" evidence is proof that produces in your mind a firm belief or conviction that actual malice, or that conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, has been established. "Actual malice" may be found where you find the Defendants acted with a state of mind shown by conduct that was intended to or was substantially certain to injure Evan M. Harris, without any just cause or excuse. Therefore, if you find from the evidence that the Defendants committed a wrongful

act with actual malice toward Evan M. Harris or acted with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, then you may award punitive damages in an amount you believe is sufficient to punish the Defendants and to serve as an example to prevent them and others from acting in a similar way in the future. Remember, you are not required to award punitive damages and any punitive damages that are awarded must be in addition to damages which are necessary to compensate the beneficiaries of the Estate of Evan M. Harris for their injuries or losses.

There is no fixed formula to determine the amount of punitive damages, but you cannot just pull numbers out of the air. If you decide to award punitive damages you should consider the following factors in determining the amount of punitive damages:

1. Punitive damages should bear a reasonable relationship to the harm that is likely to occur from Defendants' conduct as well as to the harm that actually has occurred. If the Defendants' actions caused or would likely cause in a similar situation only slight harm, the punitive damages should be relatively small. If the harm or potential harm is severe, the punitive damages should be greater.

2. You may consider whether Defendants' conduct was reprehensible, and in doing so, you should take into account: (a) how long Defendants continued their actions; (b) whether Defendants were aware that their actions were causing, or were likely to cause harm; (c) whether Defendants attempted to conceal or cover up their actions or harm caused by such actions; and (d) how often Defendants engaged in similar conduct in the past.

3. You may consider whether Defendants profited from their wrongful conduct, and if you find Defendants did profit from their conduct, you may remove the profit and your

award may be in excess of the profit, so that the award discourages future bad acts by these Defendants.

4. As a matter of fundamental fairness, punitive damages must bear a reasonable relationship to compensatory damages.

5. In determining the amount of punitive damages, the financial position of these Defendants is relevant.

_____

Mayer v. Frobe, 40 W.Va. 246, 22 S.E. 58 (1895).

W.Va. Code § 55-7-29

Syl. Pt. 3 of Garnes v. FlemingLandfill, Inc., 186 W.Va. 656, 413 S.E.2d 897 (1991).

**<u>Deliberations</u>**:

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions. You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges — judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and

that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

Respectfully submitted,

Friedrichs Harris, Administrator

*s/David A. Sims*
_____
David A. Sims (#5196)
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

37

## **CERTIFICATE OF SERVICE**

I David A. Sims as counsel for Plaintiff do hereby certify that I served the attached Plaintiff's Proposed Jury Instructions through the CM/ECF service:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street, Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 7th day of May 2018.


Friedrichs Harris, Administrator
By counsel,


/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com