**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

        **Plaintiff,**

**v.**                                **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

        **Defendants.**

<u>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**</u>

COME NOW Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter collectively "Defendants"), by counsel,  and pursuant to this Court's Amended Scheduling Order, hereby submit the following proposed jury instructions for the upcoming Trial in this matter.  Defendants reserve the right to modify, revise, and/or add instructions based upon development before or during the course of Trial.

                                 **DEFENDANTS,**

                                 **By Counsel**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

## DEFENDANTS' REQUEST FOR INSTRUCTION NO. 1
*Summary of Claims*

This case arises out of Plaintiff's claims that while Evan Harris was a participant in a young adult residential program administered by Q & A Associates, Inc., Evan Harris committed suicide. The Plaintiff has claimed that the Defendants' negligence resulted in the death by suicide on January 24, 2016.

The following instructions will explain the law that you must apply in deciding this case.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.2

*No Presumption of Fault*

There is no presumption that the Plaintiff is entitled to recover in this case against Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, or Tammy Robbins simply because suit has been filed against them.  On the contrary, in deciding this case, you must be governed by the evidence before you, and Plaintiff is required under the law to prove any fault of Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins by a preponderance of the evidence.

Syl. Pt. 1, *Crane and Equipment Rental Co. v. Park Corp.,* 350 S.E.2d 692 (W. Va. 1986)
*Ellis v. Union Pacific R.R.,* 329 U.S. 649, 653 (1947)
*Davis v. Gross*, 164 S.E.2d 899 (W. Va. 1968)
*Griffith v. Wood*, 149 S.E.2d 205 (W. Va. 1966)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.3

*No Prejudice, Sympathy or Bias; No Speculation, Conjecture or Guesswork*

You may not arrive at your verdict in this case by prejudice, sympathy or bias for or against any of the parties.  This case must be decided by you upon the evidence presented to you in the courtroom under the instructions of the Court, and prejudice, sympathy, bias or any other outside matter should have no place in your deliberations in reaching a verdict in this case.  Further, you are to consider only the evidence presented in this case, and you may not arrive at your verdict by guesswork, speculation or random judgment.  But, in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  On the contrary, you are permitted to draw, from the facts which you find to be true, such inferences and conclusions which seem reasonable to you based upon your own common sense and experience.

*Edwards v. Lynch*, 175 S.E.2d 632 (W. Va. 1970)
*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186 (4th Cir. 1982)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

**DEFENDANTS' REQUEST FOR INSTRUCTION NO.4**

*Witness Credibility*

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he/she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his/her demeanor–that is, his/her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he/she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he/she testified, the accuracy of his/her memory, his/her candor or lack of candor, his/her intelligence, the reasonableness and probability of his/her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense and your good judgment.

Eighth Circuit Model Civil Jury Instruction 3.03
Ninth Circuit Model Civil Jury Instruction 3.07
Eleventh Circuit Pattern Civil Jury Instruction 3


Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.5

*Impeachment*


The Court instructs the jury that a witness may be impeached and discredited by prior inconsistent statements, and if the jury believes from the evidence in the case that the witness made inconsistent and contrary statements concerning the incidents of this case, then the jury has the right to disregard his whole testimony, or give it such weight to which they think it is entitled.

*State v. Trail*, 53 S.E. 17 (W. Va. 1906)
Vol. 3, Instructions for Virginia and West Virginia, (5th Ed.) at § 114-104

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.6

### *Expert Witnesses*

Our rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions; however, one exception to this rule exists regarding persons known as "expert witnesses." However, it is well established that in some subjects, due to their highly technical nature, expert testimony is required. The most common source of this knowledge is the expert witness. These are witnesses who, by virtue of their education or experience have become knowledgeable in a certain area, science, profession or calling. Witnesses who are recognized as experts may state their opinions about relevant matters and they may give their reasons for their opinions. You should consider any expert opinions given in this case and give to such opinions such weight, if any, as you believe they deserve. In determining the weight to be given to the opinion of an expert witness, you should consider the education, training, skill, knowledge and experience of the expert, the basis for the expert's opinion, the confidence of the expert witness, the opinions of other similar witnesses on the same matters and the rules generally applicable to other witnesses in the case.

*Papenhaus v. Combs*, 292 S.E.2d 621 (W. Va. 1982)
Syl. Pt. 3, *Totten v. Adongay*, 337 S.E.2d 2 (W. Va. 1985)
Fed. R. Evid. 702, 703


Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.7

*Physical Facts*

In arriving at your verdict in this case, you may take into account the physical facts as shown by the evidence.  If you find that the testimony of any witness is irreconcilable with or contrary to the physical facts, as shown by the evidence, then you are at liberty to disregard the testimony of the witness you believe to be contrary to the physical facts in this case, or to give such testimony the weight that you deem proper under the circumstances.

*Smith v. Rude Carrier Corp.*, 151 S.E.2d 738 (W. Va. 1966)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO. 8

*Circumstantial Evidence*

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.  "Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.  "Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.  Sometimes different inferences may be drawn from the same set of facts.  The Plaintiffs may ask you to draw one inference, and Defendants' may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.  You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

3d Cir. Pattern Criminal Jury Instruction 3.03

Given _____
Given as modified _____
Refused _____

Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.9

*Deposition Testimony*

During the trial, the deposition(s) of witnesses were presented and received into evidence.  A deposition is testimony given by a witness, under oath, before trial.  The lawyers question the witness who swears to tell the truth and the questions and answers are recorded.  You should use the same methods in evaluating the deposition testimony that you use for a witness testifying in court. You are the judges of any witness' testimony whether it was in court or in a deposition.


West Virginia Pattern Jury Instruction §206.


Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.10

*Corporation as a Defendant*


       Although this is a suit between an individual on one side and a corporation on the other side, it is your duty to decide this case precisely as you would decide it if it were a case between two natural persons or a case between two corporations.  A corporation or other business entity "acts" through its agents and employees.  A corporation is a person under the law, and is entitled to the same consideration as would be given any natural person under the law.  The fact that a party is a corporation must be given no weight whatsoever in arriving at your verdict.

    *Queen v. West Virginia University Hospitals, Inc.,* 365 S.E.2d 375 (W. Va. 1987)
    *Princeton Ins. Agency, Inc. v. Erie Ins. Co.*, 690 S.E.2d 587, 596 (W.Va. 2009)


Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.11

*Negligence Defined*

Negligence is the failure to use reasonable care to prevent harm to oneself or others. A person's conduct is negligent when that person either does something that a reasonably careful person would not do in a similar situation, or when a person fails to do something that a reasonably careful person would have done in a similar situation. Negligence is always relative to the circumstances of time, place, manner, and person.

The test is, would the ordinary person in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?  A person is not liable for damages which result from an event which was not expected and could not reasonably have been anticipated by an ordinarily prudent person.

Plaintiff's claims that they were harmed by Defendants' negligent conduct. To recover damages on this claim, Plaintiff must prove, by greater weight of the evidence, all of the following for each defendant:

1.      That the defendant was negligent; and

2.      That Plaintiff was injured; and

3.      That the defendant's negligence was the proximate cause of Plaintiff's injury.

"Proximate cause" is the last negligent act contributing to the injury, without which the injury would not have occurred.

*McMillen v. Dettore*, 242 S.E.2d 459 (W. Va. 1978)
Syl. Pt. 3, *Sewell v. Gregory*, 371 S.E.2d 82 (W. Va. 1988)
*Puffer v. Hub Cigar Store*, 84 S.E.2d 145 (W. Va. 1954) (overruled on other grounds)
Syl. Pt. 1, *Dicken v. Liverpool Salt & Coal Co.*, 23 S.E. 582 (W. Va. 1895)
West Virginia Pattern Jury Instructions for Civil Cases (2016)

Syl. Pt. 1, *Mays v. Chang*, 579 S.E.2d 561 (W. Va. 2003)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.12

*Burden on Plaintiff to Prove Negligence*

Plaintiff alleges that Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins were negligent in their administration of a young adult residential program in which Evan Harris was a participant. Plaintiff further alleges that the negligent acts by Defendants' in their administration of a young adult residential program in which Evan Harris was a participant resulted in Harris' death by suicide on January 24, 2016. The burden in this case rests solely upon the Plaintiff to prove that Defendants were guilty of negligence and that such negligence was the proximate cause of Plaintiff's damages. You may not merely assume that there was negligence, in the absence of evidence of negligence.  Therefore, if you find that the Plaintiff failed to prove by a preponderance of the evidence that Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, or Tammy Robbins were guilty of negligence and further that the Plaintiff failed to prove by a preponderance of the evidence that such negligence proximately caused their damages, or if you find that the evidence is evenly balanced on the point, then your verdict must be for the Defendants on the claims for negligence.

*Keffer v. Logan Coca-Cola Bottling Works, Inc.*, 93 S.E.2d 225 (W. Va. 1956)
*Atkinson v. Harman*, 158 S.E.2d 169 (W. Va. 1967)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.13

*Negligence - Proximate Cause*

The negligence, if any, of Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, or Tammy Robbins is not a cause of the Plaintiff's damages unless that negligence was also the proximate cause of the damages complained of and was such as would have been reasonably expected to produce damages.  The Plaintiff may not recover damages for Defendants' negligence, if any, unless this negligence was the proximate, and not a remote, cause of the Plaintiff's damages.  The proximate cause is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the damages, and without which the result would not have occurred.  The proximate cause of an event is the last act contributing thereto, without which the injury would not have resulted.

Stated another way, it is not enough for Plaintiff merely to establish that Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, or Tammy Robbins were negligent in administering the young adult residential program in which Evan Harris was a participant.  Rather, Plaintiff must additionally show that those acts or omissions were a proximate cause of the damages that it claims to have suffered in this case.  If the Plaintiff does not make this showing, you must find in favor of Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins on these claims.

> *Haddox v. Suburban Lanes, Inc.,* 349 S.E.2d 910 (W. Va. 1986)
> *Johnson v. Mays*, 447 S.E.2d 563 (W. Va. 1994)
> *Brady v. Deals on Wheels*, 542 S.E.2d 457 (W. Va. 2000)
> *Evans v. Farmer*, 133 S.E.2d 710 (W. Va. 1963)
> Syl. Pt. 2, 3, *Webb v. Sessler*, 63 S.E.2d 65 (W. Va. 1950)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## <u>DEFENDANTS' REQUEST FOR INSTRUCTION NO.14</u>

*Negligence - Reasonably Foreseeable*

A person, or entity, is not liable for damages which result from an event which was not

expected and could not reasonably have been anticipated by an ordinary prudent person, or

entity.

Syl. Pt. 7, *Aikens v. Debow*, 541 S.E.2d 576 (W.Va. 2000)
Syl. Pt. 12, *Anderson v. Moulder*, 394 S.E.2d 61 (W. Va. 1990)
Syl. Pt. 5, *Haddox v. Suburban Lanes, Inc.*, 349 S.E.2d 910 (W. Va. 1986).

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.15

*Empty Chair*

If you find that a party who is not a defendant in this lawsuit is nevertheless responsible for Plaintiff's injuries, and if the evidence at trial reveals that the absent party was negligent and that such negligence, either by itself or in conjunction with the negligence of Plaintiff, was the sole proximate cause of Plaintiff's injury, then your verdict should be for Defendants Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins.

Syl. Pt. 2, *Doe v. Wal-mart Stores, Inc.,* 558 S.E.2d 663 (W. Va. 2001)
*Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc.*, 774 S.E.2d 555 (W. Va. 2015)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

**DEFENDANTS' REQUEST FOR INSTRUCTION NO.16**

*Measure of Damages*

The fact that I am giving you instructions about the proper measure of damages should not be considered or interpreted by you as an indication of any view on my part as to what your verdict should be in this case. Instructions as to the measure of damages are only given for your guidance. Unless you should find in favor of the Plaintiff on the question of liability against Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, or Tammy Robbins by a preponderance of the evidence, and in accordance with the other instructions of the Court, you are to disregard any instructions on the issue of damages.

You must also remember further that any award of damages must be reasonable. In your determination on the issue of damages, you may award only such damages as will reasonably compensate the Plaintiff for his damages. You are not permitted to award damages based upon sympathy, speculation or guesswork. Accordingly, any award of damages against Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, or Tammy Robbins must be based upon competent evidence which you have observed during this trial and the law as you are instructed by the Court.

The mere fact that I have instructed you on the issue of damages does not mean that you are required or encouraged by the Court to return a verdict in favor of the Plaintiff in this case.

*Flannery v. United States*, 297 S.E.2d 433 (W. Va. 1982)
*Edwards v. Lynch*, 175 S.E.2d 632 (W. Va. 1970)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.17

*Damages - Not Presumed*

The Court instructs the jury that if you find the Plaintiff is entitled to recover damages, those damages are nevertheless not presumed, nor may they be based upon speculation, but must be proven by a preponderance of the evidence. The burden is on the Plaintiff to prove by a preponderance of the evidence each item and element of damage claimed, and unless each such item or element thus claimed is proven by a preponderance of the evidence, the Plaintiff cannot recover.

Syl. Pt. 4, *State ex rel. Shatzer v. Freeport Coal Co.*, 107 S.E.2d 503 (W. Va. 1959)
*Dickens v. Sahley Realty Co.*, 756 S.E.2d 484 (W. Va. 2014)
*Filkins v. McAllister Bros.,* 695 F.Supp. 845, 854 (E.D. Va. 1988)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.18

*Compensatory Damages*

The Court instructs the jury that compensatory damages are such damages as will compensate the party injured for the loss sustained, that is, damages that measure the actual loss.

> *Stenger v. Hope Natural Gas Co.*, 80 S.E.2d 889 (W. Va. 1954)
> *Talbott v. W.Va., etc. Ry Co.*, 26 S.E. 311 (W. Va. 1896)

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.19

*Reasonable Damages*

Damages must be reasonable.  If you should find that if Plaintiff is entitled to a verdict, you may award the Plaintiff only such damages as will reasonably compensate him for such damage as you find from a preponderance of the evidence that was sustained as the proximate result of the incident.  You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

*Dowey v. Bonnell*, 380 S.E.2d 453 (W. Va. 1989)
*Bennett v. Walton*, 294 S.E.2d 85 (W. Va. 1982)
*Jordan v. Bero*, 210 S.E.2d 618 (W. Va. 1974)


Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.20

*No Communication*

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, the internet, any internet service, through e-mail, text messaging, instant messaging, through any blog or website, through any internet chat room, or by way of any other social media, including Twitter, Snapchat, Instagram, Facebook, LinkedIn, YouTube, and the like, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.21

*Punitive Damages*

If you find that a plaintiff is entitled to an award of compensatory damages, then you may also consider whether the plaintiff is entitled to any punitive damages. Punitive damages are damages that are awarded to punish a defendant who has damaged the plaintiff by acting willfully, wantonly, maliciously or oppressively, or through gross fraud or by reckless conduct affecting the rights of others.  A plaintiff is not entitled to punitive damages as a matter of right. In other words, even if you should find that a defendant's conduct rises to the level of gross fraud, malice, oppression, wanton, willful, or reckless misconduct, the decision to impose or to withhold punitive damages lies within your sound discretion.

You are instructed that if you find by *clear and convincing evidence* that the defendant(s) acted with actual malice or a conscious, reckless, and outrageous indifference to the health, safety and welfare of Evan Harris you may award punitive damages against the defendant(s).

Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.22

*Malice Required for Punitive Damages*

If you find that any of the Plaintiff is entitled to recover compensatory damages from Defendants, then you may further consider whether this is a case in which it is proper to award punitive damages.  In order to sustain a claim for punitive damages, the wrongful act must have been done maliciously, wantonly, or with criminal indifference to civil obligations.  A wrongful act done <u>without</u> malice in any form constitutes no basis for such damage.

*Mayer v. Frobe,* 22 S.E. 58 (W. Va. 1895);
*Garnes v. Fleming Landfill, Inc.,* 413 S.E.2d 897, 901-02 (W.Va. 1991);
*Poling v. Motorists Mut. Ins. Co.,* 450 S.E.2d 635, 637-38 (W.Va. 1994);
*Voorhees v. Guyan Mach. Co.,* 446 S.E.2d 672, 678 (W.Va. 1994);
*Ilosky v. Michelin Tire Corp.,* 307 S.E.2d 603, 619 (W.Va. 1983);
*Jopling v. Bluefield Waterworks & Improvement Co.,* 74 S.E. 943, 943-945 (W. Va. 1912);
Restatement (Second) of Torts, §908(1) (1979).


Given _____
Given as modified _____
Refused _____
Withdrawn _____

## <u>DEFENDANTS' REQUEST FOR INSTRUCTION NO.23</u>

*No Entitled to Punitive Damages*

A finding that any Plaintiff is entitled to compensatory damages does not mean that said Plaintiff has any right or entitlement to punitive damages.  The determination to award punitive damages in this case is within the jury's discretion, subject to the instructions I shall give you.

*Berry v. Nationwide Mut. Fire. Ins. Co.,* 381 S.E.2d 367, 373 (W. Va. 1989);
*Havalunch, Inc. v. Mazza*, 294 S.E.2d 70, 73 (W. Va. 1981);
*Mayer v. Frobe,* 22 S.E. 58 (W. Va. 1895).


Given _____
Given as modified _____
Refused _____
Withdrawn _____

## DEFENDANTS' REQUEST FOR INSTRUCTION NO.24

*Damages Limited to Facts*

In deciding whether to award punitive damages and, if so, what amount to award as punitive damages, you must take into account only those facts that have been established in this case.  You must not allow feelings of sympathy, bias, or prejudice to influence you in deciding whether to award punitive damages or what amount of punitive damages to award.  Therefore, if you decide to impose punitive damages, you may only punish Defendants for the alleged wrong done to Evan Harris in this case for which you have found a verdict.  You may not punish Defendants for harm that anyone other than Evan Harris, for which you have found a verdict, may have incurred as a result of Defemdants' conduct.  Any other persons claiming to have been harmed by Defendants have the right to bring their own lawsuit seeking damages.

*Brown v. Maxey*, 369 N.W.2d 677, 681 (Wis. 1985);
*Wangen v. Ford Motor Co.*, 294 N.W.2d 437, 458 (Wis. 1980).
*Garnes v. Fleming Landfill, Inc.*, 413 S.E.2d 897, (W.Va. 1991);
*Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007);
*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538, U.S. 408 (2003);
*White v. Ford*, 500 F.3d 693 (9th Cir. 2007);
*Continental Trend Resources, Inc. v. Oxy USA, Inc.*, 101 F.3d 634, 639-640 (10th Cir. 1996);
*Roginsky v. Richardson-Merrell, Inc.*, 378 F.2d 832, 839, 839 (2d Cir. 1967);
*Geressy v. Digital Equipment Corp.,* 950 F. Supp. 519 (E.D.N.Y. 1997);
*Green Oil Co. v. Hornsby,* 539 So. 2d 218 (Ala. 1989).


Given _____
Given as modified _____
Refused _____
Withdrawn _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

       **Plaintiff,**

**v.**                                **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA
CORPORATION, ANGELA SHOCKLEY, KEITH
BISHOP, MATTHEW SHOCKLEY, AND SANDY
SCHMIEDEKNECHT,  and TAMMY ROBBINS.**

       **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 7th day of May, 2018, I filed electronically via CM/ECF a true copy of

"**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**" with notice of the same being

electronically served by the Court to the following:


David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105


<u>/s/ Lindsey M. Saad</u>
Lindsey M. Saad (WV Bar No. 11155)