IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

v.                                                            CIVIL ACTION NO.: 2:16-cv-00046
                                                                     JUDGE BAILEY

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

**DEFENDANTS' MOTION *IN LIMINE* TO PROHIBIT PLAINTIFF**
**FROM INTRODUCING EXPERT OPINIONS DURING THE TRIAL OF THIS MATTER**
<u>**NOT PREVIOUSLY DISCLOSED**</u>

COME NOW Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter collectively "Defendants"), by counsel, and moves this Court, *in limine*, to prohibit Plaintiff from introducing expert opinions not previously disclosed as required by Federal Rules of Civil Procedure 26(a)(2)(A) and (B) and this Court's June 12, 2017 Amended Scheduling Order. Pursuant to Federal Rules of Civil Procedure Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial." Moreover, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). This report must include:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness

> in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Id.

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless* the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). In determining whether a nondisclosure of evidence is substantially justified or harmless for the purposes of this exclusion analysis, district courts have "broad discretion" and should consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

With a trial date of July 24, 2018, an expert disclosure and accompanying report would be a significant surprise to the Defendants and their current preparation of a defense. At this late stage in litigation, there is no opportunity to "cure the surprise" without severe prejudice to the Defendants. A disclosure of this nature would constitute a "trial by ambush" and would require Defendants to rush in preparation of a defense. What is more, expert evidence is necessary for the presentation of Plaintiff's case against the Defendants. Due to their technical nature of Plaintiff's claims of negligence in this matter, expert testimony is required because the requisite knowledge or expertise

exceeds that of the lay juror.  See Fed. R. Evid. 702, advisory committee's note (1975) ("An intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge. The most common source of this knowledge is the expert witness. . ."); see also Syl. Pt. 3, in part, *Totten v. Adongay*, 175 W. Va. 634, 337 S.E.2d 2 (1985) ("It is the general rule that want of professional skill can be proved only by expert witnesses.")  "Where a matter is beyond the competency of a layperson, then an expert must be employed." *Thompson v. Hope Gas Inc.*, 2013 W. Va. LEXIS 124, at *3 (W. Va. Feb. 11, 2013) (memorandum decision) (affirming order granting Defendant's motion for summary judgment based on Plaintiffs' failure to present a standard of care expert in case involving negligent repair of a furnace).  Lastly, the Plaintiff has never provided an explanation as to why he has failed to adhere to disclose expert(s) as required by Federal Rules of Civil Procedure 26(a)(2)(A) and (B) and this Court's June 12, 2017 Amended Scheduling Order. Therefore, Plaintiff's expert should be limited to those opinions previously disclosed, and any other opinions should be prohibited at trial.

WHEREFORE, Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins, move this Honorable Court to grant its Motion *in limine* and prevent Plaintiff from offering expert opinions at trial not previously disclosed, along with any further relief this Court deems necessary.

**DEFENDANTS,**

**By Counsel**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

v.                                  CIVIL ACTION NO.: 2:16-cv-00046
                                            JUDGE BAILEY

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

## CERTIFICATE OF SERVICE

I certify that on this 7th day of May, 2018, I filed electronically via CM/ECF a true copy of "**DEFENDANTS' MOTION *IN LIMINE* TO PROHIBIT PLAINTIFF FROM INTRODUCING EXPERT OPINIONS DURING THE TRIAL OF THIS MATTER NOT PREVIOUSLY DISCLOSED**" with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

                                      /s/ Lindsey M. Saad
                                      Lindsey M. Saad (WV Bar No. 11155)