**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF THE ESTATE OF EVAN M. HARRIS,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO.: 2:16-cv-00046**
**JUDGE BAILEY**

**Q&A ASSOCIATES, INC., ANGELA SHOCKLEY, KEITH BISHOP, MATTHEW SHOCKLEY, SANDY SCHMIEDEKNECHT, and TAMMY ROBBINS.**

**Defendants.**

**DEFENDANTS' OMNIBUS MOTION *IN LIMINE***

COME NOW Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter collectively "Defendants"), by counsel, and request a pretrial ruling excluding certain evidence and further move *in limine* before the *voir dire* examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, for an Order instructing Plaintiff and all of his witnesses to refrain from making any mention through interrogation, *voir dire* examination, opening statements, presentation of evidence or otherwise, either directly or indirectly, concerning any of the matters herein set forth, without first approaching the bench and obtaining a ruling from the court outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case.

## EVIDENCE TO BE EXCLUDED

**1. ALLEGED WRONGFUL ACTS NOT PREVIOUSLY LISTED IN THE COMPLAINT, DISCOVERY RESPONSES AND SUPPORTED BY EXPERT TESTIMONY.**

Defendants move to exclude any reference or argument through evidence or testimony as to any alleged wrongful act that have not been previously pleaded in Plaintiff's Complaint, disclosed in an expert witness disclosure, or supported by expert testimony.

**2. EVIDENCE NOT PRODUCED BY PLAINTIFF.**

Defendants move to exclude any evidence, or reference thereto that the Plaintiff failed to produce during discovery or in accordance with the Court's Orders or agreement of the parties. The Plaintiff should not be permitted to present any evidence that they failed to timely produce.

Any reference or presentation of evidence not previously produced during the pretrial process would constitute unfair surprise and be contrary to the notions of fair play and substantial justice promoted by the discovery rules and the West Virginia legal system. As such, this evidence should be excluded. *U. S. v. Cole,* 857 F.2d 971, 975-976 (4th Cir. 1988); *Graham v. Wallace*, 588 S.E.2d 167, 172-174 (W. Va. 2003).

**3. OTHER SETTLEMENTS OR SETTLEMENT OFFERS.**

Defendants move to exclude any reference through testimony or evidence to any offer of settlement, and/or any comments by any employee or agent of any Defendant regarding any proposed settlement or settlement process in this or any other case. *See* FED. R. EVID. 408**.**

Any evidence, testimony or reference to any of the Defendants' attempts to settle

or compromise this or any other case will improperly imply to the jury that Defendants admit or have previously admitted liability as to the issues in such cases. This reference and implication would be unduly prejudicial to the Defendants' ability to have a fair and impartial jury or adjudication of the claims currently before the Court. *See* FED. R. EVID. 403, 408; *U. S. v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992); *State v. Donley*, 607 S.E. 2d 474, 482 (W. Va. 2004) (c*iting State v. Derr*, 451 S.E.2d 731, 744 (W. Va. 1994) ("Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue delay is disproportionate to the value of the evidence"). As such, evidence of any of the Defendants' attempts to settle or compromise this or any other case should be excluded and Plaintiffs should be precluded from making any reference whatsoever, to this evidence during trial.

**4. REFERENCES TO PRIVILEGED MATERIAL.**

Defendants move to exclude any mention or reference, in any form, of any matters which have transpired between its attorneys (including the attorneys as representatives) and its employees and representatives, (including conversations between the attorneys and such persons and/or all transactions connected thereto), about evidence or matters which this Court has determined or determines during the course of the trial to be privileged.

Were the Plaintiff allowed to present Defendants claims of privilege to the jury, the jurors may very well assume that the claim of privilege operates as a means of "cover up." Such a result would overwhelmingly prejudice Defendants in that such matters are not probative of any issue in this case.

Any mention whatsoever that the Defendants have claimed a privilege or refused to produce any documents, on admissibility or other grounds, is not proper evidence in the case, and is inadmissible and would unfairly prejudice the jury. *See* FED. R. EVID. 403; *U.S. v. Hernandez,* 975 F.2d 1035, 1041 (4th Cir. 1992*); State v. Donley*, 607 S.E.2d 474, 482 (W. Va. 2004) (c*iting State v. Derr*, 451 S.E.2d 731, 744 (W. Va. 1994) ("Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue delay is disproportionate to the value of the evidence").

**5. "HIRED GUN" TYPE STATEMENTS OR OTHER DEROGATORY REMARKS CONCERNING COUNSEL FOR DEFENDANTS OR EXPERTS.**

Defendants move to exclude any statements by Plaintiff's counsel characterizing Defendants' counsel or experts as "hired guns," "a traveling road show" or "circus," "a dog and pony show," or other similar derogatory remarks. These statements are an improper attack on counsel and are intended to incite bias and to prejudice the jury against the Defendants' counsel and, in turn, the Defendants themselves. Such statements are improper and unduly prejudicial and are entirely untrue and unfounded, and therefore, improper. As such statements do not advance the proof of any matter at issue, they are plainly inadmissible. *See* Fed*.* R. EVID. 403.

**6. REFERENCE TO SIZE, LOCATION, SPECIALIZATION OR REPRESENTATION BY DEFENSE COUNSEL.**

Defendants moves to exclude any reference that the attorneys for Defendants in this lawsuit regularly represent these companies, other defendants, corporations or insurance companies or other similarly situated providers in lawsuits, that they have ever represented any of these Defendants across the country in other lawsuits, the

number of attorneys who are members of the firms in which any of the Defendants' attorneys practice or the number of attorneys who have appeared on behalf of any of the Defendants in this case as the same as is irrelevant and prejudicial.

This information is not probative of any fact that the jury will be asked to decide in these proceedings and can only act to prejudice the jury against the Defendants. Counsel for the Defendants are not on trial in these proceedings and the size or specialization of the Defendants' lawyers and law firms cannot possibly assist the triers of fact in determining the issues of liability and defect that are alleged against the Defendants. As such, references to the Defendants' counsel are improper and should be excluded. *See* FED. R. EVID. 403; *U. S. v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992); *State v. Donley*, 607 S.E.2d 474, 482 (W. Va. 2004) (*citing State v. Derr*, 451 S.E.2d 731, 744 (W. Va. 1994) ("Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue delay is disproportionate to the value of the evidence").

**7. ANY REFERENCE TO HEARSAY STATEMENTS REGARDING THE DEFENDANTS FROM ANY MEDIA ARTICLES OR TELEVISION PROGRAMS.**

The Defendants move to exclude any reference to or evidence considering television or radio programs or newspaper or magazine articles regarding an alleged "investigation" or other similar matters regarding young adult residential programs, including Q&A Associates, Inc. By definition, all interviews, reports and other information on such a television program are hearsay and are unrelieved by any exception to the hearsay rule. *See* FED. R. EVID. 801(c). Likewise, any non-scientific publications or reports, including the statements, opinions, conclusions or analyses

contained therein, are not relevant and the probative value, if any, is outweighed by the danger of unfair prejudice to the Defendants. This includes all news stories or purported "investigative reports" regarding any of the Defendants. *See* FED. R. EVID. 403; *Schultz v. Butcher,* 24 F.3d 626, 631 (4th Cir. 1994); *Lively v. Rufus,* 533 S.E.2d 662, 675 n. 22 (W. Va. 2000).

Any television programs, news stories and investigative reports cannot be shown to be reliable evidence nor can the Plaintiff show that these reports are the result of any type of research or investigation. The only purpose of reference to such articles or television programs would be to confuse and mislead the jury as to the facts in this case. As such, these articles and programs should be excluded because they are inadmissible hearsay and their probative value, if any, is substantially outweighed by the danger of unfair prejudice.

**8. OPINIONS CONCERNING STATE OF MIND OR KNOWLEDGE.**

Defendants move to exclude the testimony by individuals who have never worked for any of the Defendants, but who attempt to interpret documents of the Defendants as evidence of a Defendant's "state of mind."

Defendants also move *in limine* to exclude Plaintiff's witnesses from testifying about the meaning or contents of any documents of a Defendant that are inadmissible or have not been admitted into evidence, or that can be understood by the jury without expert assistance. This includes questions from Plaintiff's lawyers to defense witnesses or experts inquiring "did the Defendant know?" or "was the Defendant aware?" or similar questions, rather than making inquiry as to the knowledge of specific individuals in the Defendant's employ.

Defendants make this motion on the following grounds: (1) such testimony would be mere speculation and not within the personal knowledge of Plaintiff's witnesses (*See Certain Underwriters at Lloyd's London v. Sinkovich*, 232 F. 3d 200, 203 – 204 (4th Cir. 2000); *State v. Nichols,* 541 S.E.2d. 310, 315-317 (W.Va. 1999)); (2) the admission of such testimony would violate FED. R. EVID. 702 because Plaintiff's witnesses have no specialized knowledge about the Defendant corporation, their decision-making process, or their employees, and thus are not qualified to express an expert opinion about a Defendants' knowledge or intent; (3) testimony about documents that are not admissible or have not been admitted into evidence violates FED. R. EVID. 1002, the "best evidence" rule; and (4) the probative value, if any, of such testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay. *See* FED. R. EVID. 403; *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994); *Lively v. Rufus,* 533 S.E.2d 662, 675, n. 22 (W. Va. 2000).

**9. REFERENCES CONCERNING OBJECTIONS OF COUNSEL DURING DEPOSITIONS.**

Defendants moves to preclude Plaintiff from reading or playing anything included in deposition transcripts or trial transcripts other than questions by the lawyers and answers by the witnesses, specifically comments or side bar remarks by the lawyers. These comments by the attorneys or objections are not evidence and can only be used to inflame or mislead the jury and prejudice them against the Defendants. *See* FED. R. EVID. 403; *U. S. v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992); *State v. Donley*, 607 S.E.2d 474, 482 (W. Va. 2004) (c*iting State v. Derr*, 451 S.E.2d 731, 744 (W. Va. 1994) ("Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue

delay is disproportionate to the value of the evidence”).

**10. REFERENCES TO DEFENDANTS’ COUNSEL’S ARGUMENTS IN OTHER CASES.**

Defendants move to preclude Plaintiff from making any reference to Defendants’ counsel’s arguments in other cases. First, statements by an attorney during closing arguments simply are not evidence. Second, any such reference can only serve to confuse the jury and unduly lengthen the trial by requiring defense counsel to respond to such “out-of-context” remarks. *See* FED. R. EVID. 403. Merely requiring counsel to approach the bench and explain the necessity and relevance of remarks regarding the Defendants’ counsel in other cases will exemplify the point made herein.

**11. WITNESS EQUALLY AVAILABLE.**

Defendants move to exclude any reference to the failure of either party to call a witness equally available to both parties, except as appropriate under the requirements of applicable law. *See McGlone v. Superior Trucking*, 363 S.E.2d 736 (W.Va. 1987).

**12. PERSONS IN THE COURTROOM ASSISTING COUNSEL.**

Defendants’ move to exclude any reference to persons present or not present in the courtroom at any time during trial, including observers of the trial or inquiries regarding the identity of any observers. Such evidence is not relevant and would be unduly prejudicial. *See* FED. R. EVID. 401, 403.

**13. EFFECT OF JURY’S ANSWERS TO QUESTIONS IN THE CHARGE.**

Defendants’ move to exclude any reference to or attempt to inform the jury of the effect of its answers to questions in the charge, or any statement that the trial judge or appellate court has the duty, opportunity, or right to reduce the jury’s verdict; reference to large verdicts in other wrongful death actions; or reference to the jury being the

conscience of the community. *See State of West Virginia v. Clements*, 334 S.E.2d 600 (W. Va. 1985).

**14. THIS MOTION *IN LIMINE* AND OTHER COURT RULINGS ON MATTERS OUTSIDE THE JURY'S PRESENCE.**

Defendants' move to exclude any mention of any action of the Court in ruling upon any matter, including this motion *in limine*, prior to the trial of this case or during the trial of this case where the ruling is made outside the presence of the jury. Further, Defendants' request an instruction that no mention or reference be made about the pleadings, motions (including this motion *in limine*), special exceptions, or other matters filed by the Defendants herein or that such matters filed by the Defendants were of a particular nature. Such evidence is not relevant and would be unduly prejudicial. *See* FED. R. EVID. 401, 403; *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994).

**15. REFERRING TO THE PLAINTIFF AS A "VICTIM."**

Defendants move to exclude any reference, evidence, testimony or argument by Plaintiff's counsel that refers to Evan M. Harris, Friedrichs Harris, or other relevant individuals as a "victim" or "victims" or other words to that effect. This term incorrectly implies the existence of a "criminal" legal proceeding and serves only to mislead or inflame the jury and prejudice the jury against the Defendants.

Language to this effect may improperly cause the jury to violate its oath not to let bias, sympathy or prejudice play any part in their deliberations. Accordingly, any evidence, reference, testimony or argument should be excluded because its probative value, if any, is substantially outweighed by its danger of unfair prejudice. *See* FED. R. EVID. 403; *U. S. v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992); *State v. Donley,* 607 S.E.2d 474, 482 (W. Va. 2004) (c*iting State v. Derr*, 451 S.E.2d 731, 744 (W. Va.

1994) ("Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue delay is disproportionate to the value of the evidence").

**16. REFERRING TO DEFENDANT Q & A ASSOCIATES, INC. AS A "FOR-PROFIT FACILITY"**

Defendants move to exclude any reference, evidence, testimony or argument by Plaintiff's counsel that refers to Q & A Associates, Inc. as a "for-profit facility" or other words to that effect. These descriptions are intended to incite bias and to prejudice the jury against the Defendants. Such statements are improper and unduly prejudicial and therefore, improper. As such descriptions do not advance the proof of any matter at issue, they are plainly inadmissible. *See* Fed. R. EVID. 403.

Language to this effect may improperly cause the jury to violate its oath not to let bias or prejudice play any part in their deliberations. Accordingly, any evidence, reference, testimony or argument should be excluded because its probative value, if any, is substantially outweighed by its danger of unfair prejudice. *See* FED. R. EVID. 403; *U. S. v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992); *State v. Donley,* 607 S.E.2d 474, 482 (W. Va. 2004) (c*iting State v. Derr*, 451 S.E.2d 731, 744 (W. Va. 1994) ("Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue delay is disproportionate to the value of the evidence").

**17. MAKING REFERENCE TO THE YOUNG ADULT RESIDENTIAL PROGRAM INDUSTRY AS A "MULTI-BILLION-DOLLAR INDUSTRY" OR OTHERWISE DISCUSSING THE MARKET CAP OF SUCH INDUSTRIES**

Defendants move to exclude any reference, evidence, testimony or argument by Plaintiff's counsel that refers to young adult residential programs, such as that administered by Q & A Associates, Inc., as a "multi-billion-dollar industry" or otherwise discusses the market valuation of such industry. These descriptions are intended to incite bias and to prejudice the jury against the Defendants. Such statements are improper and unduly prejudicial and therefore, improper. As such descriptions do not advance the proof of any matter at issue, they are plainly inadmissible. *See* Fed. R. Evid. 403.

Language to this effect may improperly cause the jury to violate its oath not to let bias or prejudice play any part in their deliberations. Accordingly, any evidence, reference, testimony or argument should be excluded because its probative value, if any, is substantially outweighed by its danger of unfair prejudice. *See* Fed. R. Evid. 403; *U. S. v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992); *State v. Donley,* 607 S.E.2d 474, 482 (W. Va. 2004) (*citing State v. Derr*, 451 S.E.2d 731, 744 (W. Va. 1994) ("Specifically, Rule 403 provides that although relevant, evidence may nevertheless be excluded when the danger of unfair prejudice, confusion, or undue delay is disproportionate to the value of the evidence").

**18. REQUESTING SEQUESTRATION OF NON-PARTY WITNESSES.**

Defendants request an Order from this Court sequestering non-party witnesses during trial so that they cannot hear testimony from other witnesses. Defendants further request that this Court order that such witnesses not discuss this case or their testimony with other witnesses. *See* Fed. R. Evid. 615.

Witnesses in this trial are expected to testify concerning critical facts in dispute. Because of the importance of witness testimony and the need to prevent distorted testimony, those witnesses should neither hear the testimony of other witnesses, nor discuss the case or their testimony with other witnesses. Accordingly, Defendants requests an Order in accordance with FED. R. EVID. 615 that all non-party witnesses be excluded from the trial of this matter so that they cannot hear the testimony of other witnesses.

**19. EVIDENCE CONCERNING THE PROFIT AND PROFIT PERCENTAGE.**

Defendants move the court to exclude any attempt to introduce certain documents and testimony pertaining to the estimated profit and profit percentage for the young adult residential programs, such as that administered by Q & A Associates, Inc., involved in this case, and to exclude any such reference or argument through evidence or testimony of a profit-based motive. These documents are irrelevant, prejudicial and misleading, and potentially outside the scope of the proponent's expertise. *See* FED. R. EVID. 401, 402, 403; *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994); *Lively v. Rufus*, 533 S.E.2d 662, 675 (W.Va. 2000).

Plaintiffs may attempt to introduce said documents to establish some type of theory that Defendants place profit over safety. This argument relies on the unfounded premise that a program administrator of this nature does not intend to make a profit. This is a completely nonsensical argument. It is no mystery that the Defendant Q& A Associates, Inc., or any other program administrator, attempts to make a profit on the products it produces. The simple and obvious fact is that --- whether there is an expected profit, a large profit, a small profit, no profit, or even a loss --- none of those

scenarios make the existence of a wrongful act or negligence more or less likely. Accordingly, evidence of profit and profit percentage is irrelevant and highly prejudicial. *See* FED. R. EVID. 401, 402, 403.

**20. EVIDENCE OF OR REFERENCE TO DOCUMENTS ALLEGEDLY NOT PRODUCED BY DEFENDANTS.**

Defendants move for entry of an Order *in limine* excluding at trial any documents which might be characterized as a document originating from a Defendant allegedly not produced by a Defendant in response to discovery or letter requests from the Plaintiff's counsel, unless Plaintiff has filed a Motion to Compel and obtained a ruling thereon, as required by law. Fed. R. Civ. P. 37.

**21. ANY REFERENCE OR EVIDENCE OF REFERENCES TO ANY DEFENDANTS' FINANCIAL POSITION.**

Evidence of a Defendant's financial status is irrelevant to the issues to be tried, specifically the Defendants' liability for compensatory damages. Pursuant to FED. R. EVID. 401, 402 and 403, this Court should exclude from the trial all evidence of, or reference to, a Defendant's gross or net worth, or annual revenues or other financial information. None of this financial information is relevant to Plaintiff's wrongful death claims. FED. R. EVID. 401. Any relevancy asserted is substantially outweighed by the danger of undue prejudice, confusion of the issues, and would only serve to mislead the jury. FED. R. EVID. 403.

**22. COST OF DEFENSE IN THIS AND OTHER CASES.**

Defendants move to exclude any reference to or evidence of the costs and expenses paid by any Defendant to defend itself in this case and in any other litigation. To defend cases filed against it, the Defendants retain attorneys on their behalf, who

specialize in wrongful death litigation and may charge a considerable amount of money for their time, experience, and advice. Defendants also retain expert witnesses who investigate various details of the death and determine the exact nature and cause of the death. These experts have extensive knowledge of the issues being litigated. Because of their extensive knowledge, these experts also are able to charge high rates for their analysis and time.

What the Defendants may have spent on the defense of this case or any other litigation has no relevance to any issues the jury will decide in this case and its probative value (if any) is substantially outweighed by its prejudicial effect. FED. R. EVID. 401, 402, 403. Any statements offered by Plaintiff concerning the amount that the Defendants may have spent on the defense of this case can only be intended to inflame, mislead, and confuse the jury, and should therefore be excluded.

**23. EXCLUDE LAY WITNESSES FROM OFFERING EXPERT OPINIONS.**

Defendants move to prohibit any lay witnesses in this matter from offering any testimony outside of their personal knowledge or any opinion without first laying the proper foundation. Defendants anticipate that Plaintiff may attempt to elicit expert-like opinions from Evan Harris' family, and friends, and other witnesses at trial relating to the cause of the Evan Harris' death. Specifically, we anticipate that Friedrichs Harris, M.D., Evan Harris' father, will be presented to offer testimony about the mental state and adequacy of treatment provided to his son. Dr. Harris is not a psychologist and any testimony by Dr. Harris purporting to be in a capacity as Evan Harris' psychologist is unsubstantiated and otherwise inadmissible.

Any opinions offered by a fact or lay witness that are akin to an expert opinion

will carry no probative value, and the value of such information will be substantially outweighed by the danger of unfair prejudice to the Defendants. FED. R. EVID. 403; *U. S. v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992); *Lively v. Rufus*, 533 S.E.2d 662, 675 (W. Va. 2000). Plaintiff's lay witnesses' testimony should be limited to their factual observations and nothing more.

**24. "MAN ON THE MOON" QUESTION AND ARGUMENT.**

Defendants move to exclude any argument or inflammatory comments including, but not limited to:

A. "If we can put a man on the moon…" statements;

B. Salaries of Defendants' executives, references to boardrooms, corporate accounts and expenditures, and the like; and

C. The "Golden Rule."

Such questions and argument are inflammatory, not relevant, and unduly prejudicial, inviting the jury to reach a decision on a basis which is inconsistent with the applicable law. *See* FED. R. EVID. 401, 403. Therefore, Plaintiffs have no proper purpose in attempting to assert such an argument and must be precluded from doing so.

**25. EXCLUDE EVIDENCE FROM OPENING STATEMENT**

Defendants anticipate that Plaintiffs will use exhibits during their opening statement. However, the Federal Rules of Evidence precludes the use of unauthenticated exhibits that have not yet been admitted into evidence. See Fed. R. Evid. 901(a). Opening statements are a time to inform the jury what the evidence will show. Opening statements are not a time to introduce evidence and exhibits to the jury.

However, acknowledging that exhibits can be instructive and helpful to the jury, Defendants request that this Court order *in limine* that the parties disclose the exhibits that they intend to use during opening statements thirty-six (36) hours prior to commencement of the trial. This will allow the parties to address any objections to exhibits intended to be used in opening statements with the Court on the morning before the trial is set to begin. Alternatively, should a party fail to disclose the exhibits that it intends to use in opening statement thirty-six (36) hours before trial is set to begin, that party should be precluded from using exhibits during its opening statement.

"The primary purpose of an opening statement is to give a preview of each side's view of the case. Counsel's remarks are not evidence." *State v. Smith*, 358 S.E.2d 188, 200 (W. Va. 1987). Accordingly, the purpose of an opening statement is not to show the evidence to the jury. Rather, the West Virginia Supreme Court has concluded "that the opening statement serves as a guide for the jury of what a party intends to prove through their evidence but that it is not evidence in itself." *State ex rel. King v. Ielapi*, 2012 W. Va. LEXIS 149, 38-39 (W. Va. Mar. 9, 2012). While the parties have the ability to use demonstrative exhibits, such as a chart to show damage figures that are supported by some evidence in the record, *Crum v. Ward*, 122 S.E.2d 18, 35 (W. Va. 1961), the use of exhibits the party intends to offer into evidence is generally not permitted during opening statements.

It would be unfairly prejudicial and in direct contravention to the Federal Rules of Evidence to allow the parties to show exhibits to the jury in their opening statements prior to laying the proper foundation and authentication of the exhibits for admission without allowing the opposing party an opportunity to review the exhibit and make any

necessary objections. Fed. R. Evid. 403, 901. Therefore, Defendants request that this Court order that each party disclose the exhibits to be used during opening statements to the opposing party thirty-six (36) hours prior to the trial to allow each party to make its respective objections before the commencement of this trial.

**DEFENDANTS,**

**By Counsel**

/s/ Lindsey M. Saad

Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF THE ESTATE OF EVAN M. HARRIS,**

**Plaintiff,**

**v.**

**CIVIL ACTION NO.: 2:16-cv-00046**
**JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA CORPORATION, ANGELA SHOCKLEY, KEITH BISHOP, MATTHEW SHOCKLEY, AND SANDY SCHMIEDEKNECHT, and TAMMY ROBBINS.**

**Defendants.**

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of May, 2018, I filed electronically via CM/ECF a true copy of "**DEFENDANTS' OMNIBUS MOTION *IN LIMINE*"** with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)