**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

     Plaintiff,

v.                                                                    Civil Action No. 2:16-cv-46
                                                                      Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

     Defendants.

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO PROHIBIT PLAINTIFF FROM INTRODUCING EXPERT OPINIONS DURING THE TRIAL OF THIS MATTER NOT PREVIOUSLY DISCLOSED

---

NOW COME Plaintiff, by and through his attorney, David A. Sims, and hereby submits *Plaintiff's Response to Defendants' Motion in Limine to Prohibit Plaintiff from Introducing Expert Opinions During the Trial of this Matter Not Previously Disclosed.* Defendants seek to prohibit Plaintiff from introducing expert opinions not previously disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) and this Court's June 12, 2017 Scheduling Order.

At this time, Plaintiff has disclosed all expert opinions that Plaintiff anticipates using at trial. Plaintiff does not anticipate providing further information regarding the expected testimony of Plaintiff's witnesses. Plaintiff does not anticipate using additional

expert witnesses at trial beyond what has already been properly disclosed. Plaintiff objects

to, and asks the Court to deny, Defendant's Motion in *Limine* to exclude undisclosed

experts' opinions. Plaintiffs reserve the right to offer rebuttal witness testimony if required

during the course of the trial.

Additionally, Plaintiff objects to having Evan Harris' treating physician's testimony

otherwise limited, as well as his psychologist and his educational consultant. Specifically,

Plaintiff objects to prohibiting Evan Harris' treating physicians from expressing opinions

related to their personal involvement with Evan Harris' treatment.  The Advisory

Committee the 1993 Amendments of <u>Fed. R. Civ. P.</u> 26(a)(2)(B) specifically suggested that a

treating physician is generally not required to present an expert written report. *Hall v.*

*Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995). If a treating physician forms an opinion of the

causation of an injury to a patient and the prognosis of the patient's condition during the

treatment, then such opinion may be expressed by the treating physician without the

necessity of a report under Fed. R. Civ. P. 26(a)(2)(B). *Id.* The same analysis should apply to

Kevin Fenstermacher, Ph.D. and Christie Woodfin, Ed.D. The Defendants knew each of these

people were going to testify. Their opinions were written and provided, as was Dr. Pelts.

The information was not provided on the date in the Court's Scheduling Order because it

had already been provided to the Defendants, thus there was no need to re-disclose it

another time, which is something that Defendants must concede occurred.

Here, Evan Harris' treating physicians has not provided his reports pursuant to Rule

26(a)(2)(A) or (B). And, his testimony will not go outside what has been disclosed, which

should be the Court's ruling on both sides, but Dr. Pelts' personal observations of Evan

2

Harris' condition during treatment, the assessment of his condition based on said observations, and his recommendations for future treatment based on said observations are all admissible in this case. The same is true for Dr. Fenstermacher and Christie Woodfin. Accordingly, their testimony is confined to their personal involvement Evan Harris during treatment and observation of him. At trial, these people are permitted to express opinions regarding their determinations as to the causation of any injury observed and the prognosis of his condition. Permitting these witnesses to express opinions confined to their previously disclosed personal observations of Evan Harris would not surprise Defendants and constitute a "trial by ambush." Furthermore, because these observations have been previously disclosed, and are essential to establishing Evan Harris' condition prior to and during his involvement with the Defendants, allowing this evidence will not otherwise disrupt the trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court to deny *Defendants' Motion in Limine to prohibit Plaintiff from Introducing Expert Opinions During the Trial of this Matter Not Previously Disclosed* to the extent the motion calls for otherwise limiting the testimony of the Evan Harris' treating physicians and preventing Plaintiff from calling rebuttal witnesses if required during the course of trial.

Respectfully submitted,

Friedrichs Harris, Administrator

By:      s/David A. Sims
         _____

David A. Sims (#5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

## **CERTIFICATE OF SERVICE**

I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO PROHIBIT PLAINTIFF FROM INTRODUCING EXPERT OPINIONS DURING THE TRIAL OF THIS MATTER NOT PREVIOUSLY DISCLOSED by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 24th day of May 2018.

Friedrichs Harris, Administrator
By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com

5