**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                           Civil Action No. 2:16-cv-46
                                                          Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE**
_____

        NOW COME Plaintiff, by and through his attorney, David A. Sims, and hereby submits *Plaintiff's Response to Defendants' Omnibus Motion in Limine*. In support of the same, Plaintiff offers the following:

**1) Defendants' Motion in Limine to exclude alleged wrongful acts not previously listed in the complaint, discovery responses, and supported by expert testimony.**

        Plaintiff does not object to the exclusion, reference, argument or through evidence or other testimony as to the wrongful acts committed by the Defendants not previously plead in the Complaint, disclosed in response to discovery requests, disclosed in expert disclosures, or not supported by testimony or other evidence. Not all wrongful acts must be supported by expert testimony, as this Court has already ruled in its Order denying the Defendants' Motion for Summary Judgment, and thus Plaintiff objects to the Court limiting

1

such evidence in that way. Defendants are allowed to know what Plaintiff is planning to argue and present evidence on their wrongful conduct, as there should not be any surprises, but such evidence does not have to be supported by expert testimony.

**2) Defendants' Motion in Limine to exclude evidence not produced by the Plaintiff.**

Plaintiff does not object to the exclusion of evidence not produced in discovery, in accordance with the Court's Orders, or by agreement of the parties, as long as the rule applies to the Defendants equally.

**3) Defendants' Motion in Limine to exclude evidence of settlements or settlement offers.**

Plaintiff does not object to the exclusion of evidence or testimony to any offer of settlement, comments made by any Defendant or employee or agent of the Defendants, or settlement process in this or another case. Plaintiff does intend to produce evidence from other suits filed against some of the Defendants, but not the settlements of those claims.

**4) Defendants' Motion in Limine to exclude references to privileged material.**

Plaintiff does not object to the exclusion of mention or reference to privileged material, provided the information or material at issue is in fact privileged. If it has been disclosed in response to discovery requests, Plaintiff takes the position that Defendants' stamping the documents as privileged does not preclude him from using them at a trial in this matter.  Defendants have not provided any trade secrets or other information about their business processes that is not known by reading about them on the internet, so such information cannot be claimed to be privileged and not useable at a trial in this action. Plaintiff objects that Defendants did not provide the Court with a list of the documents they claim to be privileged.

**5) Plaintiff's opposition regarding Defendants' Motion in Limine to exclude statements characterizing Defendant's Counsel or Defendant's Experts as "hired guns" or other derogatory remarks.**

Plaintiff does not object to the exclusion of derogatory statements and remarks concerning Defendants' counsel or any statement characterizing Defendants' counsel as "hired guns." Plaintiff does not object to this request to the extent it applies to *ad hominem* attacks on Defendant's expert. However, Plaintiff objects to this motion to the extent it calls for insulating Defendants' experts from criticism regarding their professional background, expertise, conclusions, and methods used to reach said conclusions. *See* Fed. R. Evid. 607. Furthermore, Plaintiff intends to use Defendant's expert's costs for reviewing documents and issuing his opinions in this case on cross-examination.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine insofar as it attempts to insulate Defendants' experts from reasonable inquiry into their expertise and background.

**6) Defendants' Motion in Limine to exclude reference to size, location, specialization, or representation by Defense Counsel.**

Plaintiff does not object to the exclusion of reference to size, location, specialization or representation by Defense counsel. *Ad Hominem* attacks are never proper.

**7) Plaintiff's opposition to Defendants' Motion in Limine to exclude reference to hearsay statements regarding any Defendants from any media articles or television programs.**

Plaintiff objects to Defendants' Motion in Limine to exclude any reference or evidence concerning media articles or television programs regarding an investigation of Q&A Associates, Inc. Defendants' claim such information is irrelevant, hearsay, and any probative value such information may have is outweighed by the danger of unfair

prejudice. The information at issue concerns statements made by the Defendants to the media in the aftermath of Evan Harris' suicide and another young man's suicide at the same Q & A Associates, Inc.'s Tucker County location just several weeks prior. Defendant Angie Shockley stated after the first suicide Q&A Associates did not plan to increase monitoring of clients, nor were they concerned about another death occurring. Such a statement is not hearsay as Plaintiff intends to ask her if she ever made such a statement like that in the past. If she denies it, Plaintiff intends to offer the article as evidence that she has. In addition, the Defendant Angie Shockley stated that suicides are just something that Q & A Associates, Inc. has to deal with in its line of work. Such evidence is notice that if you do not meet the psychological needs of your clients, they may kill themselves. These statements are relevant to this case because they show that Defendants had knowledge that suicides occur during the programs; that they need to be careful in providing supervision; that they need to be diligent in their supervision them by hiring trained, competent and sufficient staff capable of recognizing problems; and, they need to be careful in the design of the Journey WV Program to make certain they are meeting the needs of the participants, including Evan Harris. *See* Fed. R. Evid. 401.

     Furthermore, Defendants' own statements given to the media are not hearsay. Under Rule 801(d)(2), a statement is not hearsay if the statement is "offered against an opposing party and:  (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the

conspiracy. Fed. R. Evid. 801(d)(2). A statement is not hearsay if the statement is offered against a party and is a statement by his or her agent or servant concerning a matter within the scope of his or her agency or employment, made during the existence of the relationship. Syl. Pt. 4 *Torrence v. Kusminsky Eyeglasses*, 408 S.E.2d 684 (W.Va. 1991); *Canterbury v. West Virginia Human Rights Commission*, 382 S.E.2d 338 (W.Va. 1989).

In the wake of the Evan Harris' suicide, as well as another prior suicide occurring at Q & A Associates, Inc.'s Tucker County location, Defendant Angela Shockley, the founder of Defendant Q & A Associates, gave a series of statements to the media concerning Q & A Associates, Inc.'s response to suicides at its facility. The statements were made by Defendant Angela Shockley in a representative capacity on behalf of Defendant Q & A Associates, Inc. (both party opponents in this case). Therefore, because the statements are being offered against party opponents and said statements were made by a party opponent acting in a representative capacity, the statements are not hearsay by operation of the Federal Rules of Evidence. Additionally, admitting these statements doesn't unfairly prejudice the Defendants. Defendants' statements to the media were voluntarily given in response to problems at Defendants' facility. The use of such voluntary statements does not unfairly prejudice the Defendants. Accordingly, the probative value of these statements is not outweighed by threat of unfair prejudice. *See* Fed. R. Evid. 403.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude reference to statements made by the Defendants in media articles or television programs.

**8) Plaintiff's opposition to Defendants' Motion in Limine to exclude opinions concerning Defendants' state of mind or knowledge.**

Plaintiff objects to Defendants' Motion in Limine to exclude testimony by individuals who have never worked for Defendants concerning the Defendants' state of mind or knowledge. Defendants' motion is overly broad and vague to the extent it seeks to exclude any comment on Defendants' state of mind or knowledge, regardless of whether a witness has personal knowledge of the matter at issue or specialized knowledge. This Court has the power to exclude evidence *in limine* only when the evidence is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp 1398, 1400 (N.D.Ill. 1993). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. *Id*. Defendants' Motion is more properly suited for objection at the time that any such evidence or witness statements are presented to the Jury in proper context.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude opinions concerning Defendants' state of mind or knowledge.

**9) Defendants' Motion in Limine to exclude references concerning objection of Counsel during depositions.**

Plaintiff does not object to precluding Plaintiff from referencing objections of counsel during depositions because no such objections were ever made.

**10)   Defendants' Motion in Limine to exclude references to Defendant's Counsel's arguments in other cases.**

Plaintiff does not object to the preclusion of specific reference to the arguments of Defendants' counsel in other cases, unless the same is relevant to the issues in this case. At this point, Plaintiff is unaware of any such arguments, but does not want to be precluded in the event such arguments become known.

**11)   Defendants' Motion in Limine to exclude references to witnesses equally available.**

Plaintiff does not object to the exclusion of reference to the failure of either party to call a witness equally available to both parties, except as appropriate under the requirements of applicable law. *See McGlone v. Superior Trucking*, 363 S.E. 2d 36 (W.Va. 1987).

**12)   Defendants' Motion in Limine to exclude references to persons in the courtroom assisting counsel.**

Plaintiff does not object to the exclusion of reference to the presence or absence of non-parties in the courtroom during trial.

**13) Defendants' Motion in Limine to exclude references to the effect of jury's answer to questions in the charge.**

Plaintiff does not object to the exclusion of any reference or attempt to inform the jury on the effect of the jury's answers to the questions in the charge.

**14) Defendants' Motion in Limine to exclude reference to motions in limine and other court rulings on matters outside the jury's presence.**

Plaintiff does not object to the exclusion of references to any of Defendants' Motion in Limine, pleadings, or action by this Court, in which comment on such documents in jury's presence would be inappropriate.

**15) Plaintiff's opposition to Defendants' Motion in Limine to exclude referring to the Plaintiff as a "victim."**

Plaintiff objects to Defendants' motion to exclude any reference, evidence, testimony, or argument that refers to Evan M. Harris, Friedrichs Harris, or other relevant individuals as a "victim" or "victims." Despite Defendants' assertion, the term "victim" does not merely imply the existence of a "criminal" legal proceeding. If that were the case, virtually all tort claims would be considered criminal in nature. The term "victim" is commonly used, and the term's meaning varies depending on the context. "Victim" can mean "a person harmed by a crime, tort, or other wrong." *Black's Law Dictionary* (10th ed. 2014). At this stage of the proceeding, Defendants' Motion is overly broad insofar as it seeks to prohibit any reference to the Plaintiff as a victim regardless of the context in which the term arises. Defendants' Motion, as far as it attempts to resolve issues of prejudice, is more properly suited for objection at the time that any such evidence or witness statements are presented to the Jury in proper context.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' motion in Limine to exclude referring to the Plaintiff as a "victim."

**16) Plaintiff's opposition to Defendants' Motion in Limine to exclude references to Defendant Q&A Associates, Inc. as a "for-profit facility."**

Plaintiff objects to Defendants' motion to exclude reference to Q&A Associates, Inc. as a "for-profit facility." Defendants' assert such reference would be prejudicial. Under Rule 403, the question is not one of prejudice, but unfair prejudice. Fed. R. Evid 403; *Sydenstricker v. Mohan*, 618 S.E.2d 561, 570 (W.Va. 2005) (quoting 1 Cleckley, Handbook on Evidence § 4-3(B)(1), at 4-38) (additional citations omitted). The mere fact that evidence is prejudicial is not grounds for its exclusion. *Id*. A court should exclude evidence under Rule

403 when "there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980).

Q & A Associates, Inc. is registered with the West Virginia Secretary of State as a for-profit entity to do business in West Virginia. Referencing Q & A Associates, Inc.'s status as a registered for-profit entity is not unfairly prejudicial to them, it is the truth. It is also the reason why these Defendants accepted Evan Harris into their program, they wanted his parents' money for his participation in the program. It is what for profit companies do, especially ones like Q & A. Any reference to Q & A Associates, Inc. as a for-profit institution is merely reiterating a fact that is within public record and it does not pose a genuine risk that the emotions of the jury will be excited by irrational behavior.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude reference to Q&A Associates, Inc. as a "for-profit facility."

**17) Defendants' Motion in Limine to exclude references to the young adult residential program industry as a billion-dollar industry" or otherwise discussing the market cap of such industries.**

Plaintiff objects to the exclusion of reference, evidence, argument, or testimony referring to young adult residential programs as a multi-billion-dollar industry or otherwise discussing the market valuation of the general industry. The information is true; it is accurate; and it is relevant for the jury's determination of the issue as to whether or not Defendants lied to Plaintiff in order to get his son into the program and kept him in the

program. It provides a motive for what the Defendants did in this case and it is relevant on the issue of the intentional infliction of emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude reference to the industry as a multi-billion dollar industry.

**18) Defendant's Motion in Limine requesting sequestration of non-party witnesses.**

Plaintiff does not object to the sequestration of non-party witnesses.

**19) Plaintiff's opposition to Defendants' Motion in Limine to exclude references to evidence concerning Defendants' profit and profit percentage.**

Plaintiff objects to Defendants' motion to exclude reference to evidence concerning profit and profit percentage of Q&A Associates, Inc. Specifically, Plaintiff objects to Defendants' motion to the extent it calls for excluding reference to the fact that Defendants' entity is a for-profit institution. Under Rule 403, the question is not one of prejudice, but unfair prejudice. Fed. R. Evid 403; *Sydenstricker v. Mohan*, 618 S.E.2d 561, 570 (W.Va. 2005) (quoting 1 Cleckley, Handbook on Evidence § 4-3(B)(1), at 4-38) (additional citations omitted). The fact that evidence is prejudicial is not grounds for its exclusion. *Id*. The profits that Defendants make is relevant to the costs that they spend for supervising the people in their programs. They pay just above minimum wage and they require a driver's license, but nothing else of their mentors. It goes directly to the issue that they had money to spend on mentors, but chose not to do it.

Q & A Associates, Inc. is registered with the West Virginia Secretary of State as a for-profit entity to do business in West Virginia. Referencing Q & A Associates, Inc.'s status as a

registered for-profit entity is not unfairly prejudicial to the Defendants. Any reference to Q & A Associates, Inc. as a for-profit institution is merely reiterating a fact that is within public record.

Furthermore, because this case involves claims for punitive damages stemming from Defendants' misconduct, the trier of fact should be permitted to take Defendants' profitability into consideration. In assessing punitive damages, the trier of fact should take into consideration all the circumstances surrounding the particular occurrence including the nature of the wrongdoing, the extent of harm inflicted, the intent of the party committing the act, the wealth of the perpetrator, as well as any mitigating circumstances. Syl. Pt. 2, G*oodwin v. Thomas,* 403 S.E.2d 13 (W.Va. 1991); Syl. Pt. 2, *Wells v. Smith*, 297 S.E.2d 872 (W.Va. 1982). Here, Plaintiff has alleged punitive damages stemming from Defendants' intentional conduct. In assessing punitive damages, the trier of fact should be permitted to consider the wealth of the Defendants as perpetrators of wrongful conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude reference to Defendants' profits and profit percentage.

**20) Defendants' Motion in Limine to exclude references to documents allegedly not produced by Defendants.**

Plaintiff does not object to the exclusion of references or evidence of documents not produced by the Defendants. However, Plaintiff reserves the right to make such references or proffer such evidence if Plaintiff has properly filed Motions to Compel production of relevant materials and obtained a ruling thereon pursuant to Fed. R. Civ. P. 37. Furthermore, such rule should be applied equally between the parties.

**21) Plaintiff's opposition to Defendants' Motion in Limine to exclude references to any Defendant's financial position.**

Plaintiff objects to Defendants' Motion to exclude reference to Defendants' financial position. In this case, Plaintiff asserts claims for punitive damages against Defendants'. In assessing punitive damages, the trier of fact should take into consideration all the circumstances surrounding the particular occurrence including the nature of the wrongdoing, the extent of harm inflicted, the intent of the party committing the act, the wealth of the perpetrator, as well as any mitigating circumstances. Syl. Pt. 2, G*oodwin v. Thomas,* 403 S.E.2d 13 (W.Va. 1991); Syl, Pt. 2, *Wells v. Smith*, 297 S.E.2d 872 (W.Va. 1982). Here, Plaintiff has alleged punitive damages stemming from Defendants' intentional conduct. In assessing punitive damages, the trier of fact should be permitted to consider the wealth of the Defendants as perpetrators of wrongful conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude reference any Defendant's financial position.

**22) Plaintiff's opposition to Defendants' Motion in Limine to exclude references to the cost of defense in this case and in other cases.**

Plaintiff does not object to the exclusion of reference to or evidence of the total costs and expenses paid by any Defendant to defend itself in this case or other litigation. However, Plaintiffs object to the exclusion of evidence relating to compensation received by Defendants' experts in this case insofar as it relates to the experts' credibility. *See* Fed. R. Evid. 607.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude reference to the cost of defense in this case and in other cases insofar as the Motion relates to expert compensation.

12

**23) Plaintiff's opposition to Defendants' Motion in Limine to exclude references to exclude lay witnesses from offering expert opinions.**

Plaintiff does not object to prohibiting lay witnesses from offering testimony outside their personal knowledge or opinion without laying the proper foundation. Plaintiff does intend to call the EMS personnel for each suicide and confirm that these young men committed suicide. Plaintiff intends to call the Sheriff's office personnel who took statements and pictures, which Plaintiff produced in discovery, and he intends to ask them about their opinions concerning the investigation of the deaths and the response that was received by Q & A personnel each time. To the extend Defendants want to exclude such evidence, Plaintiff would object, but since Defendants' motion was not specific as to what they are seeking to exclude, it is difficult for Plaintiff to respond.

**24) Plaintiff's opposition to Defendants' Motion in Limine to exclude references to "man on the moon" questions and arguments.**

Defendants move to exclude argument or comment concerning any "man on the moon statement", reference to the salaries of Defendants' executives, refences to boardrooms, corporate accounts and expenditures, and golden rule statements Plaintiff does not object to the exclusion of so called "man on the moon" statements or "golden rule" arguments.

However, Plaintiff objects to the exclusion of any reference to information concerning the operation of Defendants' business that is relevant to this case. Evidence of Defendants' operations and expenditures on programs in which Evan Harris was a participant are relevant to determining whether Defendants were negligent in hiring, staffing, training staff members, supervising, and selecting program offerings to assist individuals like Evan Harris. Information concerning these matters have the tendency to

make Defendants' negligence more probable, and are of consequence to this action. *See* Fed. R. Evid. 401. Furthermore, the mere fact that evidence is prejudicial is not grounds for its exclusion. *See* Fed. R. Evid. 403; *Sydenstricker v. Mohan*, 618 S.E.2d 561, 570 (W.Va. 2005). A court should exclude evidence under Rule 403 when "there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980). Here, evidence of Defendants' corporate accounts and expenditures concerning Defendants' Tucker County facility does not unfairly prejudice Defendants and there is no genuine risk the emotions of the jury will be exited to irrational behavior should the evidence be admitted.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in Limine to exclude references to "man on the moon" questions and arguments to the extent it calls for excluding evidence concerning the Defendants' expenditures and operation of Defendants' programs and facilities.

**25) Defendants' Motion in Limine to prelude references to unauthenticated exhibits during Counsel's opening statement.**

Plaintiff does not object to Defendants' request to preclude unauthenticated exhibits from use during opening statements unless such exhibits are disclosed to the opposing party at least thirty-six (36) hours before trial is set to begin.

Case 2:16-cv-00046-JPB Document 93 Filed 05/24/18 Page 15 of 16 PageID #: 1291

        Respectfully submitted,

        Friedrichs Harris, Administrator

        s/David A. Sims
By:   _____
        David A. Sims (#5196)
        LAW OFFICES OF DAVID A. SIMS, PLLC
        P.O. Box 5349
        Vienna, West Virginia 26105
        304-428-5291
        304-428-5293 (fax)
        david.sims@mywvlawyer.com

15

**CERTIFICATE OF SERVICE**

     I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S RESPONSE TO DEFENDANTS' OMNIBUS MOTION IN LIMINE by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

     Dated at Vienna, West Virginia on this 24th day of May 2018.

                                     Friedrichs Harris, Administrator
                                     By counsel,

/s/David A. Sims

_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com