**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

     Plaintiff,

v.

                                     Civil Action No. 2:16-cv-46
                                     Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

     Defendants.

---

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVAN M. HARRIS' TREATING PHYSICIANS FROM PROVIDING EXPERT TESTIMONY AT TRIAL

NOW COMES Plaintiff, by and through his attorney, David A. Sims, and hereby submits *Plaintiff's Response to Defendants' Motion in limine to Exclude Evan M. Harris' Treating Physicians from Providing Expert Testimony at Trial*. Defendants' seek to limit Evan Harris' treating physicians' testimony exclusively to their factual observations rendered within the course of the treatment provided to Evan Harris. In addition, Defendants seek to exclude Evan Harris' treating physicians from offering any opinion at trial akin to an expert opinion. The problem with Defendants' motion is that there was only one treating physician identified, Paul Pelts, M.D. The other two people are Kevin Fenstermacher, who is a Ph.D. psychologist and Christie Woodfin, Ed.D. who is an educational consultant and participated in the investigation of Q & A for placement for Evan Harris.

As a preliminary note, Plaintiff does not anticipate using Evan Harris' treating physicians' testimony as expert testimony in this case. Rather, the substance of each person's testimony will concern his or her personal observations relating to his or her personal involvement in Evan Harris' medical, psychological and educational needs and treatment that Evan received. Accordingly, because Evan Harris' physician, psychologist and educational consultant's testimony will be based on their first-hand knowledge of Evan Harris' treatment, rendering these witnesses as fact witnesses, such testimony does not qualify as expert testimony.

Plaintiff objects to Defendants' Motion to the extent it calls for excluding these people from offering any opinion related to their personal involvement in Evan Harris' treatment, emotional health or his educational needs. The Federal Rules of Evidence define relevant evidence as evidence that "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed R. Evid. 401. If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment, then such opinion may be expressed by the treating physician without qualifying the physician as an expert. *Wagner v. St. Paul Fir & Maine Ins. Co.*, 2007 WL 1381519 at *2 (N.D. W.Va. 2007). *See also Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995).

The opinions of Evan Harris' treating physician and others as to his mental and physical condition during treatment, as outlined in their disclosed reports, have the tendency to determine Evan Harris' physical and mental condition prior to and during his involvement with Q&A Associates, Inc. Evan Harris' mental and physical condition, as determined by his treating physicians, are essential to determining if the Defendants were

negligent in the treatment and supervision of a mentally unstable individual. Furthermore, Evan Harris' treating physicians' opinions regarding their written recommendations for his treatment are probative as to whether the Defendants properly followed their recommendations. Defendants' request to prohibit these people from offering any such opinion is overly broad, and would render their testimony confusing and unhelpful to determining Evan Harris' physical and mental condition prior to his admission at Q & A.

The probative value of the opinions offered by Evan Harris' treating physicians is certainly not outweighed by the danger of unfair prejudice to the Defendants. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. Under Rule 403, the fact that evidence is prejudicial is not grounds for its exclusion. *Sydenstricker v. Mohan*, 618 S.E.2d 561, 570 (W.Va. 2005) (quoting 1 Cleckley, Handbook on Evidence § 4-3(B)(1), at 4-38) (additional citations omitted). The question is not one of prejudice, but *unfair prejudice* under Rule 403. *Id*. Evan Harris' treating physician, psychologist and educational consultant's testimony would be highly relevant to the issues in this case. Allowing Evan Harris' treating physicians to offer opinions related to their personal observations of Evan Harris, their diagnoses of Evan Harris based on said observations, and their recommendations for Evan Harris' treatment based on said observations, would not be unfairly prejudicial to the Defendants because all of this information has been in the hands of the Defendants' counsel since the beginning of the case.

Defendants cannot be surprised by the nature of the opinions and observations of Evan's physician, psychologist and educational consultant. Plaintiff disclosed their opinions, their writings, their records and their qualifications in his Rule 26(a)(1) disclosures. As Dr. Pelts has previously qualified to testify about the compacity and competency of Evan Harris, Defendants cannot be said to be surprised by such testimony either. Defendants had Dr. Fenstermacher's report and that of Christie Woodfin prior to Evan's admission to the program, so these opinions cannot be a surprise to them either.

Wherefore, Plaintiff prays that this Honorable Court will deny *Defendants' Motion in Limine to Exclude Evan Harris' Treating Physicians from Providing Expert Testimony at Trial* to the extent Defendants' Motion calls for prohibiting Evan Harris' treating physicians from offering opinions regarding the prognosis of the Evan Harris' condition during the treatment, and their recommendations for his treatment based on his prognosis.

Respectfully submitted,

Friedrichs Harris, Administrator

s/David A. Sims

By: _____

David A. Sims (#5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

## <u>CERTIFICATE OF SERVICE</u>

I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVAN M. HARRIS' TREATING PHYSICANS FROM PROVIDING EXPERT TESTIMONY AT TRIAL by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 24th day of May 2018.

Friedrichs Harris, Administrator
By counsel,

/s/David A. Sims

_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 534'
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com