### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF WEST VIRGINIA

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                       Civil Action No. 2:16-cv-46
                                                            Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

---

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS
_____

    NOW COMES Plaintiff, by and through his attorney, David A. Sims, and hereby files the within Objections to *Defendants' Proposed Jury Instructions* as follows:

### Objection to Defendants' Proposed Jury Instruction No. 1

    Plaintiff objects to Defendants' instruction regarding a summary of the claims presented because the proposed summary of claims is incomplete. Plaintiff asserts more than just negligence claims, and characterizing all of Plaintiff's claims as negligence claims is just inaccurate and very misleading. In addition to multiple negligence claims against the Defendants, Plaintiff asserts claims against the Defendants for intentional infliction of emotional distress, violations of the West Virginia Consumer Credit and Protection Act, and intentional misrepresentation of fact. (*See Complaint ECF #1*). Accordingly, the Court

should refuse this instruction or amend the same to include all of the counts in Plaintiff's Complaint.

### Objection to Defendants' Proposed Jury Instruction No. 2

Plaintiff objects to Defendants' Instruction No. 2 regarding no presumption of fault because the instruction fails to define "preponderance of the evidence." *See* § 207, West Virginia Pattern Jury Instructions for Civil Cases (2017).  Accordingly, the Court should refuse this instruction as an incomplete statement of the law.

### Objection to Defendants' Proposed Jury Instruction No. 19.

Plaintiff objects to Defendants' instructions regarding reasonable damages because this instruction is duplicative and unnecessary. Plaintiff has a similar instruction, which ought to be utilized. The duplication of instructions is neither desirable nor necessary. Syl. Pt. 6, *Thrasher v. Amere Gas Utils. Co.*, 75 S.E.2d 376 (W.Va. 1953). Furthermore, Defendants' Proposed Jury Instruction No. 19 essentially serves as a duplication of Defendants' Proposed Jury Instruction No. 16. Defendants' Proposed Jury Instruction No. 16 already instructs the jury that any award of damages must be reasonable, that any awarded damages may only reasonably compensate Plaintiff for his damages, and that the Jury is not permitted to award damages based on sympathy, speculation, or guesswork. Defendants' Proposed Jury Instruction No. 19 repeats this instruction. Such a duplication is neither desirable or necessary. Accordingly, the Court should refuse this instruction.

### Objection to Defendants' Proposed Jury Instruction No. 24.

Plaintiff objects to Defendants' instruction regarding punitive damages limited to the facts because the instruction fails to comply with applicable law. When the trial court

instructs the jury on punitive damages, the court should, at a minimum, carefully explain the factors to be considered in awarding punitive damages. *See* § 1500, West Virginia Pattern Jury Instructions for Civil Cases (2017); Syl. Pt. 3, *Garnes v. Fleming Landfill, Inc.*, 413 S.E.2d 897, 899 (W.Va. 1991). Under *Garnes*, the factors to be considered in awarding punitive damages are as follows:

> (1) Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the defendant's conduct as well as to the harm that actually has occurred. If the defendant's actions caused or would likely cause in a similar situation only slight harm, the damages should be relatively small. If the harm is grievous, the damages should be greater.
>
> (2) The jury may consider (although the court need not specifically instruct on each element if doing so would be unfairly prejudicial to the defendant), the reprehensibility of the defendant's conduct. The jury should take into account how long the defendant continued in his actions, whether he was aware his actions were causing or were likely to cause harm, whether he attempted to conceal or cover up his actions or the harm caused by them, whether/how often the defendant engaged in similar conduct in the past, and whether the defendant made reasonable efforts to make amends by offering a fair and prompt settlement for the actual harm caused once his liability became clear to him.
>
> (3) If the defendant profited from his wrongful conduct, the punitive damages should remove the profit and should be in excess of the profit, so that the award discourages future bad acts by the defendant.
>
> (4) As a matter of fundamental fairness, punitive damages should bear a reasonable relationship to compensatory damages.
>
> (5) The financial position of the defendant is relevant.
>
> *Id*. (Emphasis added).

Defendants' proposed instruction provides only one of the five factors from *Garnes*. The instruction regarding awarding punitive damages fails to inform the jury that they should consider how long Defendants continued their actions, whether Defendants were aware that their actions were causing or were likely to cause harm, whether Defendants attempted to conceal or cover up their actions or harm caused by such actions, how often

Defendants engaged in similar conduct in the past, and whether Defendants profited from their wrongful conduct, which Plaintiff has said was the motive for the Defendants accepting Evan Harris into their program from the very beginning. Furthermore, the instruction fails to instruct the jury that punitive damages must bear a reasonable relationship to compensatory damages, and that the financial position of the Defendants is relevant in determining the amount of punitive damages. Accordingly, because Defendants' proposed instruction fails to list the applicable factors to be considered for punitive damages, the Court should refuse this instruction.

      Wherefore, for the foregoing reasons, the Plaintiff respectfully request that this Court sustain his Objections to the Defendants' proffered jury instructions as set forth above.

                                        Respectfully submitted,

                                        Friedrichs Harris, Administrator

                                        s/David A. Sims

By:      _____
           David A. Sims (#5196)
           LAW OFFICES OF DAVID A. SIMS, PLLC
           P.O. Box 5349
           Vienna, West Virginia 26105
           304-428-5291
           304-428-5293 (fax)
           david.sims@mywvlawyer.com

## CERTIFICATE OF SERVICE

      I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

      Dated at Vienna, West Virginia on this 24th day of May 2018.

                                               Friedrichs Harris, Administrator
                                               By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)

LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 534'
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com