IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

v.                                    CIVIL ACTION NO.: 2:16-cv-00046
                                       JUDGE BAILEY

**Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
### PROPOSED JURY INSTRUCTIONS

The Defendants, Q&A Associates, Inc. (hereinafter "Q&A"), Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (collectively "Defendants"), by and through counsel, hereby submit the following objections to the proposed Jury Instructions proffered by the Plaintiff. The Defendants reserve the right to modify, withdraw, or submit additional objections as may become necessary. For ease of reference, the following objections are made in order in which the corresponding proposed instructions were submitted by the Plaintiff.

The Defendants object generally to Plaintiff's proposed jury instructions to the extent any such instructions are duplicative or inconsistent with the standard proposed charge submitted by the Defendants. The Defendants' specific objections to the Plaintiff's proposed instructions are as follows:

1

1. **Objection to Instruction No. 4 Regarding Intentional Infliction of Emotional Distress**

In support of Plaintiff's instruction regarding intentional infliction of emotional distress (IIED), the Plaintiff cites to *Travis v. Alcon Labs., Inc.,* 202 W. Va. 369, 504 S.E.2d 419 (1998). That case held that the proper elements for an IIED claim are as follows: "It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." *Id.* The Defendants request that the instructions on IIED incorporate the appropriate standard as stated above.

2. **Objections to Instruction No. 5 Negligent Supervision of Program Participants**

These Defendants object as the standard as stated in instruction of the Plaintiff is not applicable to the facts and evidence in this case, as the Plaintiff has not established that the Defendants had a duty to supervise Evan Harris 24 hours a day, as alleged. The Q&A Associates, Inc. program is a mentoring program to encourage and develop independence in its participants. The cases cites by the Plaintiff also do not support the standard as set for in Plaintiff's instruction. Furthermore, this instruction is unnecessary as it is subsumed under the standard and instructions for negligence.

3. **Objections to Instruction No. 6 Regarding Negligent Hiring of Staff**:

Defendants object to the last sentence of the instruction as being inconsistent with *McCormick v. W. Virginia Dep't of Pub. Safety*, 202 W. Va. 189, 193, 503 S.E.2d

502, 506 (1998). The first portion of the Plaintiff's instruction properly states the standard. However, the standard is not whether an employee is "properly suited for the work that was to be performed." This is not an accurate summary of the law. Furthermore, Plaintiff's phrase "proper investigation" should be "reasonable investigation." Finally the instruction should be re-worded to inquire "*whether* the death of Evan M. Harris was reasonably foreseeable." It is currently written in a way that is improperly suggestive of a result in favor of the Plaintiff.

**4. Objection to Instruction No. 7 Regarding Negligent Training of Staff:**

The case cited by the Plaintiff, *McCormick v. W. Virginia Dep't of Pub. Safety*, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998), addresses claims of negligent hiring as stated above. It does not address claims of negligent training. Plaintiff points to no caselaw to support negligent training as a standalone claim. To the extent that the Plaintiff intends to pursue this claim, it is merely a claim for negligence and is subsumed under the instructions on that claim. This instruction should be struck as written.

**5. Objection to Instruction No. 8 Regarding Negligent Staffing Levels:**

Again, the claim for negligent staffing is merely a claim for negligence. The case cited by the Plaintiff, *McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998)*, addresses claims of negligent hiring as stated above. It does not address claims of negligent staffing. Plaintiff points to no caselaw to support negligent staffing as a standalone claim. To the extent that the Plaintiff intends to pursue this claim, it is merely a claim for negligence and is subsumed under the instructions on that claim. This instruction should be struck as written.

**6. Objection to Instruction No. 9 Regarding Negligent Program Design:**

Plaintiff's claim for negligent program design is also a claim for negligence. The case cited by the Plaintiff, *McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998)*, addresses claims of negligent hiring as stated above. It does not address claims of negligent program design. Plaintiff points to no caselaw to support negligent program design as a standalone claim. To the extent that the Plaintiff intends to pursue this claim, it is merely a claim for negligence and is subsumed under the instructions on that claim. This instruction should be struck as written.

7. **Objection to Instruction No. 10 Regarding Negligent Program Assessments:**

Plaintiff's claim for negligent program assessment is also a claim for negligence. The case cited by the Plaintiff, *McCormick v. W. Virginia Dep't of Pub. Safety, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998)*, addresses claims of negligent hiring as stated above. It does not address claims of negligent program assessment. Plaintiff points to no caselaw to support negligent program assessment as a standalone claim. To the extent that the Plaintiff intends to pursue this claim, it is merely a claim for negligence and is subsumed under the instructions on that claim. This instruction should be struck as written.

8. **Objection to Instruction No. 11 Regarding Negligent Misrepresentation of Material Fact:**

The Defendants object to this instruction as redundant and unnecessary. Plaintiff's instruction number 18 regarding West Virginia Consumer Credit Protection

Action Violations asserts the same claims and is based upon the same law. Accordingly this instruction is duplicative and unnecessary and should be struck.

### 9. Objection to Instruction No. 12 Regarding Intentional Misrepresentation of Material Fact:

The instruction as written is not an accurate statement of the facts of this case or the law on this matter. To establish this claim for material negligent misrepresentation of material fact, it must be shown by *clear and convincing evidence* that:

> 1. Defendants made one or more misrepresentations or withheld information related to or concerning a material fact;
>
> 2. Defendants knew or should have known that the misrepresentations were false or that the omissions made other statements materially misleading or failed to correct an erroneous impression or assumption;
>
> 3. Defendants intended to induce Plaintiff to rely and act upon the misrepresentations and/or omissions; and
>
> 4. Plaintiff relied upon the misrepresentations and/or omissions and suffered injury or damage as a result thereof.

*Muzelak v. King Chevrolet, Inc*, 368 S.E.2d 710 (W.Va. 1988) ; *Lengyel v. Lint*, 280 S.E.2d 66 (W. Va. 1981); *Restatement, Second, Torts*, § 525.

### 10. Objection to Instruction No. 13 Liability for Manager's Acts:

The jury instruction as written by the Plaintiff is unclear and an incomplete statement of the law. By generically referring to "managers" of Q&A Associates, Inc., it is unclear who is being referenced and in what role. Furthermore, there are additional

5

elements for respondeat superior or vicarious liability to determine whether it will apply. This instruction as written should be struck.

11. **Objection to Instruction No. 16 Damages for Personal Injury to Evan M. Harris:**

These Defendants object to Plaintiff's characterization that the "purpose of awarding damages is to compensate a person who has been injured or harmed as fully and completely as possible." In *Flannery v. U.S.*, the Court stated that the "basic goal in awarding damages is to fairly and adequately compensate the plaintiff for the injuries and losses sustained." 171 W.Va. 27, 297 S.E.2d 433 (1982). The Defendants request that Plaintiff's instruction be amended to reflect the standard from *Flannery.*

**DEFENDANTS,**

**By Counsel**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

  **Plaintiff,**

v.              **CIVIL ACTION NO.: 2:16-cv-00046**
                **JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

  **Defendants.**

## CERTIFICATE OF SERVICE

  I certify that on this 25th day of May, 2018, I filed electronically via CM/ECF a true copy of **"DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS"** with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

          /s/ Lindsey M. Saad
          Lindsey M. Saad (WV Bar No. 11155)