**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,

        Plaintiff,

v.                             CIVIL ACTION NO.: 2:16-cv-00046
                                    JUDGE BAILEY

Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
 MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.

        Defendants.

**DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE**

COME NOW, Defendants, Q&A Associates, Inc. (hereinafter "Q&A"), Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (collectively "Defendants"), and object to Plaintiff's proposed Voir Dire as follows:

Plaintiff's Proposed Voir Dire is highly objectionable and threatens Defendants' ability to secure an unbiased jury and obtain a fair trial.

It is well settled that the purpose of voir dire is to select a fair and impartial jury who will decide the case devoid of bias or prejudice for or against any party. *State v. Hatfield,* 48 W. Va. 561, 37 E.E. 626, 1900 W. Va. Lexis 88 (W. Va. 1900); *State v. Dushman,* 79 W. Va. 747, 91 S.E. 809, 1917 W. Va. Lexis 146 (W. Va. 1917). Thus, voir dire should be carried out to test whether a juror is without bias or prejudice and can render a verdict solely on the facts and law. *See* Syl Pt. *State v. Wilson*, 157 W. Va. 1036, 207 S.E.2d 174 (1974) at Syl Pt. 4, *State v. Audia*, 171 W. Va. 568, 301 S.E.2d 199 (1983).

1

Plaintiff's Proposed Voir Dire does more to frustrate the goal of an unbiased jury than it does to promote it.  Many of Plaintiff's questions are posed not to test whether the prospective jurors have any biases or prejudices, but rather to instill in the prospective jurors a bias in favor of particular belief systems and thus a predisposition toward a Plaintiff's verdict.

Plaintiff's Proposed Voir Dire also includes questions that are designed to require the prospective jurors to explain "how they feel about" certain moral attitudes or belief systems that only vaguely speak to the issues of bias or prejudice or willingness to follow the law.  These questions are improperly intrusive and require responses from prospective jurors, pushing them into conformity or conflict with other prospective jurors. These questions improperly promote conformity of attitudes and outlooks among the prospective jurors and seek to teach the jury panel how it should view the evidence. The responses to these questions are also unpredictable, and may be personal and emotional.  As a result, there is a significant risk that responses to these questions will taint the jury panel as a whole.  Significant individual voir dire would be required to attempt to protect against this risk, while little if any important information relating to bias or prejudice or willingness to follow the law will be obtained from these questions.

Specifically, the Defendants object to the numbered questions as follows:

1. Defendants object to questions 38-44. Plaintiff's questions inquiring of medications taken by the jurors and side effects of medications are overly intrusive, seek highly personal information and not relevant to the facts of this case.

2

2.  Defendants object to question 46 relating to problems facing "residential treatment facilities for the mentally disabled." This case involves a transitional independent living program for young adults, and any questions about treatment facilities are not relevant and unduly prejudicial by misrepresenting the facts in this case.

3.  Defendants object to question 49 and the use of the word "vindicate." This improperly gives the jury the impression that a trial is about vindication rather than following the law to seek a proper result.

4.  Defendants object to questions 52-58 as not relevant and improper questioning of the jury. The questions do not assist in finding an unbiased and fair jury pool.

5.  Defendants object to questions 66-67 as improper questions seeking religious beliefs of the jurors without assisting in eliminating bias.

6.  Defendants object to questions 75-76. The prior death referenced by Plaintiff in these questions is improper. The death has no relevance to the facts of the instant case and should not be referenced therein.

7.  Defendants object to questions 112 as improperly impressioning the jury by use of the words "large damages award."

8.  Defendants object to question 131 as inviting a speculative damage award without any basis in fact or law.

9.  Defendants object to questions 132-137 for reference to "caps" without any explanation or relevance to this case. These questions will unnecessarily confuse the jury.

10. Defendants object to questions 151-154, 156-158, 160-172, 183-185, 187. These questions are not relevant to the case and do not assist in any way in revealing the biases of the jury.

11. Defendants object to question 179 as inviting a speculative damage award without any basis in fact or law.

12. Defendants object to questions 188-194 as improper questions seeking religious beliefs of the jurors that are not aimed to uncover biases. These Defendants do not object to the Plaintiff attempting to discern whether the jurors may hold a religious bias against someone who has committed suicide. However, these questions are not tailored to eliminate bias.

13. Defendants object to question 198 as it improperly suggests a damages amount that is not founded in any fact or evidence.

14. Defendants object to question 208 as it incorrectly states that Q&A Associates, Inc. operates a program for troubled "teens." The program is for young adults.


**DEFENDANTS,**

**By Counsel**


/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

4

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

       **Plaintiff,**

**v.**                       **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA
CORPORATION, ANGELA SHOCKLEY, KEITH
BISHOP, MATTHEW SHOCKLEY, AND SANDY
SCHMIEDEKNECHT,  and TAMMY ROBBINS.**

       **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on this 25th day of May, 2018, I filed electronically via CM/ECF a true copy of **"DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE"** with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

                            /s/ Lindsey M. Saad
                            Lindsey M. Saad (WV Bar No. 11155)