IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

v.                                        **CIVIL ACTION NO.: 2:16-cv-00046**
                                              **JUDGE BAILEY**

**Q&A ASSOCIATES, INC.,**
**ANGELA SHOCKLEY, KEITH BISHOP,**
**MATTHEW SHOCKLEY, SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

**DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE**

COME NOW, Defendants, Q&A Associates, Inc. (hereinafter "Q&A"), Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (collectively "Defendants"), and hereby responds to Plaintiff's Omnibus Motions *in Limine*. Because of the volume and varied interests of Plaintiff's Omnibus Motions *in Limine,* Defendants must respond in omnibus. In support of their response, Defendants state as follows:

**I.    MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING ANY ALLEGED CRIMINAL ACTIVITY OR ENCOUNTERS WITH LAW ENFORCEMENT BY EVAN M. HARRIS OR EVAN'S BIOLOGICAL PARENTS.**

Defendants object to this Motion *in Limine*, in part. Defendants object to the exclusion of relevant evidence pertaining to "any alleged criminal activity or encounters with law enforcement by Evan M. Harris" to the extent Q & A or its agents had information regarding any such activities when Harris was enrolled in the young adult transitional program administered by Q & A. While Defendants' do not wish to unnecessarily shame or otherwise prejudice Plaintiff based upon Evan Harris's involvement in criminal activities, the evidence of such activities are

1

contained in records provided to and prepared by Q & A and offer context about the circumstances of Evan Harris's life. Plaintiff has continued to describe Evan Harris as a "deeply troubled young man" with an array of mental and behavioral problems spanning his entire life. The issues Evan Harris encountered include criminal conduct. Plaintiff cannot paint this case as one involving a "troubled" young adult while simultaneously whitewashing the record of any purported prejudicial evidence which serves to provide context for who Evan Harris was.

Under the Federal Rules of Evidence Rule 401, the test for determining if evidence is relevant is if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed R. Evid R. 402. Under Rule 403, the Court may exclude relevant evidence if "if its probative value is substantially outweighed by a danger of. . .unfair prejudice." Instead of utilizing the test under rules 401 and 403, Plaintiff's test for relevance and admissibility of evidence is whether it makes his case more or less favorable in the eyes of the jury. As this Court has noted, "Evan's records reflect consistent issues with planning, memory, emotional regulation, anger, and self-destructive episodes." *See* EMCF Doc. 89, p. 1. Plaintiff has described these same problems in numerous pleading and appears fully prepared to use such evidence to prosecute their case. Because criminal activity and encounters with law enforcement provide the only complete picture of Evan Harris, his behavior, and "problems" he encountered, the exclusion of such evidence is inappropriate and would prejudice Defendants' ability to present a defense.

**WHEREFORE**, Defendants request that the Court deny Plaintiff's Motion *in Limine* to exclude references, testimony, exhibits, evidence, and/or argument regarding any alleged criminal activity or encounters with law enforcement by Evan M. Harris.

Defendants do not object to barring evidence of criminal activity or encounters with law enforcement related to Evan Harris's biological parents.

**II.    MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING ANY MEDICAL HISTORY OF EVAN M. HARRIS'S BIOLOGICAL MOTHER.**

Defendants object to this Motion *in Limine*, in part. Defendants object to the exclusion of relevant evidence pertaining to "any medical history of Evan M. Harris's biological mother" to the extent Q & A or its agents had information regarding any such medical history when Harris was enrolled in the young adult transitional program administered by Q & A. While Defendants' do not intend to link Harris's death directly to his biological mother's battles with mental illness and substance abuse, the evidence of such struggles are contained in records provided to and prepared by Q & A and offer context about the circumstances of Evan Harris's life.

Plaintiff has consistently used the medical and substance abuse history of Evan Harris's biological mother in pleadings and evidentiary hearings in an effort to provide context as to Harris's diminished capacity and ultimately correlate this diminished capacity with his death.  As Plaintiff notes in his Response to Defendants' Motion for Summary Judgment:

> In support of his position in this case, Plaintiff has previously identified Paul G. Pelts, M.D. as a witness to offer opinions about Evan M. Harris and his needs. (Rule 26(a)(1) Disclosures). Plaintiff previously provided Paul Pelts, M.D.'s entire chart to Defendants, including his Affidavit and curriculum vitae, and Defendants were provided the opportunity to cross examine him in detail at the evidentiary hearing. Furthermore, Plaintiff identified Kevin Fenstermacher, Ph.D. as a witness and provided Defendants with a copy of his 24-page comprehensive report and his credentials. [Exhibit 8] Finally, Plaintiff identified Christine Woodfin, the Educational Consultant, as a witness and provided her credentials and her reports about Evan M. Harris. ***The Fenstermacher report and the Woodfin report were in the possession of Defendants prior to Plaintiff's son enrolling in the program.*** They cannot be a surprise to the Defendants and they were clearly identified in Plaintiff's 26(a) disclosures.
>
> This Court found that Dr. Pelts was duly qualified as an expert witness in the field of adolescent and adult psychiatry. (ECF # 41) And, the Court commented in its Order that Dr. Pelts gave compelling testimony regarding Evan Harris' limited intellectual capacity and emotional vulnerability [Testimony of Dr. Paul Pelts, January 4, 2017]. Dr. Pelts testified that he first met Evan in September 2006, at which time he and the family had a sort of, "meet and greet" [Id.]. At that time, Dr. Pelts testified that the Harrises expressed a variety of concerns that Evan was experiencing, primarily anger and frustration that at times would become physical as things escalated [Id.]. He was also having some difficulty with impulse control, mood fluctuation, that would fluctuate somewhere

3

>between him being euphoric, overly happy and angry [Id.]. Evan, they reported, would get fixated on things and was not be able to unstick from that [Id.]. ***Dr. Pelts further confirmed that Evan's biological mother had been diagnosed with bipolar disorder, that she used drugs during her pregnancy with Evan, and that she eventually committed suicide [Id.]. Further, Dr. Pelts confirmed that Evan's biological father was incarcerated either for murder or for some other violent act [Id.].*** Dr. Pelts also confirmed Evan's many psychiatric hospital stays during his youth and treatment by other psychologists in the early 2000s [Id.].

EMCF Doc. 70, p. 5 (emphasis added). Plaintiff's consistent use of the abovementioned testimony plainly demonstrates that the medical and substance abuse history of Evan Harris's biological mother is relevant and offers probative evidence. Plaintiff pursues the theory of Evan Harris as a vulnerable young adult, utilizing his family history when convenient, but changes course as trial approaches under the guise of prejudice. A heel turn of this nature is improper. Because the medical and substance abuse history of Evan Harris's biological mother providse the only complete picture of Evan Harris, his behavior, and "problems" he encountered, the exclusion of such evidence is inappropriate and would prejudice Defendants' ability to present a defense.

**WHEREFORE**, Defendants request that the Court deny Plaintiff's Motion *in Limine* to exclude references, testimony, exhibits, evidence, and/or argument regarding any medical history of Evan Harris's biological mother.

**III.   MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING COLLATERAL SOURCE BENEFITS.**

Defendants have no objection.

**IV.   MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING DEFENDANTS' [ABILITY] TO PAY ANY JUDGMENT.**

Defendants have no objection. To clarify, to the extent it is not covered by this motion *in limine*, Defendants object to any references by Plaintiff of "Defendants' ability to pay any

judgment" to the extent Plaintiff attempts to highlight Defendants'' "deep pockets" or ability to provide payment through insurance.

**V.    MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT THAT A LARGE JURY VERDICT WOULD CAUSE DEFENDANT Q & A ASSOCIATES, INC. TO "SHUT DOWN" OR CAUSE IT OTHER FINANCIAL DIFFICULTIES.**

Defendants have no objection.

**VI.   MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT RELATING TO CONDUCT OF ANY INDIVIDUALS OR ENTITIES NOT PARTIES TO THIS ACTION AS BEING RESPONSIBLE FOR OR CONTRIBUTING TO THE INJURIES AND DAMAGES OF WHICH PLAINTIFF COMPLAINS.**

Defendants object to this Motion *in Limine* to the extent it limits Defendants ability to question or otherwise present evidence during trial as to a non-parties supervision, treatment, or interaction with Evan Harris. In West Virginia a "plaintiff must establish that the defendant deviated from some standard of care, and that deviation was the proximate cause of the plaintiff's injury." *Mays v. Chang*, 579 S.E.2d 561, 565 (W. Va. 2003). Under these principles, each joint torfeasor's negligence must contribute to the proximate cause of the patient's injuries in order for the tortfeasor to be held liable to the plaintiff. A proximate cause is "'that act which directly produced or concurred in producing the injury.'" *Sheetz, Inc. v. Bowles Rice McDavid Graff & Love, PLLC*, 547 S.E.2d 256, 266 n.8 (W. Va. 2001) (citation omitted). However, proximate cause may be affected by an **intervening cause** that breaks the link in proximate causation and relieves an otherwise negligent party from liability. *Id*.

An intervening cause "constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury." *Id.* at 270 (citation omitted). According to the West Virginia Supreme Court of Appeals, "'[t]he function of an intervening cause is that of severing the casual connection between the original improper action and the damages.'" *Sydenstricker v. Mohan*, 618 S.E.2d 561, 567 (W. Va. 2005) (citations omitted). In *Sydenstricker*, the Court found that a defendant is allowed to introduce evidence of

5

a non-party treating physician's negligence in order to establish the defense of intervening cause. *Id.* at 568; *see also Wise v. C.R. Bard, Inc.*, 2015 U.S. Dist. LEXIS 14310, at *12-13 (S.D. W. Va. Feb. 6, 2015) (Judge Joseph R. Goodwin) (emphasis added) (noting that "[i]n *Sydenstricker v. Mohan*, the West Virginia Supreme Court of Appeals ('WVSCA') found that the defendant was entitled to introduce evidence of a **nonparty's negligence** to establish the defense of intervening cause, which is recognized in West Virginia.").

      Here, Plaintiff's argument that Defendant should not be permitted to present evidence of a non-parties conduct is in contravention of established West Virginia law. Plaintiff offers an unsupported requirement that "[i]f these Defendants believed that someone else or some other entity was responsible for Evan's death, they should have "filed a third-paty complaint[.]" Defendants must have an opportunity to present a defense which may otherwise point to a non-party as an intervening cause of the damages alleged. Notably, Plaintiff has filed a second suit against two separate defendants, Jennifer Randall Reyes and Big Top Counseling and Consulting, LLC. This suit and the allegations contained therein arise from the same set of facts and circumstances at issue in the present matter. In fact, the second suit alleges that Defendants, Mrs. Reyes, and Big Top Counseling and Consulting, LLC "were in a joint venture" which resulted in the death of Evan Harris. If Plaintiff wishes to exclude evidence of a non-parties involvement, it is only at the expense of Defendant's opportunity to prepare and present an adequate defense at trial.

      **WHEREFORE**, Defendants request that the Court deny Plaintiff's Motion *in Limine* to exclude references, testimony, exhibits, evidence, and/or argument relating to conduct of any individuals or entities not parties to this action as being responsible for or contributing to the injuries and damages of which Plaintiff complains.

VII. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING THE MANNER, TIME, OR CIRCUMSTANCES UNDER WHICH THE PLAINTIFF EMPLOYED AN ATTORNEY OR THE NATURE OF THE ATTORNEY'S FEE ARRANGEMENTS.**

Defendants have no objection provided that the same rule bars the Plaintiff from introducing "references, testimony, exhibits, evidence and/or arguments" regarding the "manner, time or circumstances under which" the Defendants "employed an attorney or the nature of the attorney's fee arrangements."

VIII. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT CONCERNING SETTLEMENT DISCUSSIONS.**

Defendants have no objection.

IX. **MOTION IN LIMINE TO SEQUESTER ALL TRIAL WITNESSES DURING TRIAL, WITH THE EXCEPTION OF THE NAMED PARTIES.**

Defendants have no objection provided that "named parties" include Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins. Defendant wants to further clarify and object to any references or testimony that a named party "is not present" or "is not in attendance"; or, inversely, "is present" or "is in attendance" at trial. Such commentary only serves to unduly prejudice or unduly bolster the credibility of a party by insinuating to the jury that their ability to attend trial is indicative of that parties' interest and attentiveness in the proceedings.

X. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT THAT AN AWARD WOULD RESULT IN UNJUST ENRICHMENT OR PLAINTIFF "WINNING THE LOTTERY"**

Defendants have no objection.

XI. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT THAT THE MOTIVE OR PURPOSE OF THE LAWSUIT IS OR WILL BE TO COMPENSATE PLAINTIFF'S COUNSEL.**

Defendants have no objection provided that the same rule bars the Plaintiff from

introducing "references, testimony, exhibits, evidence and/or arguments" regarding Defendants' counsel's "motive or purpose" of defending the lawsuit or otherwise failing to settle and allowing the matter to proceed to trial.

**XII.   MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT TO EXPERT WITNESS OPINIONS BEYOND THOSE STATED IN DEFENDANTS' DISCLOSURES OF THEIR TESTIFYING EXPERTS.**

Defendants have no objection. Defendant is aware of its expert witness supplementation requirements pursuant to Rule 26 of the Federal Rules of Civil Procedure and case law in the United States District Court for the Northern District of West Virginia. Defendants will provide supplementation as required.

**XIII.   MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR  ARGUMENT SUGGESTING THAT DEFENDANTS CANNOT GET A FAIR TRIAL BECAUSE THEY ARE  NOT BEING JUDGED BY A JURY OF THEIR PEERS.**

Defendants have no objection.

**XIV.   MOTION IN LIMINE BARRING *AD HOMINEM* ATTACKS ON PLAINTIFF'S COUNSEL.**

Defendants have no objection.

**XV.   MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT THAT THE PLAINTIFF MUST ESTABLISH CAUSATION WITH CERTAINTY AND/OR THAT PLAINTIFF MUST ELIMINATE ANY OTHER POSSIBILITIES.**

Defendants object to this Motion *in Limine* to the extent it limits Defendants ability to question or otherwise present evidence during trial as to a non-parties supervision, treatment, or interaction with Evan Harris. Defendants restate their arguments in response to Motion *in Limine* VI.

XVI. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING THE REPUTATION OR SKILL OF COUNSEL.**

Defendants have no objection.

XVII. **MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DANIEL BRUCE THISTLEWAITE, M.D.**

Defendants object to this Motion *in Limine*. Plaintiff has essentially alleged that Dr. Thistlethwaite is not qualified to offer expert opinions in this case, but this could not be farther from the truth. Dr. Thistlethwaite is a practicing and board-certified psychiatrist in the state of West Virginia. He is a graduate of the West Virginia University School of Medicine. Dr. Thistlethwaite completed his residency in Psychiatry at Charleston Area Medical Center. He is certified by the American Board of Psychiatry and Neurology, he is a fellow of the APA, and has worked in private practice as a psychiatrist for nearly 27 years. Dr. Thistlethwaite is a member of the American Psychiatric Association, the American Academy of Psychiatry and the Law, and the American College of Forensic Examiners. Dr. Thistlethwaite currently serves as an Assistant Clinical Professor of Psychiatry at West Virginia University. Prior to focusing exclusively on outpatient psychiatry, Dr. Thistlethwaite served as Chief of Psychiatry for Thomas Memorial Hospital. See EMCF Doc. 66. As such, Dr. Thistlethwaite is qualified to opine regarding the standard of care required to properly assess and provide for the needs of individuals with psychiatric diagnoses.

Plaintiff makes the allegation that Dr. Thistlethwaite "has not identified any experience in even treating people like Evan Harris in his clinical practice." Dr. Thistlethwaite's psychiatry practice is comprised of treating a full spectrum of psychiatric disorders and illnesses, such as the ones diagnosed in Evan Harris. Prior to Evan Harris's admission into the Q&A Journey program, a psychiatric evaluation was performed on Evan Harris by Kevin M. Fenstermacher, Ph.D, a licensed psychologist. In this evaluation, Mr. Fenstermacher notes several diagnoses

that include bipolar disorder, emotional and behavioral problems and symptoms that include mood instability, mania, depression, anxiety, and emotional and behavioral dysregulation. Dr. Thistlethwaite, as a practicing psychiatrist, is fully qualified to offer opinions as to the standard of care with regard to the appropriate care, assessments, and programs for individuals with these diagnoses. Furthermore, he has practiced as a psychiatrist treating the aforementioned conditions and many others throughout his career. In arriving at his conclusions, Dr. Thistlethwaite reviewed the records from Q&A Associates, the psychiatric evaluation by Dr. Fenstermacher, the file of treating psychiatrist Dr. Pelts, among many other documents as a basis for his opinions in this matter. Based upon Dr. Thistlethwaite's review of the materials and extensive experience, training, and skill in psychiatry, Dr. Thistlethwaite is qualified and able to opine about the appropriateness of a young adult independent living program for an individual with bipolar disorder, emotional and behavorial problems.

Furthermore, Plaintiff's other criticism's of Dr. Thistlethwaite's opinions relating to his conclusion that Evan Harris was not at a "substantial suicide risk" are criticisms related to Dr. Thistlethwaite's conclusions and have no relation to his qualifications or methodology in reaching these conclusions. These are subjects that are proper for cross-examination of an expert witness regarding the substance of his opinions. In regard to its "gatekeeper" role, U. S. Distict Court for the Southern District of West Virginia has stated that it "'need not determine that the proffered expert testimony is irrefutable or certainly correct' . . . [a]s with all other admissible evidence, expert testimony is subject to testing by 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Tyree v. Boston Scientific Corp.*, 2014 WL 5320566, at *3 (citing Md. Cas. Co. v. Therm-O-Disc, Inc., 137 F.3d 780, 783 (4th Cir. 1998) (noting that "[a]ll Daubert demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful")).

The West Virginia Supreme Court of Appeals has held that "[p]ursuant to *West Virginia*

*Rules of Evidence 702* an expert's opinion is admissible if the basic methodology employed by the expert in arriving at his opinion is scientifically or technically valid and properly applied, **the jury, and not the judge, determines the weight to be given to the expert's opinion.**" Syl. Pt. 4, *Mayhorn v. Logan Medical Found.,* 454 S.E.2d 87 (W. Va. 1994) (emphasis added). Here, Plaintiff's argument to exclude Dr. Thistlethwaite's opinions actually goes to the weight of the evidence, not to its admissibility. First, Thistlethwaite is unequivocally qualified to offer standard of care and causation opinions from the perspective of a psychiatrist. Second, Dr. Thistlethwaite's opinions are based upon his education, experience training and review of the materials. Therefore, Dr. Thistlethwaite's opinions as to standard of care and causation are clearly admissible at trial. *See* Syl. Pt. 3, *id.*

**WHEREFORE**, Defendants request that the Court deny Plaintiff's Motion *in Limine* to exclude testimony of Daniel Bruce Thistlethwaite, M.D.

**DEFENDANTS,**

**By Counsel**

/s/ John T. McCartney
John T. McCartney (WV Bar No. 12242)
Lindsey M. Saad (WV Bar No. 11155)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

and

11

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

    **Plaintiff,**

**v.**               **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA
CORPORATION, ANGELA SHOCKLEY, KEITH
BISHOP, MATTHEW SHOCKLEY, AND SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

    **Defendants.**

## CERTIFICATE OF SERVICE

I certify that on this 25th day of May, 2018, I filed electronically via CM/ECF a true copy of "**DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE**" with notice of the same being electronically served by the Court, addressed to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

    /s/ John T. McCartney
    John T. McCartney (WV Bar No. 12242)
    Lindsey M. Saad (WV Bar No. 11155)