IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,

      **Plaintiff,**

v.                                                          CIVIL ACTION NO.: 2:16-cv-00046
                                                                  JUDGE BAILEY

Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.

      **Defendants.**

**DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS**

COME NOW, Defendants, Q&A Associates, Inc. (hereinafter "Q&A"), Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (collectively "Defendants"), and object to Plaintiff's proposed trial exhibits as follows:

    1. **Defendants Object to Exhibits that Reference "Other Incidents"**

Evan Harris was a participant in the Q&A Associates, Inc. Journey program. Defendants anticipate that Plaintiff may attempt to introduce evidence of prior other incidents ("OI") as evidence that Q&A Associates, Inc. had prior knowledge of a risk of suicide of Evan Harris by attempting to link a prior death to this case. West Virginia courts have looked into the use of such evidence and deemed such similar occurrences as inadmissible unless injuries or defects existed under substantially the same conditions. *Gable v. The Kroger Co.*, 186 W.Va. 62, 65 410 S.E.2d 701, 704 (1991).

1

For each OI Plaintiff attempts to reference or admit into evidence in this matter, this Court will have to engage in numerous mini trials in order to determine if any such "OIs" meet the evidentiary requirements and qualify as substantially similar under *Gable*. This will require the Court to take evidence on these OIs, including hearing testimony from witnesses regarding each alleged OI, and thus lengthening the subject trial considerably.

As a result, Defendants move to exclude any such reference or argument through evidence or testimony of OI evidence because:

1. Evidence relating to other accidents, incidents, complaints and/or lawsuits is irrelevant to the issues in this action under Rule 402 of the West Virginia Rules of Evidence unless there is a showing of "substantial similarity;"
2. Evidence of other actions, incidents or claims is inadmissible as character evidence under Rule 404 of the West Virginia Rules of Evidence;
3. Evidence of other accidents, incidents, or claims poses a danger of unfairness, confusion and waste of time under Rule 403 of the West Virginia Rules of Evidence;
4. Admission of evidence of other actions, incidents or claims would confuse the jury and unduly prolong the trial under Rule 403 of the West Virginia Rules of Evidence;
5. References to the existence of other cases and to the names of cases are also inadmissible; and
6. Evidence of allegations made in other cases is inadmissible hearsay under Rule 801 of the West Virginia Rules of Evidence.

Under West Virginia law, evidence of "other incidents" is admissible only if the proponent of the evidence <u>first</u> demonstrates that the other accidents occurred under substantially similar conditions and involved a substantially similar product or circumstance. *Gable v. The Kroger Co.*, 186 W.Va. 62, 65, 410 S.E.2d 701, 704 (1991) (excluding evidence of prior, dissimilar accidents on the same premises); *Collins v. Bennett*, 486 S.E.2d 793 (W.Va. 1997); *see also Mobile Exploration and Producing v. A-Z/Grant Intm. Co.*, 1996 WL 194931*5 (E.D. La. 1996).

In *Gable v. The Kroger Co.*, 186 W.Va. 62, 410 S.E.2d 701 (1991), a customer attempted to use two previous slip and fall incidents at the same store to show the owner had notice of a dangerous condition. The West Virginia Supreme Court in *Gable* held that evidence of two previous slip and falls was not admissible because neither occurred in the same area of the store, and neither was the result of a similar problem. *Id.* at 65. The *Gable* Court cited *Hendricks v. Monongalia West Penn Public Service Company*, 163 S.E. 411 (1932), stating that:

> To be admissible at all, however, evidence . . . must relate to accidents, injuries or defects existing at substantially the same place and under substantially the same conditions . . . [and although several occurrences or occasions need not be exactly similar . . ., evidence of accidents or injuries occurring under different circumstances or conditions is not admissible. *(45 CJ, page 1245, 808, subject, "other acts, injuries and defects").*

*Gable,* 186 W. Va. at 65.

In the case at bar, due to the exact background, diagnoses, progress in the Q&A program, and the unique circumstances that lead to a death of Evan Harris, any other incidents that Plaintiff attempts to use cannot be substantially similar so as to prove any prior knowledge on the part of the Defendants. The fact that two deaths occurred in the same physical location at Q&A Associates, Inc. is also misleading as the location itself has nothing to do with what may have led to these deaths. Each of these young men had a very different life and set of experiences. Most notably, it is believed that the young man that died prior to Evan Harris did not intend to take his life, but that it was a tragic accident. This is why even another death that occurred at the exact location that Evan Harris died at Q&A Associates, Inc. should not be admissible, as there is no indication that the prior death at Q&A Associates, Inc. has any bearing on the death of

Evan Harris. For evidence of similar acts, accidents, citations, and the like to be admissible at trial, they must bear a substantial similarity to the accident involving Plaintiff. Based on Rule 404 of the West Virginia Rules of Evidence and the cases set forth above, prior acts or other evidence of the events prior to Plaintiff's injury must have some relevance to the claims and the burden of proof the Plaintiff has in this case. Accordingly, the Defendants object to the following trial exhibits:

- Plaintiff's Exhibit 42 – Death Certificate of John Doe
- Plaintiff's Exhibit 73 – Eckerd Academy – Blue Ridge regarding Keith Bishop
- Plaintiff's Exhibit 74 -- Eckerd Academy of the Blue Ridge Blog
- Plaintiff's Exhibit 75 -- McMahon "Named New Director WV Journey – Newspaper Article in Charleston Gazette"
- Plaintiff's Exhibit 88 – McMahon Camp Death Report
- Plaintiff's Exhibit 90 – Staff List of Eckerd Youth Alternatives Program
- Plaintiff's Exhibit 94 – Testimony of Paul Lewis father of Ryan Lewis before Congress

In addition to being related to other incidents, Exhibit 90 appears to be a website with unsubstantiated information posted from web browsers, which constitutes inadmissible hearsay.

Defendants request that Plaintiff be directed to limit his inquiries to those items that specifically and directly relate to the instant action involving Evan Harris.

2. **Defendants Object to Any Exhibit that References Hearsay Statements Regarding the Defendants from Any Media Articles or Television Programs.**

The Defendants move to exclude any reference to or evidence considering television or radio programs or newspaper or magazine articles regarding an alleged "investigation" or other similar matters regarding young adult residential programs, including Q&A Associates, Inc., and specifically Plaintiff's Trial Exhibit 91, which is a collection of such articles. By definition, all interviews, reports and other information on such a television program are hearsay and are unrelieved by any exception to the hearsay rule. *See* FED. R. EVID. 801(c). Likewise, any non-scientific publications or reports, including the statements, opinions, conclusions or analyses contained therein, are not relevant and the probative value, if any, is outweighed by the danger of unfair prejudice to the Defendants. This includes all news stories or purported "investigative reports" regarding any of the Defendants. *See* FED. R. EVID. 403; *Schultz v. Butcher,* 24 F.3d 626, 631 (4th Cir. 1994); *Lively v. Rufus,* 533 S.E.2d 662, 675 n. 22 (W. Va. 2000).

Any television programs, news stories and investigative reports cannot be shown to be reliable evidence nor can the Plaintiff show that these reports are the result of any type of research or investigation. The only purpose of reference to such articles or television programs would be to confuse and mislead the jury as to the facts in this case. As such, these articles and programs should be excluded because they are inadmissible hearsay and their probative value, if any, is substantially outweighed by the danger of unfair prejudice.

3. **Defendants Object to Plaintiff's Trial Exhibits Based Upon Inadmissible Hearsay**

These Defendants object to the following trial exhibits based upon the fact that they are inadmissible hearsay:

5

- Exhibit 93 "Program Staff Information for Q&A"

Exhibit 93 appears to be a website printed page, which allows users to post experiences or information about the Q&A Associates, Inc. program. It is a self-purported "grassroots network of families working with each other to stop crimes against humanity." This printed pages list the Q&A Associates, Inc. staff and makes notations about them. The exhibit is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, does not fall within any of the hearsay exceptions set forth in Rule 803, and has not been authenticated under Rule 901 and is not self-authenticating under Rule 902.

- Exhibits 89 – Notes from Meeting to Discuss Evan's Death  respectively

Exhibit 89 appears to be a set of typed notes accompanied by a handwritten note from Kathy Harris, which states that she does not know who authored the notes and makes some guesses as to the author. The exhibit is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence, does not fall within any of the hearsay exceptions set forth in Rule 803, and has not been authenticated under Rule 901 and is not self-authenticating under Rule 902.

**DEFENDANTS,**
**By Counsel**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

**FRIEDRICHS HARRIS, ADMINISTRATOR OF**
**THE ESTATE OF EVAN M. HARRIS,**

  **Plaintiff,**

v.            **CIVIL ACTION NO.: 2:16-cv-00046**
               **JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA**
**CORPORATION, ANGELA SHOCKLEY, KEITH**
**BISHOP, MATTHEW SHOCKLEY, AND SANDY**
**SCHMIEDEKNECHT, and TAMMY ROBBINS.**

  **Defendants.**

## CERTIFICATE OF SERVICE

  I certify that on this 25th day of May, 2018, I filed electronically via CM/ECF a true copy of **"DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS"** with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

            <u>/s/ Lindsey M. Saad</u>
            Lindsey M. Saad (WV Bar No. 11155)