IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,

      **Plaintiff,**

v.                                                      CIVIL ACTION NO.: 2:16-cv-00046
                                                          JUDGE BAILEY

**Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
<u>PROPOSED VERDICT FORM</u>**

      The Defendants, Q&A Associates, Inc. (hereinafter "Q&A"), Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (collectively "Defendants"), by and through counsel, hereby submit the following objections to the proposed Verdict Form Special Interrogatories ("verdict form") proffered by the Plaintiff. The Defendants reserve the right to modify, withdraw, or submit additional objections as may become necessary. For ease of reference, the following objections are made in order in which the corresponding proposed instructions were submitted by the Plaintiff.

      The Defendants object generally to Plaintiff's proposed verdict form to the extent any such instructions are duplicative or inconsistent with the proposed verdict form submitted by the Defendants. The Defendants' specific objections to the Plaintiff's proposed instructions are as follows:

      **1. Objection to Verdict Form Special Interrogatory No. 1 Regarding Negligence**

      Plaintiff's verdict form interrogatory 1 improperly states that the standard of proof for a negligence claim is a "by a greater weight of the evidence" standard. The standard of proof for a

1

negligence action is "by a preponderance of the evidence." *Davis v. United States*, 2012 U.S. Dist. LEXIS 94060, *20 (N. D. W. Va. 2012) (citing *Sexton v. Grieco*, 216 W. Va. 714, 716, 613 S.E.2d 81 (2005). Defendant requests that any verdict form entered by the Court reflect that the standard of proof for negligence is "by a preponderance of the evidence."

Defendants further object and state that each defendant should be identified in separate verdict form interrogatories to allow for a determination of whether said defendant is liable for alleged negligence.

**2. Objection to Verdict Form Special Interrogatory No. 2 Regarding Intentional or Reckless Conduct of the Defendants.**

Defendants object as this interrogatory is confusing and requires clarity for the jury. Plaintiff does not make clear which conduct was "Intentional or Reckless" in verdict for interrogatory 2. In his Complaint and in the Jury Charge, Plaintiff alleges Intentional Infliction of Emotional Distress and Intentional Misrepresentations of Material Fact. Defendants are not clear which counts this interrogatory are referencing.

**3. Objection to Verdict Form Special Interrogatory No. 3 Regarding a Violation of the West Virginia Consumer Credit and Protection Act**

Plaintiff's verdict form interrogatory 3 improperly states that the standard of proof for intentional infliction of emotion disress is a "by a greater weight of the evidence" standard. The standard of proof for a negligence action is "by a preponderance of the evidence." Defendant requests that any verdict form entered by the Court reflect that the standard of proof for negligence is "by a preponderance of the evidence."

Defendants further object and state that each defendant should be identified in separate verdict form interrogatories to allow for a determination of whether said defendant is liable for the alleged violations of the West Virginia Consumer Credit and Protection Act.

### 4. Objection to Verdict Form Special Interrogatory No. 5 (e)-(m) Regarding Economic Damages

Plaintiff improperly provides multiple lines for non-ecomonic damages for Rick Harris, individually, Kathy Harris, and E. Harris, sister of Evan Harris on the verdict form. Defendants believe the decedent's beneficiaries should be provided one line each for their non-economic apportionment of damages.

### 5. Objection to Verdict Form Special Interrogatory No. 6 Regarding Emotional Distress

Plaintiff's verdict form interrogatory 6 is confusing and implies that the jury must award damages for emotional distress in some amount. Each defendant should be identified in separate verdict form interrogatories to allow for a determination of whether said defendant is responsible for damages associated with emotion distress. Upon a determination of responsibility, a percentage of fault should then be applied to each defendant found liable.

### 6. Objection to Verdict Form Special Interrogatory No. 7 Regarding Punitive Damages

Plaintiff's verdict form interrogatory 7 is confusing and implies that the jury must award punitive damages in some amount. Each defendant should be identified in separate verdict form interrogatories to allow for a determination of whether said defendant is responsible for punitive damages. Upon a determination of responsibility, a percentage of fault should then be applied to each defendant found liable.

        **DEFENDANTS,**

        **By Counsel**

/s/ Lindsey M. Saad
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC

3

48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com
jmccartney@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS**

**FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,**

      **Plaintiff,**

**v.**                                                     **CIVIL ACTION NO.: 2:16-cv-00046
JUDGE BAILEY**

**Q&A ASSOCIATES, INC., A WEST VIRGINIA
CORPORATION, ANGELA SHOCKLEY, KEITH
BISHOP, MATTHEW SHOCKLEY, AND SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.**

      **Defendants.**

## CERTIFICATE OF SERVICE

      I certify that on this 25th day of May, 2018, I filed electronically via CM/ECF a true copy of **"DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM"** with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

                                                    /s/ Lindsey M. Saad
                                    Lindsey M. Saad (WV Bar No. 11155)