**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                                                                              Civil Action No. 2:16-cv-46
                                                                                                                                     Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OMNIBUS RESPONSE
TO PLAINTIFF'S MOTIONS IN LIMINE**

NOW COMES Plaintiff, by and through his attorney, David A. Sims, and hereby submits *Plaintiff's Reply to Defendants' Omnibus Response to Plaintiff's Motions in Limine*.

In support of the same, Plaintiff offers the following:

**I.  MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING ANY ALLEGED CRIMINAL ACTIVITY OR ENCOUNTERS WITH LAW ENFORCEMENT BY EVAN M. HARRIS OR EVAN'S BIOLOGICAL PARENTS.**

The alleged criminal activity or background information of Evan M. Harris or his biological parents has no relevance whatsoever to the issues presented in this case. The only reason for introducing such evidence would be to prejudice the Jury against Evan Harris and his family members. Any reference to either Evan's or his biological parents' previous encounters with law enforcement officers is severely more prejudicial than probative and could only seek to improperly influence the

jurors. Furthermore, such evidence is irrelevant to credibility because there was never any real evidence of any convictions of Evan's biological parents of any of crimes and they were not crimes of false swearing.  As such, under the Fed. R. Evid. 401 and 403, any evidence regarding Evan M. Harris's prior criminal arrests or his biological parents are not admissible because it is irrelevant to the factual and legal issues of this case and is unfairly prejudicial to the Plaintiff.

Accordingly, this Honorable Court should overrule Defendants' objection to this information being admitted.

**II.     MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING ANY MEDICAL HISTORY OF EVAN M. HARRIS'S BIOLOGICAL MOTHER.**

Defendants' object to Plaintiff's Motion because they assert that evidence of Evan Harris's biological mother's psychological problems and substance abuse provides a complete picture of Evan Harris's life. Defendants' provide no argument or evidence showing that Evan Harris' biological mother's behavior or condition is somehow linked to Evan Harris' death. The fact that the Plaintiff has discussed Evan Harris's biological mother's behavior and condition in motions, pleadings, and evidentiary hearings does not mean that the Plaintiff intends to do at trial in the presence of the Jury. Furthermore, just because Defendants were provided with, and were in possession of reports indicating Evan Harris's psychological condition and background, that alone does not justify admission of every matter presented in such reports.

Accordingly, this Honorable Court should overrule Defendants' objection and deny the admission of this information.

2

**III.     MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING COLLATERAL SOURCE BENEFITS.**

Plaintiff has no response as Defendants did not object.

**IV.     MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING DEFENDANTS' TO PAY ANY JUDGMENT**.

Plaintiff has no response as Defendants did not object.

**V.     MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT THAT A LARGE JURY VERDICT WOULD CAUSE DEFENDANT Q & A ASSOCIATES, INC. TO "SHUT DOWN" OR CAUSE IT OTHER FINANCIAL DIFFICULTIES.**

Plaintiff has no response as Defendants did not object.

**VI.     MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT RELATING TO CONDUCT OF ANY INDIVIDUALS OR ENTITIES NOT PARTIES TO THIS ACTION AS BEING RESPONSIBLE FOR OR CONTRIBUTING TO THE INJURIES AND DAMAGES OF WHICH PLAINTIFF COMPLAINS.**

Plaintiff does not dispute that proximate cause may be affected by an intervening cause that breaks the link in proximate causation and relieves an otherwise negligent party from liability. See Sheetz, Inc. v Bowles, Rice McDavid Graff & Love, PLLC, 547 S.E.2d 256, 266 (W. Va. 2001). Additionally, Plaintiff recognizes that defendants generally may introduce evidence of a non-party treating physician's negligence to establish the defense of intervening cause. *Syndenstricker v. Mohan*, 818 S.E.2d 561, 567 (W. Va. 2005). However, Defendants have not asserted that any non-party physician who treated Evan Harris or any other non-party's negligence was actually an intervening cause relieving the Defendants of liability for Evan Harris's death. Furthermore, since an intervening cause is an affirmative defense, Defendants bear the burden of proof and to date, they have not offered any such proof of any kind, which is the reason that Plaintiff seeks to exclude such arguments and

3

evidence of the same. Thus, this Court should not permit Defendants to blame either unidentified non-parties or introduce evidence not previously disclosed to argue that Evan Harris' treating physician committed negligence which constituted an intervening cause in Evan Harris' death. If it is Defendants' argument that Evan's physician was negligent and his negligence was a proximate cause of his death, Defendants should have sent the physician a Notice of Claim and Screening Certificate of Merit and brought him into the case under the MPLA, but Defendants did not do that, so the Court should deny the Defendants' ability to make that argument.

Accordingly, this Honorable Court should overrule Defendants' objection and deny the admission of such testimony.

**VII. MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING THE MANNER, TIME, OR CIRCUMSTANCES UNDER WHICH THE PLAINTIFF EMPLOYED AN ATTORNEY OR THE NATURE OF THE ATTORNEY'S FEE ARRANGEMENTS.**

Plaintiff has no response as the Defendants did not object.

**VIII. MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT CONCERNING SETTLEMENT DISCUSSIONS.**

Plaintiff has no response as Defendants did not object.

**IX. MOTION IN LIMINE TO SEQUESTER ALL TRIAL WITNESSES DURING TRIAL, WITH THE EXCEPTION OF THE NAMED PARTIES.**

Plaintiff has no response as Defendants did not object.

**X. MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT THAT AN AWARD WOULD RESULT IN UNJUST ENRICHMENT OR PLAINTIFF "WINNING THE LOTTERY"**

Plaintiff has no response as Defendants did not object.

**XI. MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT THAT THE MOTIVE OR**

**PURPOSE OF THE LAWSUIT IS OR WILL BE TO COMPENSATE PLAINTIFF'S COUNSEL.**

Plaintiff has no response as Defendants did not object.

XII. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE,AND/OR ARGUMENT TO EXPERT WITNESS OPINIONS BEYOND THOSE STATED IN THE DEFENDANTS' DISCLOSURES OF THEIR TESTIFYING EXPERTS.**

Plaintiff has no response as Defendants did not object to the same.

XIII. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT SUGGESTING THAT DEFENDANTS CANNOT GET A FAIR TRIAL BECAUSE THEY ARE NOT BEING JUDGED BY A JURY OF THEIR PEERS.**

Plaintiff has no response as Defendants did not object to the same.

XIV. **MOTION IN LIMINE BARRING *AD HOMINEM* ATTACKS ON PLAINTIFF'S COUNSEL.**

Plaintiff has no response as Defendants did not object to the same.

XV. **MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE,AND/OR ARGUMENT THAT THE PLAINTIFF MUST ESTABLISH CAUSATION WITH CERTAINTY AND/OR THAT THE PLAINTIFF MUST ELIMINATE ANY OTHER POSSIBILITIES.**

Defendants misinterpret Plaintiff's Motion. Plaintiff's Motion merely seeks to exclude any reference, testimony, evidence, or argument that the Plaintiff must establish causation for Evan Harris death beyond a preponderance of the evidence, or that Plaintiff must eliminate any other possibilities that theoretically contributed to Evan Harris's death.  In short, Plaintiff's Motion simply requests Defendants be prohibited from misstating the law regarding causation. Plaintiff's Motion does not otherwise limit Defendants' ability to prepare an adequate defense to the case. However, Defendants, to

the extent that they want to argue that there were other causes of Evan's death, they have to provide testimony as to that cause. To date, Defendants have not disclosed any such evidence, thus they should be precluded from offering it now.

Accordingly, this Honorable Court should overrule Defendants' objection and deny the admission of such evidence.

### XVI. MOTION IN LIMINE BARRING ALL REFERENCES, TESTIMONY, EXHIBITS, EVIDENCE, AND/OR ARGUMENT REGARDING THE REPUTATION OR SKILL OF COUNSEL.

Plaintiff has no response as Defendants did not object to the same.

### XVII. MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DANIEL BRUCE THISTLEWAITE, M.D.

Defendants claim that Dr. Thistlewaite is qualified to offer expert opinions in this case because he is a practicing, board certified psychiatrist in the State of West Virginia. Furthermore, Defendants assert that Dr. Thistlewaite is well credentialed, and qualified to render opinions regarding the standard of care required to properly assess and provide for the needs of individuals with psychiatric conditions.

Defendants fail to understand the case at issue. As this Court has ruled in its May 16th Order Denying Defendants' Motion for Summary Judgment, this case is not a medical malpractice case and expert testimony is not required to establish the standard of care. The issue is not whether Defendants were negligent in the psychiatric treatment of Evan Harris. Rather, the issues are whether Defendants were negligent and reckless in the monitoring of Evan Harris while he was a resident at Defendants' facility and whether such conduct caused his death; whether Defendants committed fraud; and whether Defendants intentionally caused Plaintiff emotional distress.

For the reasons set forth in Plaintiff's Motion, Dr. Thistlewaite's testimony should be excluded. Defendants have failed to show that Dr. Thistlewaite is qualified in any way to proffer expert testimony on the issues of this case. Defendants' expert witness's testimony is unreliable, not based upon any scientific principles, and devoid of any suggestion that his method of evaluating the facts of this case are at all accepted in the field.

Accordingly, this Honorable Court should overrule Defendants' objection. and conduct a *Daubert* hearing. Furthermore, upon the conclusion of said hearing, the Court should exclude Dr. Thistlewaite's stated opinions as being completely unreliable.

Respectfully submitted,

Friedrichs Harris, Administrator

/s/ David A. Sims

By: _____

David A. Sims (#5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

## **CERTIFICATE OF SERVICE**

I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S REPLY TO DEFENDANTS' OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 1st day of June 2018.

Friedrichs Harris, Administrator
By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com