**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

      Plaintiff,

v.                                                                    Civil Action No. 2:16-cv-46
                                                                      Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

      Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS**
**TO PLAINTIFF'S PROPOSED VERDICT FORM**

NOW COMES Plaintiff, by and through his attorney, David A. Sims, and hereby

submits *Plaintiff's Reply to Defendants' Objections to Plaintiff's Proposed Verdict Form*. In

support of the same, Plaintiff offers the following:

1. **Defendants' Objection to Verdict Form Special Interrogatory No. 1
   Regarding Negligence**.

Defendants claim that Plaintiff's Verdict Form Special Interrogatory No. 1

improperly states the standard of proof required by a negligence claim. Defendants

maintain the appropriate standard of proof is "preponderance of the evidence" instead

of "greater weight of the evidence." Finally, Defendants object to this Interrogatory

because it does not apportion fault among the several Defendants.

Defendants' objection is misplaced because "preponderance of the evidence" is not

the exclusive standard of proof by which negligence claims are measured. In a

1

negligence claim, there is no functional difference between a "preponderance of the evidence" standard and a "greater weight of the evidence" standard. *Matheny v. Fairmont General Hosp., Inc.*, 575 S.E.2d 350, 358 (W. Va. 2002). Each standard essentially communicates the same message. *Id.* Furthermore, it is unnecessary to apportion fault in this interrogatory because such an apportionment, if necessary, is provided in Plaintiff's Special Interrogatory No. 4. Granting Defendant's objection would make the Verdict Forms unnecessarily redundant.

Accordingly, this Honorable Court should overrule Defendants' Objection to Verdict Form Special Interrogatory No. 1 Regarding Negligence.

**2.  Defendants' Objection to Verdict Form Special Interrogatory No. 2 Regarding Intentional or Reckless Conduct to the Defendants.**

Defendants' claim Plaintiff's Interrogatory is confusing. They maintain the Interrogatory does not make clear whether it refers to Plaintiff's claim for Intentional Infliction of Emotional Distress or Intentional Misrepresentations of Material Fact. Plaintiff's Interrogatory refers to the causation element of both claims, as both claims require intentional conduct by the Defendants. Thus, there is no confusion whatsoever created by this special interrogatory.

Accordingly, this Honorable Court should overrule Defendants' Objection to Verdict Form Special Interrogatory No. 2 Regarding Intentional or Reckless Conduct to the Defendants.

**3.  Defendants' Objection to Verdict Form Special Interrogatory No. 3 Regarding a Violation of the West Virginia Consumer Credit and Protection Act.**

As a preliminary note, Defendants' misquote Plaintiff's Interrogatory. This Interrogatory does not include any reference to intentional infliction of emotional distress or the applicable standard of proof to that claim. Furthermore, it is unnecessary to apportion fault in this interrogatory because such an apportionment, if necessary, is provided in Plaintiff's Special Interrogatory No. 4. Granting Defendant's objection would make the Verdict Forms unnecessarily redundant.

Accordingly, this Honorable Court should overrule Defendants' Objection to Verdict Form Special Interrogatory No. 3 Regarding a Violation of the West Virginia Consumer Credit and Protection Act.

### 4. Defendants' Objection to Verdict Form Special Interrogatory No. 5(e)-(m) Regarding Economic Damages.

Defendants object to Plaintiff's Special Interrogatory No. 5(e)-(m) Regarding Economic Damages because the interrogatory provides multiple lines for non-economic damages for Rick Harris, Kathy Harris, and E. Harris. Defendants' claim there should be one-line for each person's non-economic damages.

Defendants' objection is improper, and sustaining Defendants' objection would provide the Jury with little guidance regarding the consideration of the specific non-economic damages suffered by Evan Harris's family. Plaintiff's Interrogatory distinguishes between the different types of non-economic damages the Jury may award. The Interrogatory distinguishes non-economic damages into three categories: damages for loss of Evan Harris' companionship from the date of his death to the present, damages for future loss of Evan Harris' companionship, and damages for emotional distress. Separating each beneficiary's non-economic damages in this fashion allows the

Jury to properly determine specific non-economic damages, and to make an award based on that determination.

Accordingly, this Honorable Court should overrule Defendants' objection to Plaintiff's Special Interrogatory No. 5(e)-(m) Regarding Economic Damages.

**5. Defendants' Objection to Verdict Form Special Interrogatory No.6 Regarding Emotional Distress.**

Defendants object to Plaintiff's Special Interrogatory No. 6 Regarding Emotional Distress because the interrogatory is confusing, implies to the jury that they must award damages for Evan Harris's emotional distress in some amount, and fails to identify each individual defendant and their individual liability for damages associated with Evan Harris's emotional distress.

Defendants' objection is improper. The Interrogatory properly states that to award damages for Evan Harris's emotional distress, the Jury must find by a greater weight of the evidence that Evan Harris suffered emotional distress prior to his death, which was proximately caused by the conduct of the Defendants. No reasonable juror would take the Interrogatory as an implication that the Jury must award the Plaintiff damages for Evan Harris's emotional distress. Furthermore, there is no need to apportion fault in this Interrogatory. The Interrogatory indicates that damages for emotional distress, if awarded, shall be apportioned among the Defendants' based on their percentage of fault as determined in Plaintiff's Special Interrogatory No. 4.

Accordingly, this Honorable Court should overrule Defendants' objection to Plaintiff's Special Interrogatory No. 6 Regarding Emotional Distress.

6. **Defendants' Objection to Verdict Form Special Interrogatory No. 7 Regarding Punitive Damages**.

Defendants object to Plaintiff's Special Interrogatory No. 7 Regarding Punitive Damages because the interrogatory is confusing, implies to the jury that they must award punitive damages, and the interrogatory fails to identify each individual defendant and their individual liability for punitive damages.

Defendants' objection has no merit. The Interrogatory properly states that to award punitive damages, the Jury must find by clear and convincing evidence that the Defendants engaged in reckless conduct. Read in context with the preceding Interrogatories, this Interrogatory refers only to the reckless conduct committed by the Defendants with respect to Evan Harris. No reasonable juror would take the Interrogatory as a mandate to award the Plaintiff punitive damages. Furthermore, there is no need to apportion fault in this Interrogatory. The Interrogatory indicates that punitive damages, if awarded, shall be apportioned among the Defendants' based on their percentage of fault as determined in Plaintiff's Special Interrogatory No. 4.

Accordingly, this Honorable Court should overrule Defendants' objection to Plaintiff's Special Interrogatory No. 7 Regarding Punitive Damages.

Respectfully submitted,

Friedrichs Harris, Administrator

/s/David A. Sims

By: _____

David A. Sims (#5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

## <u>CERTIFICATE OF SERVICE</u>

I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 1st day of June 2018.

Friedrichs Harris, Administrator
By counsel,

/s/David A. Sims

_____
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com