UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                                              Civil Action No. 2:16-cv-46
                                                                             Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS AND RESPONSE
TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

NOW COMES Plaintiff, by and through his attorney, David A. Sims, and hereby submits *Plaintiff's Reply to Defendants' Objections and Response to Plaintiff's Proposed Jury Instructions*. In support of the same, Plaintiff offers the following:

1. **Defendants' Objections to Instruction No. 4 Regarding Intentional Infliction of Emotional Distress.**

    Plaintiff's Instruction properly incorporates the elements of Intentional Infliction of Emotional Distress, as set forth in *Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419 (W. Va. 1988). Accordingly, this Honorable Court should overrule Defendants' objection.

2. **Defendants' Objections to Instruction No. 5 Negligent Supervision of Program Participants.**

    Defendants' assert the given Instruction is not applicable to the facts of this case because Plaintiff has not established that Defendants had a duty to monitor Evan Harris

1

twenty-four hours a day. Defendant's objection is improper. Defendants' had a general obligation to supervise its residents because of the special duty that Defendants' assumed in the admittance of Evan Harris to their program. *See Schieszler v. Ferrum College*, 236 F. Supp. 2d 605, 611 (W.D. Va. 2002). Furthermore, Defendant had a duty to its residents to protect them from foreseeable harm. *See Mullins v. Pine Manor College*, 449 N.E.2d 331 (1983); *Shannon v. Washington University*, 575 S.W.2d 235 (Mo. App. 1978). Therefore, the given standard is applicable to the facts of this case. Accordingly, this Honorable Court should overrule Defendants' objection.

### 3. Defendants' Objections to Instruction No. 6 Regarding Negligent Hiring of Staff.

The final sentence of the instruction, which includes the phrase "properly suited for the work to be performed," is merely a reiteration of the essential elements of a Negligent Hiring claim into more understandable language. Regardless, the phrase is a derivative from the term "unfit employee." In addition, it is unnecessary to change the term "proper investigation" to "reasonable investigation." Plaintiff's Instruction already incorporates the term "reasonable investigation" twice in proper context. In any event, the term is used simply as a rewording of the appropriately stated instruction. Furthermore, including the term "whether" as Defendants suggest would render the Instruction incoherent. The Instruction is limited by the qualifying phrase "you must determine by greater weight of the evidence." This phrase is given before the elements of Negligent Hiring are listed, thus limiting the terms and not improperly suggesting to the Jury that they must find in the Plaintiff's favor. Accordingly, this Honorable Court should overrule Defendants' objection.

**4. Defendants' Objections to Instruction No. 7 Regarding Negligent Training of Staff.**

Plaintiff concedes this Instruction provides for a negligence based claim. However, condensing all of Plaintiff's negligence based claims into a single instruction, while also incorporating all of Plaintiff's specific allegations regarding the instances in which Defendants were negligent, would render such an instruction incoherent. Condensing all of Plaintiff's alleged counts of negligence into a single negligence instruction would confuse the Jury and offer little guidance as to considering all the alleged counts of negligence individually. Accordingly, this Honorable Court should overrule Defendants' objection.

**5. Defendants' Objections to Instruction No. 8 Regarding Negligent Staffing Levels.**

Plaintiff concedes this Instruction provides for a negligence based claim. However, condensing all of Plaintiff's negligence based claims into a single instruction, while also incorporating all of Plaintiff's specific allegations regarding the instances in which Defendants were negligent, would render such an instruction incoherent. Condensing all of Plaintiff's alleged counts of negligence into a single negligence instruction would confuse the Jury and offer little guidance as to considering all the alleged counts of negligence individually. Accordingly, this Honorable Court should overrule Defendants' objection.

**6. Defendants' Objections to Instruction No. 9 Regarding Negligent Program Design.**

Plaintiff concedes this Instruction provides for a negligence based claim. However, condensing all of Plaintiff's negligence based claims into a single instruction, while also incorporating all of Plaintiff's specific allegations regarding the instances in

which Defendants were negligent, would render such an instruction incoherent. Condensing all of Plaintiff's alleged counts of negligence into a single negligence instruction would confuse the Jury and offer little guidance as to considering all the alleged counts of negligence individually. Accordingly, this Honorable Court should overrule Defendants' objection.

7. **Defendants' Objections to Instruction No. 10 Regarding Negligent Program Assessments.**

Plaintiff concedes this Instruction provides for a negligence based claim. However, condensing all of Plaintiff's negligence based claims into a single instruction, while also incorporating all of Plaintiff's specific allegations regarding the instances in which Defendants were negligent, would render such an instruction incoherent. Condensing all of Plaintiff's alleged counts of negligence into a single negligence instruction would confuse the Jury and offer little guidance as to considering all the alleged counts of negligence individually. Accordingly, this Honorable Court should overrule Defendants' objection.

8. **Defendants' Objections to Instruction No. 11 Regarding Negligent Misrepresentation of Material Fact.**

Defendants' assert that this Instruction is unnecessary because they allege the same instruction is given in Plaintiff's Instruction No. 18. Defendants misread Plaintiff's instructions. Instruction No. 11 is a tort claim for negligence. Reckless or negligent misrepresentation is a tort claim. *Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 829 (S.D.W. Va. 2014). Plaintiff's Instruction No. 18 involves a statutory claim for violations of the West Virginia Consumer Credit and Protection Act. Accordingly, Plaintiff's

Instructions are not redundant and this Honorable Court should overrule Defendants' objection.

### 9. Defendants' Objections to Instruction No. 12 Regarding Intentional Misrepresentation of Material Fact.

Defendants claim Plaintiff's Instruction is an inaccurate statement of the law and facts of this case. Defendants' objection lacks merit. The West Virginia Supreme Court of Appeals treats a claim for "intentional misrepresentation" as a fraud claim. *See*, e.g., *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 576 (W. Va. 2013). Plaintiff's instruction properly lists the elements of a fraud claim. S*ee Bowens v. Allied Warehousing Servs., Inc.*, 729 S.E.2d 845, 852 (W. Va. 2012). Accordingly, this Honorable Court should overrule Defendants' objection.

### 10. Defendants' Objections to Instruction No. 13 Regarding Liability for Manager's Acts.

Plaintiff's instruction properly states the law regarding employer's liability for the negligent acts of employees. Syl. Pt. 3, *Musgrove v. Hickory Inn, Inc.*, 281 S.E.2d 499 (W. Va. 1981). Furthermore, Plaintiff's Instruction No. 15 provides an explanation of Respondeat Superior. Accordingly, this Honorable Court should overrule Defendants' objection.

### 11. Defendants' Objections to Instruction No. 16 Damages for Personal Injury to Evan M. Harris.

Plaintiff recognizes that "the basic goal in awarding punitive damages is to fairly and adequately compensate the plaintiff for injuries and losses sustained." *Flannery v. U.S.*, 297 S.E.2d 433 (W. Va. 1982). Plaintiff's Instruction instructs the Jury that the general purpose of awarding damages is to compensate the individual who has been

harmed or injured as completely as possible. Plaintiff's instruction does not conflict with the basic goal of awarding damages set forth in *Flannery* because the Instruction essentially communicates the same principle: the purpose of awarding damages is to compensate the injured party for the injuries sustained. Accordingly, this Honorable Court should overrule Defendants' objection.

            Respectfully submitted,

            Friedrichs Harris, Administrator

            /s/ David A. Sims
By:   _____
            David A. Sims (#5196)
            LAW OFFICES OF DAVID A. SIMS, PLLC
            P.O. Box 5349
            Vienna, West Virginia 26105
            304-428-5291
            304-428-5293 (fax)
            david.sims@mywvlawyer.com

## **CERTIFICATE OF SERVICE**

      I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV 26501
lsaad@flahertylegal.com

      Dated at Vienna, West Virginia on this 1st day of June, 2018.

Friedrichs Harris, Administrator
By counsel,

/s/David A. Sims

_____
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com