**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                                                  Civil Action No. 2:16-cv-46
                                                                                                                                          Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS AND RESPONSE
TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS**

NOW COMES Plaintiff, by and through his attorney, David A. Sims, and hereby submits *Plaintiff's Reply to Defendants' Objections and Response to Plaintiff's Proposed Trial Exhibits*. In support of the same, Plaintiff offers the following:

**1. Defendants' Objection to Exhibits that Reference "Other Incidents."**

Defendants object to the admission of Plaintiff's Exhibits 42, 73, 74, 75, 88, 90, and 94 into evidence. As support, Defendants claim these exhibits are irrelevant to this case, unfairly prejudicial to the Defendants, and the exhibits constitute evidence of prior acts that are inadmissible under Fed. R. Evid. 404(b). Defendant' objection is improper because the cited exhibits are both relevant to this case and admissible under Fed. R. Evid 404(b).

The cited exhibits are relevant to this case. Relevant evidence is defined in terms of probability. *See* W. Va. R. Evid. 401; *State v. Derr*, 451 S.E.2d 731, 744 (W. Va. 1994) *citing Young v. Saldanha*, 431 S.E.2d 669, 675 (W. Va. 1993). The relevant inquiry under Rule 401 is whether a reasonable person, with some experience in the everyday world, would believe that the evidence might be helpful in determining the falsity or truth of any fact of consequence. *Id.* Here, a reasonable person of everyday experience would believe that Defendant's clear pattern of negligence and misconduct regarding the policies, supervision, and staffing at Q&A Associates' Tucker County Facility is highly relevant to this case.

Furthermore, the cited exhibits are not unfairly prejudicial to the Defendants. Under Rule 403, the question is not one of prejudice, but unfair prejudice. Fed. R. Evid 403; *Sydenstricker v. Mohan*, 618 S.E.2d 561, 570 (W.Va. 2005) (quoting 1 Cleckley, Handbook on Evidence § 4-3(B)(1), at 4-38) (additional citations omitted). The fact that evidence is prejudicial is not grounds for its exclusion. *Id*. A court should exclude evidence under Rule 403 when "there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." *United States v. Masters,* 622 F.2d 83, 87 (4th Cir. 1980).

Here, the admission of evidence that indicates Defendants' negligent and reckless conduct with respect to their supervision of the residents at Q&A Associates' Tucker County facility, hiring of staff at the facility, program assessments and design, and violations of the West Virginia Consumer Credit and Protection Act would not be unfairly prejudicial to the Defendants such that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.

Furthermore, the cited exhibits are admissible under Fed. R. 404(b). Defendants claim that under *Gable v. Kroger Co.*, 410 S.E.2d 701 (W. Va. 1991), evidence of John Doe's prior suicide on Q&A Associates, Inc.'s Tucker County facility is inadmissible under <u>W. Va. R. Evid.</u> 404(b). Defendants' reliance on *Gable* is misplaced.

In *Gable*, the Court held that evidence of two previous slip and falls was inadmissible under <u>W. Va. R. Evid.</u> 404(b) to show Kroger's liability for plaintiff's slip and fall because neither occurred in the same area of the store, neither was the result of a similar problem. *Id*. at 704. Specifically, the Court held that one of the incidents was inadmissible because it occurred in a different part of the store, and the other incident was inadmissible because it occurred more than two years prior to the plaintiff's slip and fall. *Id*.

Furthermore, *Gable* cited *Hendricks*, stating that:

> To be admissible at all…such evidence … must relate to accidents or injuries or defects existing at substantially the same place and under substantially the same conditions … [and although] several occurrences or occasions need not be exactly similar …, evidence of accidents or injuries occurring under different circumstances or conditions is not admissible.

*Gable*, 410 S.E. 2d 701, 704; citing *Hendricks v. Monongahela West Penn Public Service Co.*, 163 S.E. 411, 415 (W. Va. 1932),

Here, the injuries, two different suicides, occurred at the same place, and under substantially the same conditions. The suicide of John Doe was identical to the suicide of Evan Harris. In this case, the suicide of John Doe occurred in the exact same location as Evan Harris's suicide. Furthermore, Evan Harris used the exact same rope that John Doe used to commit suicide, which was not even taken down after John Doe committed

suicide. Finally, Evan Harris committed suicide on January 24, 2016, merely a few weeks after John Doe committed suicide in the same exact building on December 15, 2015.

Defendants claim that the two suicides are not related because the two individuals had different lives and life experiences, meaning that their respective reasons for committing suicide were fundamentally different. While it is true that the two individuals are different people with different temperaments, it is a dubious claim to say that the two suicides are unrelated. After John Doe committed suicide, Defendants freely admitted that they did not intend to change any of their policies or better monitor their residents. Just a few weeks later, Evan Harris commits suicide in the exact same location as John Doe, as a direct result of Defendants' failure to change their practices after John Doe's suicide. Accordingly, evidence of John Doe's suicide at Q&A Associates, Inc.'s Tucker County facility is admissible evidence.

Furthermore, evidence of similar instances of suicide at the Tucker County facility, as well as evidence indicating Defendants' clear and consistent pattern of recklessness and negligence with respect to Defendants' Tucker County facility is also admissible. Even when the facility at issue was owned by another entity, the Defendants who worked the facility still had notice of the issues associated with the program.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court overrule Defendants' objection to Plaintiff's Exhibits 42, 73, 74, 75, 88, 90, and 94.

**2. Defendants' Objection to Any Exhibit that References Hearsay Statements Regarding the Defendants from Any Media Articles or Television Programs.**

Defendants object to the admission of Exhibit 91 into evidence because the evidence is hearsay and no exception to the rule against hearsay would permit

admission. Defendants' objection is improper because Exhibit 91 is admissible under Fed. R. Evid. 401, 403, and 801(d)(2).

The information at issue concerns statements made by the Defendants to the media in the aftermath of Evan Harris' suicide and another young man's suicide at the same Q & A Associates, Inc.'s Tucker County location just several weeks prior. Defendant Angie Shockley stated after the first suicide Q&A Associates did not plan to increase monitoring of clients, nor were they concerned about another death occurring. Such a statement is not hearsay as Plaintiff intends to ask her if she ever made such a statement like that in the past. If she denies it, Plaintiff intends to offer the article as evidence that she has. In addition, the Defendant Angie Shockley stated that suicides are just something that Q & A Associates, Inc. has to deal with in its line of work. Such evidence is notice that if you do not meet the psychological needs of your clients, they may kill themselves. These statements are relevant to this case because they show that Defendants had knowledge that suicides occur during the programs; that they need to be careful in providing supervision; that they need to be diligent in their supervision them by hiring trained, competent and sufficient staff capable of recognizing problems; and, they need to be careful in the design of the Journey WV Program to make certain they are meeting the needs of the participants, including Evan Harris. *See* Fed. R. Evid. 401.

Furthermore, Defendants' own statements given to the media are not hearsay. Under Rule 801(d)(2), a statement is not hearsay if the statement is "offered against an opposing party and:  (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a

person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2). A statement is not hearsay if the statement is offered against a party and is a statement by his or her agent or servant concerning a matter within the scope of his or her agency or employment, made during the existence of the relationship. Syl. Pt. 4 *Torrence v. Kusminsky Eyeglasses*, 408 S.E.2d 684 (W.Va. 1991); *Canterbury v. West Virginia Human Rights Commission*, 382 S.E.2d 338 (W.Va. 1989).

In the wake of the Evan Harris' suicide, as well as another prior suicide occurring at Q & A Associates, Inc.'s Tucker County location, Defendant Angela Shockley, the founder of Defendant Q & A Associates, gave a series of statements to the media concerning Q & A Associates, Inc.'s response to suicides at its facility. The statements were made by Defendant Angela Shockley in a representative capacity on behalf of Defendant Q & A Associates, Inc. (both party opponents in this case). Therefore, because the statements are being offered against party opponents and said statements were made by a party opponent acting in a representative capacity, the statements are not hearsay by operation of the Federal Rules of Evidence. Additionally, admitting these statements doesn't unfairly prejudice the Defendants. Defendants' statements to the media were voluntarily given in response to problems at Defendants' facility. The use of such voluntary statements does not unfairly prejudice the Defendants. Accordingly, the probative value of these statements is not outweighed by threat of unfair prejudice. *See* Fed. R. Evid. 403.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court overrule Defendants' objection to Exhibit 91.

### 3. Defendants' Objection to Plaintiff's Trial Exhibits based on inadmissible hearsay.

Defendants' object to the admission of Plaintiff's Exhibits 89 and 93 into evidence because they allege the Exhibits are hearsay for which no exception would permit their admission. Furthermore, Defendant claims these exhibits have not been authenticated under Fed. R. Evid. 901 or 902.

Plaintiff has no reply to Defendant's objection to Exhibit 93. However, Defendant's objection to Plaintiff's Exhibit 89 is improper. The exhibit is not hearsay as it involves a written statement by a party opponent, and will be offered against a party opponent. *See* Fed. R. Evid. 801(d)(2). Additionally, Plaintiff will authenticate this exhibit at trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court overrule Defendants' objection to Exhibit 89.

    Respectfully submitted,

    Friedrichs Harris, Administrator

    /s/ David A. Sims

By: _____

David A. Sims (#5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, West Virginia 26105
304-428-5291
304-428-5293 (fax)
david.sims@mywvlawyer.com

## **CERTIFICATE OF SERVICE**

I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV 26501
lsaad@flahertylegal.com

Dated at Vienna, West Virginia on this 1st day of June 2018.

Friedrichs Harris, Administrator
By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com