**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                                               Civil Action No. 2:16-cv-46
                                                                            Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS AND RESPONSE
TO PLAINTIFF'S PROPOSED VOIR DIRE**

NOW COMES Plaintiff, by and through his attorney, David A. Sims, and hereby submits *Plaintiff's Reply to Defendants' Objections and Response to Plaintiff's Proposed Voir Dire*. In support of the same, Plaintiff offers the following:

Plaintiff generally objects to *Defendants' Objections to Plaintiff's Proposed Voir Dire*. The official purpose of *voir dire* is to elicit information which will establish a basis for challenges for cause and to acquire information that will afford the parties an intelligent exercise of peremptory challenges. Syl. Pt. 2, *Michael v. Sabado*, 453 S.E.2d 419 (W. Va. 1994). Syl. Pt. 3, *State ex rel. Nationwide Mut. Ins. Co. v. Karl*, 664 S.E.2d 667 (W. Va. 2008). Additionally, the purpose of voir dire is to assure that a party's right to a jury free of interest, bias or prejudice is protected and effectuated." *State v. Payne*, 280 S.E.2d 72, 76 (W. Va. 1981). Plaintiff objects to Defendants' responses to the extent

Defendants attempt to prevent counsel from acquiring information that will enable an intelligent exercise of preemptory challenges. Furthermore, Plaintiff objects to having *voir dire* limited to the extent that Plaintiff cannot reasonably inquire jurors as to any of their potential interests, biases, or prejudices related to this case. Specifically, Plaintiff responds to Defendants' Objections as follows:

1. **Defendants' Objections Regarding Questions 38-44.**

Defendants' objection is improper because they do not read Questions 38-44 of Plaintiff's Proposed Voir Dire in proper context. Questions 38-44 do not ask the potential jurors about all the medications they take. Rather, this line of questioning is limited by Question 37, which asks the potential jurors if they, or anyone close to them have used medications to treat emotional or psychological problems. This line of questioning proceeds to ask the potential jurors about their own experiences related to treatment for psychological or emotional issues. This line of questioning seeks to elicit the jurors experience and with psychological treatment, which is clearly relevant to this case.

2. **Defendants' Objection Regarding Question 46.**

Plaintiff's Question does not misrepresent the facts in this case nor is it unduly prejudicial. Plaintiff's question simply attempts to assess any Juror's potential bias or prejudice against either residential facilities that offer assistance for the mentally disabled, like Q & A Associates, or against the mentally disabled residents who attend such facilities.

3. **Defendants' Objection Regarding Question 49.**

Plaintiff's Question does not misrepresent the nature of the trial itself, nor does it unfairly suggest to the Jury that they should not follow the law to seek a proper result. The

intent of this question is to determine if any juror is biased against individuals like Mr. Harris, an individual seeking to hold several parties accountable for his son's suicide.

**4. Defendants' Objections Regarding Questions 52-58.**

Plaintiff's Questions are intended to discover juror attitudes regarding their children, if they have any. Juror attitudes regarding children are entirely relevant to a case involving the suicide of Mr. Harris's son. Specifically, the question is designed to assess juror's emotional connection to their children and whether the jurors can fairly consider a case involving the suicide of Mr. Harris's son at Defendants' facility.

**5. Defendants' Objections Regarding Questions 66-67.**

Plaintiff's Questions are relevant because they assess whether the jurors are morally biased against individuals who commit suicide for religious reasons. Given that this case revolves around a young man who committed suicide, these questions are essential to eliminate bias.

**6. Defendants' Objections Regarding Questions 75-76.**

The suicide that occurred at Defendants' facility just weeks before Evan Harris's suicide is entirely relevant to this case. The prior suicide is relevant because Defendants' never informed the Harris's about it, and Defendants' freely admitted after the first suicide they had no intention of changing any polices to prevent more suicides in the future.

**7. Defendants' Objection Regarding Question 112.**

This Question does not improperly impression upon the Jury that Defendants are liable for considerable damages. The Question seeks to eliminate bias by identifying jurors who are incapable of fairly considering the whether corporations should be liable for substantial damages if the facts and law permit.

### 8. Defendants' Objection Regarding Question 131.

Plaintiff's Question does not invite speculative damages without basis in law or fact. The Question merely addresses whether the jurors have a preconceived limit for damages they would be willing to award for the loss of a child. In other words, the Question seeks to eliminate bias by identifying jurors who have such preconceived limits as opposed to fairly considering the facts and applicable law of a specific case.

### 9. Defendants' Objections Regarding Questions 132-137.

This line of questioning is relevant to this case and will not confuse the jury. These questions are meant to inform the jury that, under the law, there is no limit to the amount of damages they may award in this case. Ensuring that the Jury is aware of and understands their duties under the law is entirely relevant to this case.

### 10. Defendants' Objections Regarding Questions 151-154, 156-158, 160-172, 183,185, 187.

Voir dire examination is designed to allow litigants to be informed of all relevant and material matters that might bear on possible disqualification of a juror and is essential to a fair and intelligent exercise of the right to challenge either for cause or peremptorily. Syl. Pt. 1, *Thornton v. CAMC, etc*. 305 S.E.2d 316 (W. Va. 1983). Such examination must be meaningful so that the parties may be enabled to select a jury competent to judge and determine the facts in issue without bias, prejudice or partiality. *Id*. The cited line of questions is meant to assess jurors general disposition, and whether the can fairly adjudicate a case based on law and fact and not by emotion.

**11.  Defendants' Objection Regarding Question 179.**

Plaintiff's question is meant to discover if any juror has a predetermined limit on an award for damages that will prevent him or her from fairly deciding this case based entirely on the law and the facts presented.

**12.  Defendants' Objections Regarding Questions 188-194.**

Plaintiff's questions attempt to discern whether the jurors may hold religious beliefs that would bias them against an individual who has committed suicide. Plaintiff's questions are tailored to gauge how strongly the jurors hold any such belief. Assessing whether any juror holds a religious belief that would prejudice them against Evan Harris, as an individual who committed suicide, is essential to achieving a fair and impartial jury.

**13. Defendants' Objection Regarding Question 198.**

This Question does not improperly impress upon the Jury that Defendants are liable for considerable damages that are not founded in law or evidence. The Question seeks to eliminate bias by identifying jurors who are incapable of fairly considering whether Defendants' should be liable for substantial damages if the facts and law permit, and whether jurors would be able to award such damages if warranted.

**14. Defendants' Objection Regarding Question 208.**

Defendants' objection is entirely irrelevant to the purpose of the question. The question is simply meant to establish if any juror has family member employed by Q & A Associates.

                Respectfully submitted,

                Friedrichs Harris, Administrator

                /s/ David A. Sims

By:      _____

                David A. Sims (#5196)
                LAW OFFICES OF DAVID A. SIMS, PLLC
                P.O. Box 5349
                Vienna, West Virginia 26105
                304-428-5291
                304-428-5293 (fax)
                david.sims@mywvlawyer.com

## **CERTIFICATE OF SERVICE**

      I David A. Sims as counsel for Plaintiff do hereby certify that I served PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS AND RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE by CM\ECF counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

      Dated at Vienna, West Virginia on this 1st day of June 2018.

      Friedrichs Harris, Administrator
      By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com