**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

Friedrichs Harris, Administrator of the
Estate of Evan M. Harris, deceased,

    Plaintiff,

v.                                                                             Civil Action No. 2:16-cv-46
                                                                           Judge Bailey

Q & A Associates, Inc.
Angela Shockley, Individually,
Keith Bishop, Individually,
Matthew Shockley, Individually,
Sandy Schmiedeknecht, Individually, and,
Tammy Robbins, Individually,

    Defendants.

**PLAINITFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION**
**FOR AMENDED SCHEDULING ORDER AND NEW TRIAL DATE**

COMES NOW Plaintiff, Friedrichs Harris, by and through his counsel, and does hereby respond to *Defendants' Partial Motion for Amended Scheduling Order and New Trial Date*. (ECF # 104). Defendants seek to modify the current Amended Scheduling Order by vacating the Discovery Completion deadline of January 31, 2018, and by vacating the remaining deadlines stated therein. In addition, Defendants move to continue the current July 24, 2018 trial date. Plaintiff objects to Defendants' Motion because the Motion cites no authority and is improper. In support thereof, Plaintiff sets forth the following:

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). When determining "good cause" under Rule 16(b)(4), the court must consider the "diligence of the party seeking the amendment [to the scheduling order]." *Marcum v. Zimmer*, 163 F.R.D.

1

250, 254 (S.D.W.Va.1995) (quoting, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). The court can amend the scheduling order only "if [the scheduling order] cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. Courts recognize that, "[a] scheduling order [under Rule 16(b)] is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Goewey v. United States*, 886 F.Supp. 1268, 1283 (D.S.C. 1995). If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Upon ruling on motions to modify, it is imperative to recognize that "a district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *State and County Mutual Fire Ins. Co. v. Young*, 2007 WL 2005550 (N.D.W.Va. 2007) quoting *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in `secure[ing] the just, speedy, and inexpensive determination of every action.'" *Goewey v. United States*, 886 F.Supp. 1268, 1283 (D.S.C. 1995) (quoting, Fed. R. Civ. P. 1).

Here, the Court extended the deadline for Joinder and Amendments to November 15, 2017. (ECMF 65). Additionally, the Amended Scheduling Order, dated June 12, 2017, established the following deadlines: Discovery Completion January 31, 2018; Motions in Limine, Voir dire, Jury Instructions, Verdict Form, Fed. R. 26(a)(3) Disclosures, and

Biographical Sketches due May 4, 2018; Objections to the aforementioned materials due May 18, 2018; Dispositive Motions due March 7, 2018; Responses to Dispositive Motions due March 28, 2018; Replies due April 4, 2018; Pre-trial Order (ECMF Doc. 60). All parties complied with the deadlines set by this Court in the Amended Scheduling Order by filing the requisite documents before the amended deadlines.

Defendants, as the party seeking to amend the current Amended Scheduling Order, have failed to exercise diligence in timely requesting amendments. Prior to filing *Defendants' Partial Motion for Amended Scheduling Order and New Trial Date*, Defendants did not file a single motion to continue the current trial date or amend the Discovery Completion Deadline. Defendants have had an entire year to file such motions, but have chosen not to do so. Additionally, Defendants have had approximately six months to file a motion to further extend the deadline for Joinder and Amendments. Defendants failed to do so. Defendants have had more than sufficient notice of the applicable deadlines. Defendants chose to delay filing a motion to amend the aforementioned deadlines until May 29, 2018, long after the applicable deadlines had passed. Such conduct cannot possibly be considered exercising diligence to comply with the stated deadlines. Accordingly, Defendants lack good cause to further modify the Amended Scheduling Order pursuant to Fed. R. Civ. P. 16(b)(4).

Admittedly, Plaintiff never responded to Defendants' January 26, 2018 email requesting to extend the Amended Scheduling Order's Discovery Completion deadline. However, from the date of that email to present, nearly five months have passed. During this time, Defendants timely filed a motion for summary judgement and motion. Also during the past five months, Defendants have timely filed motions in limine, proposed voir

dire, proposed jury instructions, proposed verdict forms, a biographical sketch of Defendants' expert, Dr. Bruce Thistlewaite, and Rule 26 Pre-Trial Disclosures. Furthermore, Defendants have timely filed objections to Plaintiff's motions in limine, proposed voir dire, proposed jury instructions, and Rule 26 Pre-Trial Disclosures.

Defendants conduct indicates that Defendants reasonably believed the deadlines set forth in the Amended Scheduling Order were binding upon the parties to this suit. In waiting several months to request amendments to the deadlines set forth by the Amended Scheduling Order, Defendants have cavalierly disregarded the Amended Scheduling Order. Now, less than two months before trial, Defendants are attempting to further delay proceedings. For the past several months, Defendants were free to file a motion with this Honorable Court to amend the Amended Scheduling Order. For reasons unknown, they chose not to. Defendants idly disregarded the deadlines at their own peril. Defendants are responsible for the effect this may have upon their ability to put on an adequate defense. Permitting the Defendants to blatantly disregard the Amended Scheduling Order would undermine this Court's ability to control its own docket and further disrupt the agreed-upon course of litigation Accordingly, taking Defendants conduct into consideration, Defendants lack good cause to further amend the Amended Scheduling Order pursuant to Fed. R. Civ. P. 16(b)(4).

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny *Defendants' Partial Motion for Amended Scheduling Order and New Trial Date.*

                Respectfully submitted,

                Friedrichs Harris, Administrator

                s/David A. Sims

By:        _____
                David A. Sims (#5196)
                LAW OFFICES OF DAVID A. SIMS, PLLC
                P.O. Box 5349
                Vienna, West Virginia 26105
                304-428-5291
                304-428-5293 (fax)
                david.sims@mywvlawyer.com

**CERTIFICATE OF SERVICE**

      I David A. Sims as counsel for Plaintiff do hereby certify that I served *Plaintiff's Response to Defendants' Partial Motion for Amended Scheduling Order and New Trial Date* by CM\ECF upon counsel for Defendants:

Lindsey M. Saad, Esquire
FLAHERTY SENSABAUGH BONASSO, PLLC
48 Donley Street
Suite 501
Morgantown, WV  26501
lsaad@flahertylegal.com

      Dated at Vienna, West Virginia on this 12th day of June 2018.

                            Friedrichs Harris, Administrator
                            By counsel,

/s/David A. Sims
_____
David A. Sims (W.Va. Bar No. 5196)
LAW OFFICES OF DAVID A. SIMS, PLLC
P. O. Box 5349
Vienna, West Virginia 26105
(304)-428-5291
david.sims@mywvlawyer.com