**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**FRIEDRICH HARRIS, Administrator**
**of the Estate of Evan M. Harris,**

      Plaintiff,

v.                                                                 **Civil Action No. 2:16-CV-46**
                                                                    **(BAILEY)**

**Q&A ASSOCIATES, INC., et al.,**

      Defendants.

**ORDER DENYING DEFENDANTS' PARTIAL
MOTION FOR AMENDED SCHEDULING ORDER AND NEW TRIAL DATE**

      Pending before this Court is the Defendants' Partial Motion for Amended Scheduling Order and New Trial Date [Doc. 104], filed on May 29, 2018. The matter is now ripe for review.

      In their Motion, the defendants move this Court to vacate the current discovery completion deadline and the trial date. In support, the defendants state that since entry of the amended scheduling order in July of 2017, discovery in this matter has been limited—specifically, defendants state that no depositions have been taken by any parties. The defendants attribute the discovery difficulties to the plaintiff's delay in producing documents, both parties' delay in determining whether additional parties need to be added, and the plaintiff's representation that he would be adding another defendant. The plaintiff did not add another party by the joinder deadline, and instead filed a separate action in this Court against that defendant. See ***Harris v. Reyes***, 2:18-CV-39, Doc. 1 (N.D. W.Va. 2018). The defendants argue that as a result of the cumulative delays, they "will be hard

pressed to present an adequate defense at trial due to circumstances beyond their control" and continuing with the trial as scheduled would be unnecessarily prejudicial [Doc. 104, p. 2].

The plaintiff has filed a response in opposition, in which he argues that the defendants have not been diligent in pursuing amendment of the discovery completion and trial dates, or in conducting discovery, despite full awareness of the existing deadlines [Doc. 110]. In reply, the defendants state that the plaintiff has failed to respond to its own request for consolidation, and move this Court to consolidate this action with the newly filed Civil Action No. 2:18-CV-39 [Doc. 111].

Rule 16 of the Federal Rules of Civil Procedure provides that once a scheduling order is issued in a case, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Local Rules of this District also provide that the dates for "completion of discovery, and dates for conferences before trial, a final pretrial conference, and trial may be modified for cause by order." LR Civ P 16.01(f)(1)(I). While parties may privately agree to extend discovery beyond the completion date, such an agreement will be respected by the Court to the extent that it "does not affect the trial date or other dates and deadlines specified in subparagraph (1)." LR Civ P 16.01(f)(3). With regards to the good cause standard, the Fourth Circuit Court of Appeals has stated that,

> "Good cause" requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence," and whatever other factors are also considered, "the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *See* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure Civ.3d § 1522.2 (3d ed. 2010) (collecting cases)[.]

**Cook v. Howard**, 484 F.App'x 805, 815 (4th Cir. 2012). Other factors to consider in

determining whether the good cause standard has been satisfied include "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." ***Tawwaab v. Va. Linen Serv., Inc.***, 729 F.Supp.2d 757, 768–69 (D.Md. 2010) (internal quotation marks omitted).

After a review of the arguments of both parties and the record in this case, this Court concludes that the defendants have failed to show good cause to vacate the discovery completion date or to extend the trial date in this case.  First, the defendants have not been diligent in meeting the discovery completion date, which is the crux of the motion to amend both dates.  The discovery completion date in this matter has been set for some time, and passed on January 31, 2018.  The defendants made no effort to seek an extension of this deadline with the Court before it passed.  This Court must also note that the discovery completion deadline was the date that the parties jointly requested [Docs. 59, 60], and this Court previously extended the discovery completion deadline and the trial date at the defendants' request because the parties needed additional time to complete discovery [Doc. 60].

Further, neither the defendants nor the plaintiff were diligent in taking discovery—based upon the records provided, it appears that both parties failed to respond to emails or requests for dates and, as a result, no depositions were taken by the deadline. It is difficult to conceive of any situation in which counsel for either party would not have reasonably anticipated the need to conduct discovery in anticipation of trial, particularly since the depositions the defendants state must be taken include the named parties and "key fact witnesses"—while there was apparently some confusion over whether another

defendant would be joined, this did not obviate the need to depose "key fact witnesses."

As to the cost and length of delay, the defendants state that the plaintiff, defendants, and key fact witnesses all need to be deposed, and that they will need to conduct "other necessary discovery without uncertainty as to whether parties will be added." [Doc. 104, pp. 5–6]. This number of depositions—at least seven, counting the individual defendants and the plaintiff—and "other necessary discovery" will likely present high costs and a length delay for all parties and this Court. Without more information, this Court cannot conclude that granting the requested extensions would not result in a "danger of prejudice to the non-moving party." *Tawwaab*, 729 F.Supp.2d at 768–69. For these reasons, it is clear that the defendants have not shown good cause to amend the amended scheduling order to reopen discovery and continue the trial date.

Accordingly, the Defendants' Partial Motion for Amended Scheduling Order and New Trial Date **[Doc. 104]** is **DENIED WITHOUT PREJUDICE**. Further, to the extent that the defendants' intended the motion to seek consolidation of this action with Civil Action No. 2:18-CV-39, that request is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: June 20, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE