**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**FRIEDRICHS HARRIS, Administrator
of the Estate of Evan M. Harris,**

       Plaintiff,

**v.**                                                     **Civil Action No. 2:16-CV-46
                                                       (BAILEY)**

**Q&A ASSOCIATES, INC., et al.,**

       Defendants.

## ORDER RULING ON MOTIONS IN LIMINE

Pending before this Court are the Plaintiff's Omnibus Motions in Limine [Doc. 76], Defendants' Motion *in Limine* to Exclude Evan M. Harris' Treating Physicians From Providing Expert Testimony at Trial [Doc. 84], Defendants' Motion *in Limine* to Prohibit Plaintiff From Introducing Expert Opinions During the Trial of this Matter Not Previously Disclosed [Doc. 85], and Defendants' Omnibus Motion *in Limine* [Doc. 86]. The Court will rule on the Motions in the order in which they were filed.

**A. Plaintiff's Omnibus Motions in Limine [Doc. 76]**

The plaintiff's Omnibus Motions in Limine contains seventeen separate requests. This Court will address each in turn.

    1. Alleged Criminal Activity or Encounters with Law
    Enforcement by Evan M. Harris or Evan's Biological Parents

The plaintiff seeks an Order barring any reference, testimony, exhibits, evidence or argument regarding any criminal activity or contact Evan M. Harris or his biological parents had with law enforcement. The plaintiff appears to argue that such evidence should be

excluded under Federal Rule of Evidence 403, as "[t]he only reason for introducing such evidence would be to prejudice the jury" against Evan M. Harris and his family, and "is severely more prejudicial than probative and could only seek to improperly influence the jurors sitting to try the issues in this case." [Doc. 76]. The defendants, in response, object only to the "exclusion of relevant evidence pertaining to 'any alleged criminal activity or encounters with law enforcement by Evan M. Harris' to the extent Q&A or its agents had information regarding any such activities . . ." [Doc. 101]. Defendants further argue that this evidence is both relevant and necessary to give a complete picture of Evan M. Harris, given the plaintiff's continuous construction of this case as being about a "troubled young adult." [Id.].

First, while the plaintiff argues that allowing such evidence would be inappropriate because Evan Harris's interactions with law enforcement have no bearing on his credibility because "he was never convicted of any of these crimes and they are not crimes of false swearing," this is not the appropriate standard, as Evan Harris is not a witness. Fed. R. Evid. R. 609(a) ("The following rules apply to attacking a **witness's** character for truthfulness") (emphasis added). As such, the only applicable rules are those contained in the 400 series of the Rules of Evidence.

Specifically, Rule 401 provides that evidence is relevant if it has a "tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible, Fed. R. Evid. 402, but may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R.

Evid. 403. If such evidence is offered to prove the character of a person and to show that he acted in conformity with such character, the evidence is inadmissible. Fed. R. Evid. 404(b). Such evidence may be admitted, however, if it is offered for a proper purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To determine whether such admission is proper, the Supreme Court has set out three considerations—the evidence must be admitted for a proper purpose, it must be relevant, and its relevancy must not be outweighed by the danger of unfair prejudice. *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988). The parties have only argued as to relevancy, and have not addressed the lynchpin of 404(b) evidence—a proper purpose.

Neither the plaintiff nor the defendants have made a proper argument as to why evidence of prior arrests or other interactions with law enforcement should be inadmissible or admissible, and this Court will, accordingly, **DENY IN PART** the plaintiff's motion. If the parties would like to address this issue, the objection may be made *with specificity*. Insofar as the defendants do not object to the plaintiff's request to exclude any such evidence regarding the criminal history of Evan M. Harris's biological parents, the Court will **GRANT IN PART** the motion.

### 2. Medical History of Evan M. Harris's Biological Mother

The plaintiff seeks an Order barring any references, testimony, exhibits, evidence, and/or argument regarding any medical history of Evan M. Harris's biological mother [Doc. 76]. The defendants object, in part, to the exclusion of "relevant evidence pertaining to 'any medical history of Evan M. Harris's biological mother' to the extent Q&A or its agents had

information regarding any such medical history . . ." [Doc. 101].  The defendants state they do not intend to link Evan Harris's suicide to his biological mother's battles with mental illness and drugs, but that the evidence was part of the records provided to Q&A prior to Evan Harris's admission into the program and it "offer[s] context about the circumstances of Evan Harris's life." [Id.].

This Court concurs.  While it would be inappropriate to link Evan Harris's suicide to his mother's struggles with mental illness or drug abuse without expert testimony, such evidence, which was provided to the defendants prior to Evan Harris's admission into the program, is highly relevant to the circumstances of Evan Harris's life, as understood by the defendants during his participation in the program.   As such, this Court **DENIES** the plaintiff's motion *in limine*, and will not exclude *relevant* evidence regarding Evan Harris's biological mother's medical history.

### 3. Collateral Source Benefits

Without objection [Doc. 101, p. 4], this motion is **GRANTED**.

### 4.  Defendants' Ability to Pay Any Judgment

Without objection [Doc. 101, p. 4], this motion is **GRANTED**, and will apply equally to arguments made by all parties as to the ability or inability to pay a judgment.

### 5. Impact of Large Jury Verdict on Q&A Associates, Inc.

Without objection [Doc. 101, p. 5], this motion is **GRANTED**.

### 6. Responsibility or Contribution to Injuries or Damages by Non-Parties

The plaintiff seeks an order barring the defendants from introducing any evidence of fault by non-party individuals or entities [Doc. 76, p. 8].  Specifically, the plaintiff argues

that the defendants are foreclosed from "looking for someone else to blame" because the allegations in this case are only against the defendants, and that if the defendants believed someone else was responsible, they should have filed a third-party complaint [Id.]. The defendants object to this motion "to the extent it limits Defendants [sic] ability to question or otherwise present evidence during trial as to a non-parties supervision, treatment, or interaction with Evan Harris." [Doc. 101, p. 5].

Federal Rule of Civil Procedure 14 provides that "[a] defending party *may*, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (emphasis added). A defendant is not required to assert such a complaint, and there is no reason to believe that such a complaint would have been appropriate in this case—the question is not simply whether the defendants assert that someone else may have contributed to the injury, but whether or not another that someone else could be liable to the defendants.

West Virginia "law recognizes that '[a]n intervening cause, in order to relieve a person charged with negligence in connection with an injury, must be a negligent act, or omission, which constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury.'" *Sydenstricker v. Mohan*, 217 W.Va. 552, 559, 618 S.E.2d 561, 568 (2005) (quoting *Estate of Postlewait ex rel. Postlewait v. Ohio Valley Med. Ctr., Inc.*, 214 W.Va. 668, 674, 591 S.E.2d 226, 232 (2003)). "[T]he defense can be established only through the introduction of evidence by a defendant that shows the negligence of another party or a nonparty." *Id.* (quotations omitted). Evidence of fault may, therefore, be appropriately admitted to argue intervening

cause.   Accordingly, this Court **DENIES** the plaintiff's *motion in limine*.

7.  Nature of Plaintiff's Employment of Attorney or Fee Structure

Plaintiff seeks an Order precluding "any evidence[,] references, testimony, exhibits, evidence, and/or argument regarding how Evan Harris's family contacted counsel or counsel's fee structure." [Doc. 76, p. 9].   Without objection [Doc. 101, p. 7], this Court **GRANTS** the plaintiff's motion and bars such arguments by either party.

8. Settlement Discussions

Plaintiff seeks an Order barring evidence of any settlement discussions—essentially, plaintiff asks this Court to comply with Federal Rule of Evidence 408.   Because the defendants do not object, the motion is **GRANTED**.

9. Sequestration of Witnesses

Plaintiff seeks an Order sequestering witnesses [Doc. 76, p. 10].   While the plaintiff's motion is titled as "Motion in Limine to Sequester All Trial Witnesses During Trial, with the Exception of the Named Parties," the content of the motion appears to request sequestration of all parties.   The defendants do not object generally to sequestration, but object to references regarding the presence or non-presence of named parties.   This Court will **GRANT** the plaintiff's motion insofar as it seeks to sequester non-party trial or expert witnesses, and any remaining issues may be raised at the pre-trial conference.

10.  "Winning the Lottery" Arguments

Plaintiff seeks an Order barring "any references, testimony, exhibits, evidence, and/or arguments regarding any potential jury verdict as hitting the lottery, hitting a jackpot, or being any kind of financial windfall for the wrongful death of their son." [Doc. 76, p. 11].

There being no objection [Doc. 101, p. 7], this Court **GRANTS** the plaintiff's motion.

11. Purpose of Action to Compensate Plaintiff's Counsel

Plaintiff seeks an Order "prohibiting any references, testimony, exhibits, evidence, and/or argument insinuating that the purpose of this lawsuit is to compensate Plaintiff's counsel." [Doc. 76, p. 12]. The defendants do not object provided that the same rule applies to bar plaintiff from making such arguments about defense counsel [Doc. 101, p. 8]. With no objection, this Motion will be **GRANTED**. The ruling applies equally to all parties.

12. Exclusion of Expert Opinions Outside of those Already Disclosed by Defendants

Plaintiff seeks an Order "prohibiting any references, testimony, exhibits, evidence, and/or argument referring to expert witness opinions beyond those stated in the Defendants' expert witness disclosure." [Doc. 76, p. 13]. While this Court and the parties are already obligated to abide by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, without objection, this Court will **GRANT** the motion. This ruling applies equally to all parties.

13. Jury of their Peers or Fair Trial Arguments

Plaintiff seeks an Order "prohibiting any references, testimony, exhibits, evidence, and/or argument suggesting Defendants cannot get a fair trial because they are not being judged by a jury of their peers." [Doc. 76, p. 13]. Defendants do not object [Doc. 101, p. 8]. As such, this Court **GRANTS** the plaintiff's motion.

14. *Ad Hominem* Attacks on Plaintiff's Counsel

Plaintiff seeks an Order "prohibiting all personal *Ad Hominem* statements,

inferences, suggestions, arguments or the like that attack the attorneys in the case." [Doc. 76, p. 13]. Defendants do not object [Doc. 101, p. 8]. As such, this Court **GRANTS** the plaintiff's motion. The ruling equally applies to all parties.

15. Causation Arguments

Plaintiff seeks an Order "prohibiting any references, testimony, exhibits, evidence, and/or argument that the Plaintiff must establish causation with certainty and/or that the Plaintiff must eliminate any and all other possibilities." [Doc. 76, p. 14]. Defendants object "to the extent it limits Defendants [sic] ability to question or otherwise present evidence during trial as to a non-parties [sic] supervision, treatment, or interaction with Evan Harris." [Doc. 101, p. 8]. For the reasons discussed above, *supra* § 2.6, this Court **GRANTS IN PART** the plaintiff's motion as framed, but **DENIES IN PART** the plaintiff's motion insofar as it seeks to limit the defendants' ability to present a theory of intervening cause.

16. Reputation or Skill of Plaintiff's Counsel

Plaintiff seeks an Order "prohibiting any and all references, testimony, exhibits, evidence, and/or arguments regarding the reputation or skill of counsel." [Doc. 76, p. 15]. There being no objection [Doc. 101, p. 9], this Court **GRANTS** the plaintiff's motion. This ruling applies equally to all parties.

17. Exclusion of Testimony of Daniel Bruce Thistlethwaite

Plaintiff seeks an Order excluding "the testimony of Defendant's expert witness on the basis that it is unreliable; not based upon any scientific principles, and devoid of any suggestion that his method of evaluating the facts of this case are at all accepted in the field." [Doc. 76, p. 21]. Plaintiff requests a ***Daubert*** hearing and, ultimately, exclusion of

Dr. Thistlethwaite's testimony.

Federal Rule of Evidence 702 was "intended to liberalize the introduction of relevant expert evidence." ***Westberry v. Gislaved Gummi AB***, 178 F.3d 257, 260–61 (4th Cir. 1999). A qualified expert's testimony is admissible "if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the jury . . . to understand or resolve a fact at issue." ***Id.*** It is the role of the trial court to ensure that the expert testimony "is not only relevant, but reliable." ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589 (1993).

To be relevant, the evidence must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Another aspect of relevancy is whether there is a sufficient "fit"—"whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." ***Daubert***, 509 U.S. at 591 (citing ***United States v. Downing***, 753 F.2d 1224, 1242 (3d Cir. 1985)). Among other factors, relevance and reliability determinations are guided by:

> (1) whether the particular scientific theory "can be (and has been) tested;" (2) whether the theory "has been subjected to peer review and publication;" (3) the "known or potential rate of error;" (4) the "existence and maintenance of standards controlling the technique's operation;" and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community.

***United States v. Crisp***, 324 F.3d 261, 266 (4th Cir. 2003) (citing ***Daubert***, 509 U.S. at 593–94). This is a flexible test, because "***Daubert's*** five factors neither necessarily or exclusively apply to every expert." ***Crisp***, 324 F.3d at 266; ***Kumho Tire Co. v. Carmichael***, 526 U.S. 137, 150 (1999) ("We agree with the Solicitor General that '[t]he factors identified in ***Daubert*** may or may not be pertinent in assessing reliability, depending

on the nature of the issue, the expert's particular expertise, and the subject of his testimony."). "All *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful." ***Maryland Cas. Co. v. Term-O-Disc., Inc.***, 137 F.3d 780, 783 (4th Cir. 1998). While trial judges are to act as gatekeepers to unreliable or irrelevant expert testimony, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

The plaintiff argues that (1) Dr. Thistlethwaite lacks any experience, skill or training in evaluating a program like Journey WV; (2) Dr. Thistlethwaite's opinion that the program was sufficient to meet Evan Harris's needs is insufficient because the index of documents he reviewed does not include the program description, assessments, peer review, or evidence regarding the program; and (3) the *Daubert* factors are unsatisfied.

This Court finds Dr. Thistlethwaite to be qualified in the field of psychiatry, and his report and anticipated testimony to be both relevant and reliable. The first step in the analysis is to determine whether Dr. Thistlethwaite is "qualified as an expert by knowledge, skill, experience, training, or education" to render the opinions which he has proffered. Fed. R. Evid. 702. To be qualified as an expert under Rule 702, a witness must have "knowledge, skill, experience, training, or education" in the subject area of the testimony. The qualification will be determined by "the nature of the opinion [the expert] offers." ***Gladhill v. Gen. Motors Corp.***, 743 F.3d 1049, 1052 (4th Cir. 1984).

Dr. Thistlethwaite has a bachelor's degree in chemistry and a medical degree from

West Virginia University.  Dr. Thistlethwaite did his residency in general psychiatry at the Charleston Area Medical Center, and is board certified by the Diplomate American Board of Forensic Medicine, the Diplomate American Board of Forensic Examiners, and the American Board of Psychiatry & Neurology.   Dr. Thistlethwaite is also a member of the American Psychiatric Association, the American Academy of Psychiatry and the Law, and the American College of Forensic Examiners.  In total, Dr. Thistlethwaite has nearly thirty years in experience in the field of psychiatry and mental health, including three years as the Chief of Psychiatry at Thomas Memorial Hospital, several years as a consultant for the West Virginia Department of Juvenile Corrections in Charleston, West Virginia, nearly twenty-seven years as a psychiatrist in private practice, and currently holds a position at West Virginia University as an Assistant Clinical Professor of Psychiatry.  Further, Dr. Thistlethwaite has given several presentations at continuing education meetings, conferences, and seminars, on subjects including:

1.     VNS—A New Treatment Strategy for Major Depressive Disorder

2.     Fine Tuning the Treatment of Depression: Augmentation Strategies and Managing Complex Patients

3.     Successful Management of Depression: A Physiological Approach

4.     Clinical Solutions to Managing Complicated Depression.

It is clear that Dr. Thistlethwaite is qualified in the field of psychiatry by virtue of his education and experience in the field.   Further, Dr. Thistlethwaite's opinion is also reliable. In forming his opinion, Dr. Thistlethwaite reviewed an extensive amount of records, including various evaluations performed on Evan Harris, including two neuropsychological evaluations, three psychological evaluations, the report by Kevin Fenstermacher, Dr. Pelt's

file on Evan Harris, the notes from Evan Harris's counseling sessions with Dr. Jen Randall, medical records, records from the other programs Evan Harris had been enrolled in, excerpts from Evan Harris's diary, and pharmacy records. These are the kind of facts and data that "experts in the particular field would reasonably rely on . . . in forming an opinion." Fed. R. Evid. 703. That the plaintiff may believe the expert did not review facts that he considers necessary to formulate an opinion does not affect its admissibility, although it may affect the weight of the testimony at trial. While the plaintiff may disagree with Dr. Thistlethwaite's conclusion, it is irrelevant to the question of admissibility—this Court need not determine that the expert's opinion is irrefutable or scientifically meticulous, the question is of reliability and relevancy.

Next, this Court concludes that Dr. Thistlethwaite's opinion is relevant. The proposed testimony and the opinions offered "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. While the plaintiff is not required to present expert testimony to proceed to trial, that does not render the defense expert's testimony irrelevant. Dr. Thistlethwaite's testimony would likely aid the jury in understanding the evidence and determining the facts in issue, particularly the claims regarding supervision, program design, and assessments. Specifically, Dr. Thistlethwaite opines that the risk assessments performed by the defendants were appropriate and conformed to the standard of care that would be expected and that there were no indications to the defendants that Evan Harris was at risk of suicide based upon his behavior and history.

Further, the Court notes that many of the plaintiff's arguments appear to be directed towards expert testimony on the overall program—however, Dr. Thistlethwaite's opinion is

limited to his opinions on the nature of the program that Evan Harris enrolled in, his review of the records for any signs that would alert the staff to a suicide risk, evidence of suicide risks in Evan Harris's history, and other specific subjects. Accordingly, the plaintiff's motion is **DENIED**.

**B. Defendants' Omnibus Motions in Limine [Doc. 86]**

The defendants' Omnibus Motions in Limine contains twenty-five separate requests. This Court will address each in turn.

> 1. Alleged Wrongful Acts Not Previously Listed in the Complaint, Discovery Responses, and Supported by Expert Testimony

Defendants seek an Order barring any reference or argument to any alleged wrongful acts not previously disclosed [Doc. 86, p. 2]. Plaintiff objects to the motion insofar as it would require expert support for wrongful acts [Doc. 93, p. 1]. This Court cannot ascertain precisely what the defendants seek to exclude or the grounds for such exclusion, particularly considering the inconsistent language—the defendants have requested exclusion of alleged wrongful acts "not previously listed in the complaint, discovery responses, **and** supported by expert testimony" as well as "**or** supported by expert testimony." [Doc. 86, p. 2]. As such, this Court will **DENY** the motion, and the defendants may object as the specific issue develops at trial or raise the issue with specificity at the pretrial conference.

> 2. Evidence Not Produced By Plaintiff

Defendants seek an Order excluding any evidence or reference to such evidence that was not properly, previously disclosed [Doc. 86, p. 2]. Without objection [Doc. 93, p.

2,  As such, the motion is **GRANTED**.  The ruling applies equally to all parties.

### 3. Other Settlements or Settlement Offers

The defendants seek an Order barring evidence of any settlements, offers of settlements, or statements in connection with settlements by any defendant or agent [Doc. 86, p. 2].  The plaintiff does not object [Doc. 93, p. 2].  As such, this Court **GRANTS** the defendants' motion.

### 4. References to Privileged Material

The defendants seek an Order barring "any mention or reference, in any form, of any matters which have transpired between its attorneys (including the attorneys as representatives) and its employees or representatives, (including conversations between the attorneys and such persons and/or all transactions connected thereto), about evidence or matters which this Court has determined or determines during the course of trial to be privileged." [Doc. 86, p. 3].  The plaintiff objects to this motion insofar as the defendants have not provided the Court with a list of privileged documents, but does not object to the exclusion of privileged material "provided the information or material at issue is in fact privileged." [Doc. 93, p. 2].  This Court is currently unaware of any claims of privilege that have been raised or determined.  Without details, this Court cannot make such a broad ruling and **DENIES** the motion.

### 5. "Hired Gun" Type Statements or Other Derogatory Remarks Concerning Counsel for Defendants or Experts

The defendants seek an Order barring the plaintiff from characterizing defense counsel or experts as "hired guns," "a traveling road show," a "circus," "a dog and pony show," and other similar derogatory remarks [Doc. 86, p. 4].  The plaintiff objects to the

motion to the extent that it would "insulat[e] Defendants' experts from criticism" and states that he intends to use the defendants' expert's pay on cross examination.  Insofar as the defendants seek to bar *ad hominem* attacks on defense counsel and experts, the motion is **GRANTED**; the plaintiff will, however, be allowed to cross examine defense witnesses as to their professional background, expertise, rates, methods, and conclusions.  This ruling applies equally to all parties.

6. Reference to Size, Location, Specialization, or Representation by Defense Counsel

There being no objection [Doc. 93, p. 3] this motion is **GRANTED**.  This ruling will apply equally to all parties.

7. Any Reference to Hearsay Statements Regarding the Defendants From Any Media Articles or Television Programs

The defendants seek an Order barring "any reference to or evidence considering television or radio programs or newspaper or magazine articles regarding an alleged 'investigation' or other similar matters regarding young adult residential programs, including Q&A Associates, Inc." [Doc. 86, p. 5].  Specifically, the defendants argue that all of the aforementioned are hearsay without any applicable exception, are irrelevant, and any probative value the programs or articles might have would be outweighed by the risk of unfair prejudice.  The plaintiff objects, and argues that the statements are both relevant and non-hearsay [Doc. 93, p. 4].

The Court **DENIES** this motion.  It would be improper for this Court to order the blanket exclusion of a broad swath of evidence without knowing the specific evidence sought to be excluded.  Such a ruling risks excluding admissible evidence, and should

instead be addressed by proper objections at trial.  *See **A.Hak Industrial Servs. BV Techcorr USA, LLC v. A.Hak Indus. Servs. B.V.***, 2014 WL 12591696, at *1 (N.D. W.Va. 2014) (Groh, J.) (collecting cases).

8. Opinions Concerning State of Mind or Knowledge

The defendants seek an Order barring testimony "by individuals who have never worked for any of the Defendants, but who attempt to interpret documents of the Defendants as evidence of a Defendant's 'state of mind.'" [Doc. 86, p. 6].  The defendants also move the Court to exclude "Plaintiff's witnesses from testifying about the meaning or contents of any documents of a Defendant that are inadmissible or have not been admitted into evidence, or that can be understood by the jury without expert assistance." [Id.].  The defendant does not specify what specific evidence they seek to preclude and, while they list several grounds by which the unspecified testimony could be barred, this Court cannot rule on the admissibility of such evidence at this time.  This motion is **DENIED**—if a witness offers testimony outside of their own personal knowledge, violates the best evidence rule, or offers testimony that crosses the line between expert and lay testimony, the defendants may object.

9. References Concerning Objections of Counsel During Depositions

There being no objection, the motion is **GRANTED** [Doc. 93, p. 6].

10. References to Defendants' Counsel's Arguments in Other Cases

The defendants seek an Order barring reference to any arguments made defense counsel in other cases [Doc. 86, p. 8].  There being no objection [Doc. 93, p. 7], the motion

is **GRANTED**.  This ruling applies equally to all parties.

### 11. Witness Equally Unavailable

The defendants seek an Order barring reference to the absence of a potential witness that was equally available to all parties [Doc. 86, p. 8].  There being no objection [Doc. 93, p. 7], the motion is **GRANTED**.

### 12. Persons in the Courtroom Assisting Counsel

The defendants seek an Order barring reference to any individuals who are or are not present in the courtroom, including observers and those assisting counsel [Doc. 86, p. 8].  There being no objection [Doc. 93, p. 7], the motion is **GRANTED**.

### 13. Effect of Jury's Answers to Questions in the Charge

The defendants seek an Order barring the plaintiff from informing the jury of the effect of its answer to the questions in the charge [Doc. 86, pp. 8–9].  There being no objection [Doc. 93, p. 7], this motion is **GRANTED**.

### 14. This Motion *in Limine* and Other Court Rulings on Matters Outside the Jury's Presence

The defendants seek an Order barring any mention of this Court's pre-trial rulings and any other rulings made outside of the presence of the jury [Doc. 86, p. 9].  There being no objection [Doc. 93, p. 7], this motion is **GRANTED**.

### 15. Referring to the Plaintiff as a "Victim"

The defendants seek an Order barring any reference to Evan Harris or the plaintiff "or other relevant individuals" as "victims." [Doc. 86, p. 9].  Specifically, the defendants argue that this term would mislead or inflame the jury because it "implies the existence of a 'criminal' legal proceeding." [Id.].  This Court finds no such connotation, and believes that

the jury is more than competent to understand the nature of the proceedings.  Accordingly, the motion is **DENIED**.

> 16. Referring to Defendant Q & A Associates, Inc. as a "For-Profit Facility"

The defendants seek an Order barring any reference to defendant Q&A Associates as a "for-profit facility." [Doc. 86, p. 10].  Specifically, the defendants seek exclusion under Rule 403, and argue that any such statements are unduly prejudicial, improper, and inflammatory.  The question under Rule 403 is not simply one of prejudice, but of unfair prejudice—all evidence offered against a party is, by its very nature, inherently prejudicial—and in this case, the probative value of identifying the defendant's status as a for-profit facility, rather than a licensed treatment facility under West Virginia law, is not outweighed by any unfair prejudice.  Accordingly, this motion is **DENIED**.

> 17. Making Reference to the Young Adult Residential Program Industry as a "Multi-Billion-Dollar Industry" or Otherwise Discussing the Market Cap of Such Industries

The defendants seek an Order barring any reference to or argument that young adult residential programs are a "multi-billion dollar industry" or the general market valuation of the industry [Doc. 86, p. 11].  The plaintiff objects, and argues that such evidence is relevant to the defendants' motivation to keep Evan Harris in the program.  Under Rule 402, irrelevant evidence is not admissible—to be relevant, evidence must have some tendency to make a fact of consequence to the action more or less probable.  Fed. R. Evid. 401, 402.  Arguments or reference to the size or value of the general young adult residential program industry does not make any fact of consequence more or less likely—the fact that the overall industry is profitable bears no apparent or logical relevance

to any motivation of the defendants.  Accordingly, this motion is **GRANTED**.

18. Requesting Sequestration of Non-Party Witnesses

Without objection [Doc. 93, p. 10], this motion is **GRANTED**.

19. Evidence Concerning the Profit and Profit Percentage

The defendants seek an Order barring the introduction of any documents or testimony regarding the profit or profit percentage of young adult residential programs, including Journey WV [Doc. 86, p. 12].  The plaintiff objects insofar as the order would exclude reference to Q&A Associates' for-profit status and argues that the profitability of the program is relevant to the question of punitive damages [Doc. 93, p. 10].  As there has been no bifurcation, the plaintiff is correct in stating that profitability is relevant to punitive damages and should be admitted.  As such, the defendants' motion is **DENIED**—the defendants may object to the improper usage or introduction of such evidence at trial.

20. Evidence of or Reference to Documents Allegedly Not
Produced by Defendants

The defendants seek an Order barring evidence or reference to any documents allegedly originating from the defendants that were allegedly not produced by the defendants during discovery [Doc. 86, p. 13].  Plaintiff does not object, but reserves the right to refer to or produce such evidence if a motion to compel was filed and ruled upon [Doc. 93, p. 11].  As such, the motion is **GRANTED**.  This ruling applies equally to all parties.

21. Any Reference or Evidence of References to Any
Defendant's Financial Position

The defendants seek an Order barring any evidence or reference to the defendants'

financial position [Doc. 86, p. 13]. The plaintiff objects, and argues that evidence of the defendants' financial position is relevant to the question of punitive damages [Doc. 93, p. 11]. As the plaintiff seeks punitive damages in this case and it has not been bifurcated, evidence of the defendants' financial position is relevant to the question of punitive damages. The defendants may seek an appropriate limiting instruction if the issue arises at trial. The motion is **DENIED**.

### 22. Cost of Defense in this and Other Cases

The defendants seek an Order barring reference to the cost of defense in this case and other cases [Doc. 86, pp. 13–14]. The plaintiff objects to the extent that such an Order would bar evidence relating to the compensation received by defense experts [Doc. 93, p. 12]. The motion is **GRANTED** insofar as it seeks to exclude reference to the cost of defense in this case and other cases, but **DENIED** insofar as it was intended to seek exclusion of evidence of compensation to experts. This ruling applies equally to all parties.

### 23. Exclude Lay Witnesses From Offering Expert Opinions

The defendants seek an Order barring "any lay witnesses in this matter from offering any testimony outside of their personal knowledge or any opinion without first laying the proper foundation." [Doc. 86, p. 14]. Despite the broad request, the defendants only address the potential testimony of Friedrichs Harris, and state that they anticipate that he will testify about his son's mental state and the adequacy of the treatment he received. The plaintiff does not object to prohibiting lay witnesses from offering testimony outside of their personal knowledge or opinion without laying a proper foundation, and states certain witnesses he anticipates calling.

Fact witnesses may provide lay opinions if they are "rationally based on the witness's perception," "helpful to clearly understand[] the witness's testimony or to determin[e] a fact in issue," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Court will comply with this rule at trial, and will not allow fact witnesses to offer opinions based on scientific, technical or other specialized knowledge—this Court will not, however, issue a blanket ruling barring opinion testimony from lay witnesses without any specificity.

This Court will **GRANT** the motion insofar as it seeks to preclude Friedrichs Harris from testifying as to the adequacy of the treatment his son received, based upon his specialized knowledge as a doctor, as this kind of testimony would cross into the purview of expert testimony. Mr. Harris may, however, testify to facts about the treatment his son received and his son's mental state that are within his personal knowledge so long as the proper foundation is laid. This Court will **DENY** the remainder of the motion at this time. Such a broad order would simply order the parties to comply with the Rules of Evidence, which this Court—and hopefully parties in this Court—strive to do at all times. If a lay witness offers impermissible testimony at trial, the defendants may object at that time.

24. "Man on the Moon" Question and Argument

The defendants seek an Order barring the plaintiff from making any arguments or inflammatory comments, including "man on the moon" arguments, references to the salaries of the defendants' executives, references to boardrooms, corporate accounts and expenditures, and "golden rule" arguments [Doc. 86, p. 15]. The plaintiff objects insofar as the defendants seek to exclude "reference to information concerning the operation of

Defendants' business that is relevant to this case." [Doc. 93, p. 13].

Such arguments are impermissible, and the defendants' motion is **GRANTED** insofar as it seeks exclusion of the above listed impermissible arguments. The motion is **DENIED** insofar as it was intended to exclude "information concerning the operation of Defendants' business that is relevant to this case," [Doc. 93, p. 15]. The defendants may object at trial as the specific evidence or issue develops.

25. Exclude Evidence From Opening Statement

The defendants ask this Court to order each party to disclose any exhibits intended for use in opening statements to the opposing party thirty-six hours prior to trial to allow the parties time to consider the materials and object [Doc. 86, pp. 15–17]. The plaintiff does not object [Doc. 93, p. 14]. Accordingly, this Court will **GRANT** the motion, and **ORDERS** each party to disclose any exhibits intended for use in opening statements to opposing counsel thirty-six hours before trial is to begin.

### C. Defendant's Motion *in Limine* to Exclude Evan M. Harris's Treating Physicians From Providing Expert Testimony at Trial [Doc. 84]

The defendants move this Court to prohibit Evan Harris's treating physicians from offering any testimony at trial beyond the treatment that they provided to him [Doc. 84]. Specifically, the defendants request that the treating physicians' opinions be limited to "their factual observations within the course of the treatment they provided to Evan Harris and nothing more." [Id.]. In response, the plaintiff argues that only one treating physician has been identified, Paul Pelts, M.D., and then states that he does not anticipate using Evan Harris's "treating physicians' testimony as expert testimony in this case." [Doc. 94]. Presumably, the plaintiff means that he does not anticipate using the testimony of Dr. Pelts'

as expert testimony in this case, and that the other individuals, Kevin Fenstermacher, Ph.D., and Christie Woodfin, Ed.D., will also only be offered as fact witnesses.

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, and 705." Fed. R. Civ. P. 26(a)(2)(A). Moreover, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). Rule 26.01(b) of the Local Rules of Civil Procedure provides that:

> The disclosures described in Fed. R. Civ. P. 26(a)(2)(B) shall not be required of witnesses who have not been specially retained or employed by a party to give expert testimony in the case, including physicians and other medical providers who examined or treated a party or party's decedent unless the examination was for the sole purpose of providing expert testimony in the case.

Here, there is no indication that Dr. Pelts examined or treated Evan Harris for the sole purpose of providing expert testimony in the case. Instead, it appears that Dr. Pelts was disclosed solely in his capacity as a doctor who treated Evan Harris before his death. As such, a written report was not required under Rule 26(a)(2), and his testimony will not be excluded on that ground. The defendants also argue for the exclusion of treating physician testimony on relevance grounds—however, this Court finds that Dr. Pelts' fact testimony is relevant to several issues in this case, as Evan Harris's mental state is a central issue in this action. As such, this Court **DENIES** the defendants' motion **[Doc. 84]** insofar as it seeks to exclude the testimony of Dr. Pelts as to the facts of treatment, and will address objections to the testimony, if needed, as they develop.

**D.  Defendants' Motion *in Limine* to Prohibit Plaintiff from Introducing Expert Opinions During the Trial of this Matter Not Previously Disclosed [Doc. 85]**

The defendants move this Court to prohibit the plaintiff from introducing any expert opinions and reports that have not been disclosed.  As this Court ruled above, *supra* A.12, the parties are bound to follow the Rules of Evidence and the Rules of Civil Procedure, and expert opinions not properly disclosed may not be admitted.  Accordingly, this motion is **GRANTED [Doc. 85]**.  Any expert opinions that have not been properly disclosed will not be admitted in this matter.

## CONCLUSION

Consistent with this Order, this Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' Omnibus Motion *in Limine* **[Doc. 86]**, **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Omnibus Motions in Limine **[Doc. 76]**, **DENIES** the Defendants' Motion *in Limine* to Exclude Evan M. Harris' Treating Physicians From Providing Expert Testimony at Trial **[Doc. 84]**, and **GRANTS** Defendants' Motion *in Limine* to Prohibit Plaintiff from Introducing Expert Opinions During the Trial of this Matter Not Previously Disclosed **[Doc. 85]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: June 22, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE