IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,

      **Plaintiff,**

**v.**                                                 **CIVIL ACTION NO.: 2:16-cv-00046**
                                                       **JUDGE BAILEY**

Q&A ASSOCIATES, INC.,
ANGELA SHOCKLEY, KEITH BISHOP,
 MATTHEW SHOCKLEY, SANDY
SCHMIEDEKNECHT, and TAMMY ROBBINS.

      **Defendants.**

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
PARTIAL MOTION FOR SUMMARY JUDGMENT**

      Defendants, Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins (hereinafter collectively "Q&A" or "Defendants"), by counsel, hereby submits the following facts, law, and argument in support of Defendants' Partial Motion for Summary Judgment.

**BRIEF SUMMARY OF ARGUMENT**

      The Plaintiff in this matter, Friedrichs Harris, as administrator of the estate of his son Evan Harris, has brought the instant wrongful death suit. The Complaint includes a claim pursuant to the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code §46A-6-101 et seq., which alleges that the Defendant engaged in "unfair or deceptive acts or practices in violation of the [WVCCPA]." See Complaint, ¶187. However, the Plaintiff has failed to comply with certain notice requirements under the WVCCPA to properly bring a claim. Because Plaintiff will be unable to present evidence that he complied with the notice requirements of the WVCCPA, these Defendants move this court for judgment as a matter of law.

## PROCEDURAL HISTORY

On June 10, 2016, Plaintiff Friedrichs Harris, Administrator of the Estate of Evan M. Harris, filed the Complaint in this case. [EMCF Doc. 1]. The Complaint asserts causes of action against the Defendants related to Evan Harris' participation in the Q&A Associates, Inc. young adult transitional program. Defendants filed their Answer to the Complaint [EMCF Doc. 11] on September 19, 2016, and their Amended Answer on September 23, 2016. [EMCF Doc. 13]. Based on a stay of proceedings as a result of the Defendants' Motion to Compel Arbitration [EMCF Doc. 19], the parties filed a Joint Motion for Amended Scheduling Order. [EMCF Doc. 55]. The Court, in granting the parties' motion, entered an Amended Scheduling Order. [EMCF Doc. 60]. The Amended Scheduling Order set a discovery completion deadline of January 31, 2017. The Amended Scheduling Order notes that the parties are required to "supplement their responses beyond the discovery cut-off date as provided in Fed. R. Civ. P. 26(e)." Moreover, the deadline to make pretrial disclosures, including disclosing trial exhibit lists as defined Fed. R. Civ. P. 26(a)(3), was on May 4, 2018. Pursuant to the aforementioned deadlines, the parties have exchanged written discovery and produced relevant documentation related to the subject lawsuit. Additionally, pursuant to an agreed extension of time filed by the parties, Plaintiff and Defendants filed and exchanged their Rule 26(a)(3) disclosure of trial exhibits on May 7, 2018. [EMCF Doc. 87 and 88].

## STATEMENT OF FACTS

Q&A Associates, Inc. is a program based in Davis, West Virginia for young adults who have struggled to transition to independent living. Specifically, the Journey program is for young men to provide a supportive environment where they may learn real life skills. After moving from many other institutions and programs during his adolescence and adulthood, Evan Harris joined the Journey Program at Q&A Associates on November 19, 2015. During Evan's time at Q&A Associates, Inc., Evan was assessed, provided employment at a restaurant, provided with life

skill coaching, given access to counseling, and encouraged and coached to make positive decisions in his daily life. Unfortunately, on January 24, 2016, Evan Harris was found deceased of an apparent suicide. On or about July 11, 2016, Defendants were first notified of Plaintiff's claim for damages when service of the Complaint was perfected. Plaintiff's claim for damages stems from Evan Harris's participation in the Q&A Associates, Inc. program and his ensuing death.

## LEGAL STANDARD

Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989). Recognizing the importance of the plaintiff's burden to come forward with sufficient admissible evidence to make a prima facie showing in support of his or her case, this District has held that "the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial." *Am. Equity Ins. Co. v. Lignetics, Inc.*, 284 F. Supp. 2d 399, 403 (N.D. W. Va. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). See also, *Laughlin v. Metro. Wash. Airports Auth.*, 149 F. 3d 253, 258 (4th Cir. 1998).

Plaintiff has failed to meet his burden of proof on the essential elements of his WVCCPA claim; therefore, summary judgment is appropriate.

## ARGUMENT

The Plaintiff cannot, as a matter of law, sustain his burden of proving a violation of the WVCCPA against Defendants. The Plaintiff's Complaint asserts a violation of W. Va. Code §46A-6-104 premised upon "[u]nfair methods of competition and unfair or deceptive acts or practices" by Defendants in their operation of the WV Journey program. The WVCCPA provides a private cause of action pursuant to §46A-6-104 for "[a]ny person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the WVCCPA." W. Va. Code 46A-6-106(a). Section 46A-6-102(7) provides a laundry list of "unfair methods of competition and unfair and deceptive practices" that are declared unlawful by section §46A-6-104 of the WVCCPA and grant a private cause of action pursuant to §46A-6-106. Plaintiff's Complaint identifies seven §46A-6-102(7) violations by Defendants. *See Complaint*, ¶187.

## I.    Under W. Va. Code §46A-6-106, Plaintiff failed to provide proper notice to Defendants of the alleged violations of the WVCPCPA

Plaintiff's failure to comply with a mandatory condition precedent to asserting a cause of action based upon this section of the WVCCPA requires dismissal of Plaintiff's claim. The WVCCPA makes the following notice requirements clear:

> Notwithstanding the provisions of subsections (a) and (b) of this section, no action, counterclaim, cross-claim or third-party claim may be brought pursuant to the provisions of this section until the person has informed the seller or lessor *in writing and by certified mail, return receipt requested*, of the alleged violation and provided the seller or lessor twenty days from receipt of the notice of violation but ten days in the case a cause of action has already been filed to make a cure offer: Provided, That the person shall have ten days from receipt of the cure offer to accept the cure offer or it is deemed refused and withdrawn.

W. Va. Code §46A-6-106 (c)(emphasis added). Defendants, the "seller[s]" under the WVCCPA, are entitled to receive notice "in writing and by certified mail" of the alleged violations with the opportunity to "make a cure offer." *Id.* This section makes clear that notice must be sent

4

separate from the filing of the Complaint with the inclusion of a modified response timeline of "ten days in the case a cause of action has already been filed to make a cure offer[.]" *Id*. After a considerable production of documents and the recent filing of the parties' Rule 26(a)(1) trial exhibits, no correspondence or other documentation in compliance with the abovementioned provisions of the WVCCPA have been produced or identified. No issue of fact will be presented to the jury as Plaintiff has unquestionably failed to provide notice pursuant to W. Va. Code §46A-6-106 (c).

The Fourth Circuit, in affirming a ruling by District Court Judge Frederick Stamp, held that "[b]efore a claim can be brought pursuant to the WVCCPA, a plaintiff must comply with a mandatory condition precedent set forth in §46A-6-106(b)[.] *Stanley v. Huntington Nat'l Bank*, 492 Fed. Appx. 456, 461(4th Cir. W. Va. 2012).[1] The court in *Stanley* found that prior to bringing suit, Stanley sent two letters to Huntington dated February 2010 and March 2011, requesting a status update on her claim and seeking documents, which she then claimed were "effective" notice under the Act. Id. at 461. However, the court held that the letters do not assert a violation of the WVCCPA and do not meet the mandatory notice prerequisite to filing suit. Because Stanley did not provide the required notice to Huntington under §46A-6-106(b), her cannot be pursued and was properly dismissed. *Id*.

Here, Plaintiff cannot produce documentation which would satisfy the notice requirements of §46A-6-106(c). Presenting testimony at trial would serve no purpose as written notice is required under the WVCCPA. At this time, because no genuine issue of material fact

---

[1] Effective June 12, 2015, W. Va. Code §46A-6-106(b), as referenced by Judge Stamp and the Fourth Circuit, was moved to subsection (c) and revised to add the following language:

> Subject to subsections (b) and (c) of this section" to the beginning of the first sentence and added the last sentence; inserted (b); redesignated former (b) through (h) as (c) through (i); in present (c), substituted "subsections (a) and (b)" for "subsection (a)," inserted "counterclaim, cross-claim or third-party claim," substituted "person" for "consumer" twice, inserted "return receipt requested," and inserted "but ten days in the case a cause of action has already been filed"; substituted "prevents a person" for "shall be construed to prevent a consumer" in present (f); and stylistic changes.

This amendment to W. Va. Code §46A-6-106 had no substantive effect upon the notice requirements ruled upon by Judge Stamp and the Fourth Circuit.

exists as to whether notice under the WVCCPA was provided, and because notice of allegations are required pursuant to §46A-6-106(c), this Court must dismiss Plaintiff's WVCCPA claim under Count XI of the Complaint.

## CONCLUSION

For the foregoing reasons, Defendants Q&A Associates, Inc., Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins respectfully request that their Partial Motion for Summary Judgment be granted and that all claims pursuant to the WVCCPA asserted against them be dismissed, with prejudice, together with such other and further relief as the Court deems appropriate.

**DEFENDANTS,**
**By Counsel**

/s/ John T. McCartney
Lindsey M. Saad (WV Bar No. 11155)
John T. McCartney (WV Bar No. 12242)
FLAHERTY SENSABAUGH BONASSO PLLC
48 Donley Street, Suite 501
Morgantown, WV 26501
(304) 598-0788
(304) 598-0720 (fax)
lsaad@flahertylegal.com

and

Thomas V. Flaherty (WV Bar No. 1213)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338
(304) 345-0200
(304) 345-0260 (fax)
tflaherty@flahertylegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA AT ELKINS

FRIEDRICHS HARRIS, ADMINISTRATOR OF
THE ESTATE OF EVAN M. HARRIS,

        Plaintiff,

v.                                CIVIL ACTION NO.: 2:16-cv-00046
                                JUDGE BAILEY

Q&A ASSOCIATES, INC., A WEST VIRGINIA
CORPORATION, ANGELA SHOCKLEY, KEITH
BISHOP, MATTHEW SHOCKLEY, AND SANDY
SCHMIEDEKNECHT,  and TAMMY ROBBINS.

        Defendants.

## CERTIFICATE OF SERVICE

I certify that on this 5th day of July, 2018, I filed electronically via CM/ECF a true copy of "**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**" with notice of the same being electronically served by the Court to the following:

David A. Sims, Esq.
Law Offices of David A. Sims, PLLC
P.O. Box 5349
Vienna, WV 26105

/s/ John T. McCartney
Lindsey M. Saad (WV Bar No. 12242)