**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**FRIEDRICHS HARRIS, Administrator**
**of the Estate of Evan M. Harris,**

      Plaintiff,

v.                                                         **Civil Action No. 2:16-CV-46**
                                                                         **(BAILEY)**

**Q&A ASSOCIATES, INC., et al.,**

      Defendants.

**ORDER DENYING PARTIAL MOTION FOR SUMMARY JUDGMENT**

Pending before this Court is the Defendants' Partial Motion for Summary Judgment [Doc. 117], filed on July 5, 2018. Without reaching the merits of the motion, this Court must deny the motion as untimely filed.

The motion is untimely under the Federal Rules of Civil Procedure and this Court's Scheduling Order. First, Rule 56 of the Federal Rules of Civil Procedure provides that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." Fed. R. Civ. P. 56(b). Discovery in this matter closed on January 31, 2018 [Doc. 60]. The instant motion was filed on July 5, 2018, approximately 150 days after the close of discovery.

Second, Rule 16 of the Federal Rules of Civil Procedure provides that the Court must issue a scheduling order and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).

This Court issued an Amended Scheduling Order [Doc. 60] on June 12, 2017, which stated that "[a]ll Dispositive Motions, as well as deposition transcripts, admissions, documents, affidavits, and any other such matters in support thereof, shall be filed no later than **March 7, 2018**." [Doc. 60, p. 5].  This Order also states that "[u]nless authorized by the Court, the above dates and requirements of this Scheduling Conference Order are **FINAL** [and] . . . no untimely motions will be considered." [Doc. 60, p. 10].  The defendants previously filed a motion for summary judgment [Doc. 67] on March 7, 2018, and were clearly aware of the dispositive motion deadline.  No extension has been granted, and the instant motion—filed on July 5, 2018—is clearly untimely.

Finally, as a practical matter, the motion clearly cannot be fairly resolved before trial.  Local Rule of Civil Procedure 7.02 provides that, "[r]esponses to motions for summary judgment shall be filed and served within 21 days from the date of service of the motion."  L. R. Civ. P. 7.02(b)(1).  "Replies to responses to motions for summary judgment shall be filed and served within fourteen days from the service of the response to the motion."  L. R. Civ. P. 7.02(b)(2).  The pretrial conference in this matter is currently set for July 16, 2018, and the trial is set for July 24, 2018.  The instant motion was filed on July 5, 2018, and thus the response to the motion would not be due until two days after the start of trial, on July 26, 2018, and the reply would not be due until after the end of trial.

For the above listed reasons, it is clear that the defendants' motion is untimely filed.  As such, this Court **DENIES** the Defendants' Partial Motion for Summary Judgment **[Doc. 117]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** July 10, 2018.

JOHN PRESTON BAILEY  
UNITED STATES DISTRICT JUDGE