### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS

**FRIEDRICHS HARRIS, Administrator**
**of the Estate of Evan M. Harris,**

      Plaintiff,

v.                                                 Civil Action No. 2:16-CV-46
                                                       (BAILEY)

**Q&A ASSOCIATES, INC., et al.,**

      Defendants.

### ORDER APPROVING WRONGFUL DEATH SETTLEMENT AND DISTRIBUTION

Pending before this Court is the Plaintiff's Petition for Court Approval of Wrongful Death Settlement and Distribution [Doc. 122], filed on July 23, 2018. The parties have entered into a Settlement Agreement, wherein the defendants agree to pay the plaintiff a confidential sum and institute certain agreed changes to their programs, in exchange for resolution of this action. In accordance with the West Virginia wrongful death statute, W. Va. Code § 55-7-7, the plaintiff seeks court approval of the settlement and distribution.

This Court has reviewed the Petition, Emily Harris's Consent to Distribution and Settlement, Kathleen Stull Harris's Consent to Distribution and Settlement, and the record in this case, and finds as follows:

1. The decedent, Evan M. Harris, was a participant in Journey WV, a program run by defendant Q&A Associates, Inc. ("Q&A") from approximately September 2015 until his death.

2. On January 24, 2016, Evan Harris committed suicide on Journey WV property.

3. On March 9, 2016, the plaintiff was appointed as the Administrator of the Estate of Evan M. Harris by the Deputy Clerk of the 24th Judicial District Court for the Parish of Jefferson, in the State of Louisiana [Doc. 1-1].

4. On June 10, 2016, Friedrichs Harris, as the Administrator of his son's estate, instituted this action against Q&A, Sandy Schmiedeknecht, Tammy Robbins, Matthew Shockley, Keith Bishop, and Angela Shockley.

5. The plaintiff alleged that the defendants' negligence caused or contributed to the wrongful death of Evan Harris, and sought damages as the Administrator of the Estate.

6. The plaintiff entered into a contingency fee agreement with David Sims, of the Law Offices of David Sims, PLLC. Pursuant to the terms of this agreement, Mr. Sims is entitled to 40% of any recovery obtained from the defendants, together with reimbursement of expenses incurred in the action. The Court finds that Mr. Sims provided good and valuable services to the plaintiff, and that his attorney's fees are fair and reasonable and that he is entitled to reimbursement of expenses incurred in this action.

7. Following mediation, a settlement was reached by all parties.

8. The settlement includes a monetary figure agreed to by all parties and beneficiaries, as well as changes to the defendants' business practices.

9. At the time of his death, Evan M. Harris was survived by the following individuals, who are beneficiaries under W. Va. Code § 55-7-6:

    a. Friedrichs Harris (father);

    b. Kathleen Stull Harris (mother); and

    c. Emily Harris (sister).

10. None of the above-listed beneficiaries are minors or otherwise incompetent, and

there are no other known potential beneficiaries pursuant to W. Va. Code § 55-7-6, including no individuals who were financially dependent upon Evan Harris at the time of his death or would otherwise be equitably entitled to share in a distribution of the settlement.

11. As evidenced by his executed Petition for Court Approval of Wrongful Death Settlement and Distribution, Friedrichs Harris has knowingly and voluntarily waived any right he may have to the settlement proceeds, and consents to the settlement and distribution [Doc. 122, ¶ 12].

12. As evidenced by their executed Consent to Proposed Distribution of Wrongful Death Settlement Proceeds [Docs. 122-2, 122-3, 123], the remaining beneficiaries, Kathleen Stull Harris and Emily Harris, have reached an agreement upon the distribution of the net settlement proceeds as follows:

    a. **Emily Harris (sister)** will receive one half of the net settlement proceeds.

    b. **Kathleen Stull Harris (mother)** will receive one half of the net settlement proceeds.

13. All known beneficiaries were given proper notice of the settlement or waived notice by consenting to the distribution.

14. All beneficiaries aver that this distribution is fair, just, and in the best interests of the beneficiaries of Evan M. Harris's Estate [Doc. 122, p. 3, ¶ 14; Doc. 123, p. 2, ¶ 8; Doc. 123, p. 4, ¶ 13].

15. Based on the foregoing, the Court finds that the settlement between the plaintiff and the defendants is fair, reasonable, and made in good faith, and therefore does

approve the settlement.

16. The plaintiff's claims against Q&A Associates, Angela Shockley, Keith Bishop, Matthew Shockley, Sandy Schmiedeknecht, and Tammy Robbins, are dismissed with prejudice.

17. The plaintiff is directed to execute all documents deemed reasonable and necessary to release the defendants.

Accordingly, this Court **ORDERS** that the Plaintiff's Petition for Court Approval of Wrongful Death Settlement and Distribution **[Doc. 122]** be **GRANTED**. The plaintiff will execute a full and final release of the defendants in accordance with this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** July 25, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE